# Exhibit 112

# Case No. CV22-01929

FILED
Electronically
CV22-01929
2022-11-30 12:12:02 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9384339 : sacordag

SECOND JUDICIAL DISTRICT COURT
RENO, WASHOE COUNTY NEVADA

| | |
|---|---|
| RAYMOND MAX SNYDER,<br><br>Plaintiff<br><br>vs.<br><br>SHAWN B. MEADOR, ESQUIRE, ATTORNEY FOR LAUARA ANN SNYDER;<br><br>BRONAGH M., ESQUIRE, ATTORNEY FOR LAUARA ANN SNYDER;<br><br>SHAY WELLS, ESQUIRE, ATTORNEY FOR LAUARA SNYDER;<br><br>WOODBURN & WEDGE, RENO, A NEVADA LAW FIRM;<br><br>MATTHEW HOWELL ESQUIRE AND<br><br>FILLMORE SPENCER; ATTORNEYS REPRESENTING WOODBURN & WEDGE IN THIS MATTER.<br><br>AND<br><br>ROE BUSINESS ENTITIES A THROUGH X, INCLUSIVE<br><br>Defendants | CASE NO._____<br><br>COMPLAINT FOR:<br>I. RACKETEERING PURSUANT TO NRS 207.470.<br>II. AIDING AND ABETTING<br>III. AIDING AND ABETTING A BREACH OF FIDUCIARY DUTY<br>IV. AIDING AND ABETTING AN UNEQUAL DISTRIBUTION OF PROPERTY<br>V. KNOWING THE LOANS TO ADAM WERE REPAID & HAVING MAX'S ATTORNEYS DISMISSED FOR NON-EXISTENT CONFLICTS<br>VI. FORGING ORDERS AND LEGAL DOCUMENTS<br>VII. EMBEZZLEMENT<br>VIII. RECEIVING STOLEN PROPERTY<br>IX. OFFERING FALSE EVIDENCE, FORGING AMENDED TAX RETURNS<br>X. CONSPIRACY TO COMMIT FRAUDULENT MISREPRESENTATION<br>XI. FABRICATING AND OFFERING FALSE EVIDENCE.<br>XII. FRAUD ON THE COURT; and RULE URCP Rule 60(b)(3) FRAUD<br>XIII. INTENTIONAL INFLICTION OF PAIN AND SUFFERING<br>XIV. PAST DAMAGES<br>XV. FUTURE DAMAGES<br>XVI. UNJUST ENRICHMENT.<br>XVII. PUNITIVE DAMAGES<br>XVIII. ATTORNEY FEES<br>XVIV. ELDER EXPLOITATION<br>JURY TRIAL DEMANDED<br>Judge: |

PLEADING TITLE - 1

| | | |
|---|---|---|
| 26. | Unfair split of vehicles | $50,000 |
| 27. | Lauara's loans to herself of | $204,188 =10% interest $600,000 est. |
| 28. | All Max's attorney fees going forward to be decided. | |
| 29. | Costs to move | $20,000. |
| 30. | Misc. copies, transcripts… | $28,009.04   through August 24, 2022. |
| 31. | Lauara's false loans to herself | $28,498. |
| 32. | Awarded $70K motorhome twice | $140,000. |

## XVIII.    ELDER EXPLOITATION

537.    Max realleges and incorporates by this reference all allegations set forth in paragraphs 1. through 536. as though fully set forth herein.

538.    Max is currently seventy-five (75) years of age and was seventy (70) years of age when Lauara retained Meador, Kelley, and Woodburn.

539.    Max has suffered a loss of over $10,821,000 from the Defendants' willful and egregious conduct described above.

540.    Defendants had personal knowledge of Max's age at the time of the contract and that Max was retired on disability and a fixed income.

541.    Defendants had personal knowledge of the grief and anguish they were causing Max.

542.    Based on NRS 41.1395, Defendants owe Max double damages due to his status as an elderly person and the Defendants' knowledge of the same.

543.    By doing these egregious acts, the Defendants have poisoned Max's community against Max which will make it necessary for him to relocate.

544.    By doing the acts complained of herein, Defendants acted with oppression, fraud, and malice towards Max and intended to cause both mental and physical injury to him. The Defendants' conduct subjected Max to cruel and unjust hardship in conscious disregard for

PLEADING TITLE - 87

Max's rights, and Max's health. Because of the despicable and egregious conduct of Defendants, as herein alleged, Max is entitled to double damages and does hereby demand punitive or exemplary damages in a sum to be proven at trial sufficient to punish Defendants from so acting in the future. Defendants knew their acts violated the law. They should be held accountable for their actions both legally to the state(s) in which they were performed and financially to Max et al.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Under NRS 155.165(1) Meador and Lauara were vexatious litigants for unreasonably opposing and frustrating Max's efforts when Max was acting in a good faith effort to enforce his rights, and Lauara and her attorneys were forging orders, fabricating evidence, committing, and suborning perjury…

2. For general, specific, compensatory, incidental, and consequential damages according to proof at trial, but in an amount not less than $10,821,000;

3. For exemplary damages according to proof;

4. For pre and post-judgment interest as allowed by law;

5. For an award of costs of suit incurred in this and future actions;

6. For an award of attorney fees incurred in this and future actions;

PLEADING TITLE - 88