Exhibit 111

The Nevada Judicial Commission's Dismissal of all Complaints against all Judges.

 

| | | |
|---|---|---|
| **STEFANIE HUMPHREY**<br>*Chair*<br><br>**JOHN KRMPOTIC**<br>*Vice-Chair* | **State of Nevada**<br>**COMMISSION ON JUDICIAL DISCIPLINE**<br>P.O. Box 18123<br>Reno, Nevada 89511<br>Telephone (775) 687-4017 ● Fax (775) 448-9704<br>Website: http://judicial.nv.gov | **PAUL C. DEYHLE**<br>*General Counsel and*<br>*Executive Director* |

December 17, 2025

Raymond M. Snyder
PO Box 69
Aurora, UT 84620

  Re: Case Nos. 2025-212 & 2025-258

Dear Mr. Snyder:

  The Nevada Judicial Discipline Commission ("Commission") met on December 5, 2025, and decided to dismiss your complaints pursuant to applicable Nevada law.

  As discussed in further detail in the Commission's acknowledgement of receipt letter previously sent to you upon receipt of your complaints, the Commission reviews each complaint in accordance with its procedural rules to determine whether, under Nevada law, the requisite degree of evidence exists to establish that a judge committed misconduct or is incapacitated. The Commission dismisses a complaint with or without a letter of caution if the Commission determines a complaint does not contain such evidence. NRS 1.4657; NRS 1.4667; NRS 1.467.

  To the extent the complaints dispute the merits of the judge's decisions, it does not constitute actionable misconduct, but raises issues appropriate for appellate review. The Commission is not an appellate court with authority to reverse judicial decisions, but disciplines judges based on their conduct. NRS 1.440(1); NRS 1.4653. The Commission does not have jurisdiction over a judge's decisions "unless supported by evidence of abuse of authority, a disregard for fundamental rights, an intentional disregard of the law, a pattern of legal error or an action taken for a purpose other than the faithful discharge of judicial duty." *See* NRS 1.4653(5)(b); *In re Hughes*, 136 Nev. Adv. Op. 46, 467 P.3d 627, 634 (2020) (providing that the Commission should generally not initiate disciplinary proceedings from complaints over legal decisions or factual findings "where relief may ordinarily lie in the appeals process").

  While these matters have reached final disposition and are now closed, the Commission thanks you for bringing this to our attention.

          Sincerely,

          NEVADA COMMISSION ON
          JUDICIAL DISCIPLINE

CONFIDENTIAL



| | | |
|---|---|---|
| STEFANIE HUMPHREY<br>*Chair*<br><br>JOHN KRMPOTIC<br>*Vice-Chair* | State of Nevada<br>**COMMISSION ON JUDICIAL DISCIPLINE**<br>P.O. Box 18123<br>Reno, Nevada 89511<br>Telephone (775) 687-4017 • Fax (775) 448-9704<br>Website: http://judicial.nv.gov | PAUL C. DEYHLE<br>*General Counsel and*<br>*Executive Director* |

December 17, 2025

Raymond M. Snyder
PO Box 69
Aurora, UT 84620

    Re: Case Nos. 2025-237 & 2025-257

Dear Mr. Snyder:

    The Nevada Judicial Discipline Commission ("Commission") met on December 5, 2025, and decided to dismiss your complaints pursuant to applicable Nevada law.

    As discussed in further detail in the Commission's acknowledgement of receipt letter previously sent to you upon receipt of your complaints, the Commission reviews each complaint in accordance with its procedural rules to determine whether, under Nevada law, the requisite degree of evidence exists to establish that a judge committed misconduct or is incapacitated. The Commission dismisses a complaint with or without a letter of caution if the Commission determines a complaint does not contain such evidence. NRS 1.4657; NRS 1.4667; NRS 1.467.

    To the extent the complaints dispute the merits of the judge's decisions, it does not constitute actionable misconduct, but raises issues appropriate for appellate review. The Commission is not an appellate court with authority to reverse judicial decisions, but disciplines judges based on their conduct. NRS 1.440(1); NRS 1.4653. The Commission does not have jurisdiction over a judge's decisions "unless supported by evidence of abuse of authority, a disregard for fundamental rights, an intentional disregard of the law, a pattern of legal error or an action taken for a purpose other than the faithful discharge of judicial duty." *See* NRS 1.4653(5)(b); *In re Hughes*, 136 Nev. Adv. Op. 46, 467 P.3d 627, 634 (2020) (providing that the Commission should generally not initiate disciplinary proceedings from complaints over legal decisions or factual findings "where relief may ordinarily lie in the appeals process").

    While these matters have reached final disposition and are now closed, the Commission thanks you for bringing this to our attention.

                              Sincerely,

                              NEVADA COMMISSION ON
                              JUDICIAL DISCIPLINE