| | |
|---|---|
| 1 | Rew R. Goodenow, NSBN 3722 |
| 2 | Charles Jennings-Bledsoe, NSBN 17222 |
| | Parsons Behle & Latimer |
| 3 | 50 W. Liberty St., Ste. 750 |
| | Reno, NV 89501 |
| 4 | Telephone: 775.323.1601 |
| | RGoodenow@parsonsbehle.com |
| 5 | CJennings-Bledsoe@parsonsbehle.com |

*Attorneys for State Bar of Nevada*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND MAY SYNDER, | Case No. 3:25-cv-00751 |
| Plaintiff, | |
| v. | **MOTION TO DISMISS** |
| THE STATE OF NEVADA, for allowing the defendant judges, courts, and private party defendants to violate Plaintiff's Civil Rights, JUDGE KRISTON N. HILL, Individually and in Her Official Capacity as Justice of The Fourth Judicial District Court, of Elko County, Nevada, JUDGE TAMMY RIGGS, Individually and in Her Official Capacity as Justice of The Second Judicial District Court, of Elko County, Nevada, FOURTH JUDICIAL DISTRICT COURT, Clerks Office, Elko County, Nevada, FOURTH JUDICIAL DISTRICT COURT, Elko County, Nevada, FOURTH JUDICIAL DISTRICT COURT, Attorney, Megan Smith, Elko County Nevada, SECOND JUDICIAL DISTRICT COURT, Washoe County, Nevada, THE NEVADA SUPREME COURT, Washoe County, Nevada, THE NEVADA STATE BAR, Clark County, Nevada, THE UTAH STATE BAR, Salt Lake County, Utah, and collectively Shawn B. Meador, Jose Tafoya, Seth Adams, Woodburn & Wedge, Lauara Ann Lisk, et al, the WW Defendants, and collectively MATTEW HOWELL R. HOWELL, FILLMORE SPENCER, The Fillmore Spencer Defendants, and collectively, DEBRA M. AMENS, AMENS LAW LTD., The Amens Defendants, THE NEVADA JUDICIAL COMMISSION, THE NEVADA STATE BAR, THE UTAH STATE BAR, and SHERIFF NATHAN CURTIS, Sevier County Sheriff's Office, Richfield, Utah, and JOHN AND JANE DOES | |

1 THROUGH 10,

Defendants.

Defendant State Bar of Nevada ("State Bar") by and through its undersigned counsel of record, Parsons Behle & Latimer, respectfully moves this Court to dismiss the Amended Complaint (Docket Entry No. 14, the "FAC") with prejudice under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. This Motion is based on the papers and pleadings on file in this case, the Memorandum of Points of Authorities submitted herewith, and any argument that this Court may allow.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND BACKGROUND**

Plaintiff's, Raymond Max Snyder ("Mr. Snyder"), present complaint follows sprawling and voluminous litigation. As it relates to the State Bar, over the course of this extensive litigation, Mr. Snyder initiated several disciplinary actions against licensed Nevada Attorneys with the State Bar. Mr. Snyder's dissatisfaction with the handling of these disciplinary actions now forms the heart of his claims against the State Bar. *See, e.g.,* Compl. at 11-16.

Explained in more detail below, Mr. Snyder appears to have alleged three causes of action against the State Bar at Counts IX, X, and XI. *See* Compl. at 134, 135, 136. Each cause of action asserted is most efficiently described as collusion with various other defendants. However, a plain reading of the complaint makes it apparent that the alleged collusion is merely dissatisfaction with the State Bar's attorney discipline procedures.

All causes of action asserted against the State Bar, including those in which the State Bar is not expressly named as a defendant, share the same two terminal qualities, each of which independently render dismissal of the entire complaint necessary. First, this Court lacks subject matter jurisdiction on three independent grounds: the *Rooker-Feldman* doctrine; sovereign immunity under the Eleventh Amendment to the United States Constitution; and finally, Nevada Supreme Court Rule ("SCR") 106(1) and NRS 7.275(1) have all divested this Court of subject matter jurisdiction. Second, momentarily ignoring this Court's lack of subject matter jurisdiction,

even under the lenient pleading standard afforded to pro se litigants, Mr. Snyder's claims must be dismissed for failure to state a claim. As this Court's lack of subject matter jurisdiction cannot be remedied by amendment of the Complaint, dismissal with prejudice is appropriate and the State Bar requests as much.

## II.    LEGAL STANDARD

This Case should be dismissed based upon Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As Mr. Snyder's jurisdictional defects cannot be cured by amendment, dismissal with prejudice is proper under Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction." *Id.* (citing *Turner v. Bank of North America,* 4 U.S. (4 Dall.) 8, 11, 1L.Ed. 718 (1799)). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject-matter jurisdiction." *Smith v. One Nevada Credit Union*, No.: 2:16-cv-02156-GMN-NJK, 2017 WL 2803169, at * 1 (D. Nev. June 27, 2017). "[W]here there is no way to cure the jurisdictional defect, dismissal with prejudice is proper." *Id.* at *2 (citing *Frigard v. United States*, 862 F.2d 210, 204 (9th Cir. 1988) (per curiam)).

Fed. R. Civ. P. 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief." *Eclectic Properties East, LLC. V. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (internal citations omitted). "[A]n 'entitlement to relief' requires 'more than labels and conclusions . . . [f]actual allegations must be enough to raise a right to relief above a speculative level.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[P]laintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). While a court assumes the veracity of well pleaded factual allegations, a court should identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *See id.* at 996; *See also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). [W]hen evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss," *Calvillo v. Experian Information Solutions, Inc.*, No.:2:19-cv-00279-

JAD-BNW, 2020 WL 1433521, at * 2 (D. Nev. Mar. 23, 2020), "[a] claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id*. A complaint that failing to meet this standard must be dismissed. *See id*.

While pro se complaints are to be liberally construed and are held to less stringent pleading standards, "a court should 'not supply essential elements of the claim that were not initially pled.'" *Corner Computing Solutions v. Google LLC*, 750 F. Supp.3d 1208, 1213 (W.D. Wash. 2024) (quoting *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019)). When a pro se plaintiff's pleading deficiencies are incurable, dismissal without granting leave to amend is appropriate. *See id*; *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988).

### III.    ARGUMENT

#### 1.    This Court Lacks Subject Matter Jurisdiction over the claims against the State Bar.

##### a.    Under the *Rooker-Feldman* doctrine, this court has been divested of subject matter jurisdiction.

"Under *Rooker-Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States." *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005). Multiple federal circuits, including the Ninth Circuit, have interpreted the *Rooker-Feldman* doctrine as barring federal court review of a state's attorney disciplinary body. "Because the [Disciplinary] Committee is created and appointed by the [state] Supreme Court, operates pursuant to rules promulgated by that court, and is subject to review by that court, the Committee's decision to discipline [the accused attorney] is the functional equivalent of a state-court judgment." *Mosby v. Ligon*, 418 F.3d 927, 931-32 (8th Cir. 2005) (citing *Thomas v. Kadish*, 748 F.2d 276, 281-82 (5th Cir. 1984); *Muhammed v. Ark Supreme Court Comm. on Prof'l Conduct*, 655 F. Supp. 584, 586 (E.D. Ark. 1986)).

In *Mothershed*, the plaintiff filed a lawsuit, similar to this action, against the disciplinary commissions and supreme courts of Arizona and Oklahoma, asserting claims under 42 U.S.C. §

1983 for due process and other constitutional violations. *See Mothershed*, 410 F.3d at 606. The Ninth Circuit upheld the district court's finding that it lacked subject matter jurisdiction to review the plaintiff's disciplinary proceedings based on the *Rooker-Feldman* doctrine. *See id*. at 607-08.

Mr. Snyder broadly describes his causes of action against the State Bar as collusion, *see* Compl. at 134, 135, 136, making it somewhat difficult at times to discern whether the claims at issue are within *Rooker-Feldman's* preclusive scope. "United States district courts. . . have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings." *Mothershed*, 410 F.3d at 606-07 (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). However, United States district courts "do not have jurisdiction. . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id*. at 607 (quoting *Feldman*, 460 U.S. at 486). "The doctrine applies when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from the state court judgment based on that decision.'" *Snyder v. Hill, et al.,* No. 3:24-cv-00267-MMD-CSD, 2025 WL 106122 at *1, ECF No. 124, Order [Granting Defendant's Motion to Dismiss] (D. Nev. Jan. 15, 2025)[1] (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).  As the *Rooker-Feldman* doctrine prevents de facto appeals of state court decisions in federal court, "a federal district court 'must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id*. (quoting *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2003)). In determining whether "an action operates as a de facto appeal, the court 'pays close attention to the relief sought by the federal-court plaintiff.'" *Id*. (quoting *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)).

*Snyder v. Hill, et al.*, No. 3:24-cv-00267-MMD-CSD, is one of Mr. Snyder's many prior attempts at re-litigating judicial outcomes with which he is not satisfied. Filed in the United States District Court District of Nevada, the district court dismissed the case on a 12(b)(6) motion in ECF

---

[1] "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Prescott v. Slide Fire Solutions, LP*. 341 F.Supp.3d 1175, 1181 (D. Nev. 2018) (internal citations omitted). However, without converting a motion to dismiss into a motion for summary judgment a "court may also take judicial notice of matters of public record." *Id*. (internal citations omitted).

No. 124, *Snyder*, 2025 WL 106122 (D. Nev. Jan. 15, 2025), having found that the *Rooker-Feldman* doctrine deprived the court of subject matter jurisdiction. *See id*. at *2-3.[2] Mr. Snyder's present complaint is not an exact replica as the State Bar was not a party to the prior case. However, apart from the addition of Mr. Snyder's twelfth claim for relief, the relief sought in the present complaint is functionally an exact replica of what this Court has previously held they lacked subject matter jurisdiction over as an impermissible appeal of a state court decision in federal court under *Rooker-Feldman*.[3]

This Court has therefore already ruled when dismissing the prior complaint that "[t]he specific relief sought by Snyder further supports the conclusion that Plaintiff is essentially appealing the state court rulings," *id*. at *2, and that "to provide Plaintiff with the relief he seeks would require this Court to analyze the state courts' alleged legal errors and void the orders entered in those cases, which is squarely barred by *Rooker-Feldman*." *Id*. As such, this Court clearly lacks subject matter jurisdiction over Mr. Snyder's first eleven claims for relief under *Rooker-Feldman*.

As to Mr. Snyder's new, twelfth claim for relief, in broad terms it seeks 1) attorney fees, 2) miscellaneous costs, 3) payment of the value of certain loans, 4) treble punitive damages pursuant to NRS 42.005, 5) the removal of certain liens, and 6) a new trial to determine additional damages. *See* Compl. at 169. Therefore, it is clear that the only claim for relief which this Court has not already ruled it lacks subject matter jurisdiction over shares the same essential quality of requiring this Court to allow an impermissible appeal of a state court decision in federal court. Dismissal is therefore necessary as granting the relief sought by Mr. Snyder in his twelfth claim for relief would impermissibly require "this Court to analyze the state courts' alleged legal errors and void the orders entered in those cases, which is squarely barred by *Rooker-Feldman*. Moreover, to the extent Plaintiff seeks other related relief, the Court may not review any issues 'inextricably intertwined' with issues addressed by the state court." *Snyder*, 2025 WL 106122 at *2 (citing *Doe v. Mann*, 415

---

[2] Mr. Snyder has an active appeal pending in the Ninth Circuit challenging this dismissal. Case no. 25-00435.

[3] Apart from the addition of his twelfth claim for relief, the only other differences are minor semantic ones, such as Plaintiff referring to himself as "me" in the operative complaint rather than "Max." *See* Compl. at 167-169; *Snyder v. Hill, et al.*, No. 3:24-cv-00267-MMD-CSD, ECF 1 at 54-55 (D. Nev. June 25, 2024).

F.3d 1038, 1042-43 (9th Cir. 2005). As such, dismissal of all claims against the State Bar is necessary as this court lacks subject matter jurisdiction under *Rooker-Feldman*.

        **b.**    **This Court lacks subject matter jurisdiction based on the State's sovereign immunity which is recognized and protected by the Eleventh Amendment to the United States Constitution.**

A second independent ground for this Court's lack of subject matter jurisdiction necessitating the dismissal of all claims against the State Bar is the grant of sovereign immunity guaranteed to them by the Eleventh Amendment to the United States Constitution.[4] "The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as [the state's] Bar Association and Bar Court." *Hirsch v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995).

The State Bar's immunity stems from the fact that the Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Additionally, "[a] state is immune from federal court suits brought by its own citizens, even though the case arises under the Constitution or laws of the United States." *Louis v. Supreme Court of Nevada*, 490 F. Supp. 1174, 1180 (D. Nev. 1980). Furthermore, "[t]he Supreme Court of Nevada is an agency of the State of Nevada and immune from suit under the Eleventh Amendment to the U.S. Constitution." *Id*. Finally, "[t]he State Bar of Nevada is under the exclusive jurisdiction and control of the Nevada Supreme Court," *id*., *see also*, NRS 7.275(1), 2.120. What results is that because "the State Bar can only make recommendations to the Supreme Court, no effective order can be entered against the State Bar to afford the plaintiff the relief [he] seeks. As a result, it is not an appropriate party to this action, and its motion to dismiss must be granted." *Id*. The State Bar's immunity from suit in this

---

[4] It is important to note that the State Bar is an entity of the state and no specific employees, members, agents, etc. are named as acting in either their official or unofficial capacities. As such, it is clear the State Bar, as an arm of the State of Nevada, is entitled to the grant of sovereign immunity guaranteed by the Eleventh Amendment to the United States Constitution. Mr. Snyder, at one point, under the heading "Joint Participants/Actors," Compl. at 139, obliquely attempts to bridge this divide. However, here Mr. Snyder is alleging that specific, private actors, none of whom have an applicable relationship with the State Bar, as joint participants are liable as state actors. Nowhere does Mr. Snyder allege that an individual associated with the State Bar was acting in their unofficial capacity. A necessary and missed step in opening the door to liability against the State Bar.

instance is therefore more than clear. As such, the State Bar respectfully invokes their Eleventh Amendment immunity and requests the Court dismiss all claims against the State Bar for lack of subject matter jurisdiction.

   **c. This Court lacks subject matter jurisdiction pursuant to the absolute immunity granted to the State Bar in NRS 7.275(1) and Nevada Supreme Court Rule 106(1).**

  Finally, this Court lacks subject matter jurisdiction over the claims against the State Bar as they are statutorily, absolutely immune from civil liability in all claims arising from allegations of attorney misconduct under SCR 106(1). As previously noted, "[t]he State Bar of Nevada is under the exclusive jurisdiction and control of the Nevada Supreme Court." NRS 7.275(1); *Louis*, 490 F. Supp. at 1180. As such, the Nevada Supreme Court Rules control. SCR 106(1) states in pertinent part that;

> All participants in the discipline process, including grievants, bar counsel staff, members of disciplinary panels, diversion and mentoring participants, and witnesses, shall be absolutely immune from civil liability. No action may be predicated upon the filing of a disciplinary complaint or grievance or any action taken in connection with such a filing by any of the participants.

SCR 106(1).

  Nevada courts have regularly applied SCR 106(1) to "grant[] absolute immunity from civil liability to all participants in the discipline process." *Schaefer v. Leach*, No. 2:06-CV-0135-KJD-RJJ, 2007 WL 1726555, at *3 (D. Nev. June 11, 2007). "The Rule also precludes any action predicated upon the filing of a grievance or disciplinary complaint." *Id*; *see also Heyman v. Nevada ex rel. Bd. Of Regents of Nevada Sys. Of Higher Educ.*, 2:15-cv-01228-APG-BNW, 2022 WL 3594080 at *1 (9th Cir. 2022) ("The district court did not err in dismissing certain of [Plaintiff's] claims and his requests for punitive damages. His claims relating to the alleged complaint filed with the State Bar of Nevada were barred by Nevada Supreme Court Rule 106(1).").

  While Mr. Snyder's claims against the State Bar are couched as collusion, *see* Compl. at 134, 135, 136, a plain reading of the claims makes clear that the allegations are predicated on a dissatisfaction with the State Bar's attorney discipline procedures. The true heart of Mr. Snyder's claims against the State Bar is found in statements such as the following. "In violation of their protocol, the Nevada State Bar declined to keep me up to date on my complaints to provide me with

a single decision on one of my Complaints. The Nevada State Bar colluded with the defendants and violated my civil rights and due process by closing all the complaints without investigating them." Compl. at 152. Causes of action alleging wrongdoing on behalf of the State Bar during the attorney discipline process are absolutely barred under SCR 106(1). It is clear that all of Mr. Snyder's allegations against the State Bar are fundamentally predicated upon and inextricably linked with his dissatisfaction with the attorney discipline process. It is therefore equally clear that the State Bar cannot be held liable for the causes of action asserted against them. On these grounds, the State Bar respectfully requests that the Court dismiss these claims for lack of subject matter jurisdiction.

        **2.     Even if this Court had jurisdiction over the claims, Plaintiff has failed to state a claim upon which relief may be granted.**

"District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss." *Calvillo v. Experian Information Solutions, Inc.*, No. 2:19-cv-00279-JAD-BNW, 2020 WL 1433521, at *2 (D. Nev. Mar. 23, 2020). First, the court "accept[s] as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth. Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient." *Id*. Second, "[t]he court must then consider whether the well-pled factual allegations state a plausible claim for relief." *Id*.

Here, Mr. Snyder fails at both steps in the analysis as to whether he has adequately stated a plausible claim for relief. While it is insufficient to state a plausible claim for relief by merely reciting a claim's elements and supporting them with legal conclusions, *see id.*, Mr. Snyder's complaint fails to rise to even this inadequate standard having solely pled legal conclusions rather than factual allegations. Throughout the Complaint, Mr. Snyder makes scattered and conclusory allegations against the State Bar. To the best of their ability, when interpreting Mr. Snyder's complaint, it appears that the alleged causes of action against the State Bar are all fundamentally claims of collusion:

> IX. Collusion, State of Nevada State Bar. The Nevada State Bar Knowingly Improperly Dismissed every Complaint I filed against Attorneys, with the Exception of Andrew Wasilewski, whom the Clark County Attorney's Office had pursued following the Bar's Refusal to investigate. The Bar Declined to Investigate a Single Complaint and Dismissed Everyone Without Notice to Me.

Parsons Behle & Latimer

4905-5936-9349

> X. Collusion, the Nevada Judicial Commission, the Defendants, and the State of Nevada's Court's [*sic*]
>
> XI. Collusion, The Utah State Bar, Utah Office of Professional Conduct, With Defendants, the Nevada Courts, the Nevada Judicial Commission, and the Nevada State Bar.

Compl. at 134, 135, 136.

Demonstrating Mr. Snyder's failure to make the requisite factual allegations to state a claim for relief, of the three causes of action asserted against the State Bar, only number nine makes any mention of the State Bar. The claims against State Bar are fairly summarized as "[t]he Nevada State Bar also colluded with defendants by dismissing all complaints without an investigation and without furnishing me its findings in the way prescribed by its own regulations." Compl. at 134. "Defendants and the Nevada State Bar colluded to improperly dismiss the complaint without going through the proper process, and in violation of my civil rights." Compl. at 135. While the same, or functionally the same, allegations against the State Bar are scattered throughout the complaint, *see* Compl. at 152, nowhere are the requisite factual allegations supporting these legal conclusions made. It's therefore facially apparent that these are merely legal conclusions, not entitled to the presumption of truth, wholly lacking in the requisite factual allegations necessary for the District Court to find that Mr. Snyder has adequately stated a claim for relief at either stage of the Court's two-step analysis.

The State Bar acknowledges that "[a] pro se complaint must be 'liberally construed' and held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Corner Computing Solutions v. Google LLC*, 750 F. Supp. 3d 1208, 1213 (W.D. Wash. 2024) (quoting *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, a lower standard does not mean no standard. Even under the lower pleading standard enjoyed by pro se litigants, "a court should 'not supply essential elements of the claim that were not initially pled.'" *Id*. (quoting *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quotation marks omitted) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)). "'It is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants.'" *Id*.

(quoting *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (internal citations omitted)). "[C]ourts should not have to serve as advocates for pro se litigants." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (superseded by statute on other grounds); See also *Corner Computing Solutions*, 750 F. Supp. 3d at 1213.

Here, based upon a plain reading of the Complaint, Mr. Snyder has clearly failed to adequately plead the requisite factual allegations even under the lower standard enjoyed by pro se litigants. Finding that Mr. Snyder has met this requisite pleading standard would violate the mandate that a court not provide the essential elements of a claim that were not initially pled, subsequently forcing the court into the expressly disallowed position of serving as an advocate on behalf of a pro se litigant. Furthermore, concluding that Mr. Snyder has stated a claim for relief would implicitly adopt the position that pro se litigants are subject to no pleading standard, rather than a lower one. This conclusion is clearly forbidden by law.

"Although a pro se litigant like [Mr. Snyder] may be entitled to great leeway when the court construes his pleadings, those pleadings must nonetheless meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Having failed to cross this minimum threshold, Mr. Snyder's claims against the State Bar must be dismissed for having failed to state a claim for relief. As Mr. Snyder's jurisdictional defects may not be remedied by amendment, dismissal with prejudice is appropriate and the State Bar requests as such. *See Smith v. One Nevada Credit Union*, No. 2:16-cv-02156-GMN-NJK, 2017 WL 2803169 at *2 (D. Nev. June 27, 2017); see also *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

IV. **CONCLUSION**

Based on the foregoing, the State Bar respectfully requests that this Court dismiss all claims against the State Bar with prejudice.

DATED: January 12, 2026  PARSONS BEHLE & LATIMER

*/s/ Rew Goodenow*
Rew R. Goodenow, NSBN 3722
Charles Jennings-Bledsoe, NSBN 17222
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone:  775.323.1601
RGoodenow@parsonsbehle.com
CJennings-Bledsoe@parsonsbehle.com

*Attorneys for State Bar of Nevada*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Parsons Behle & Latimer, and that on this 12th day of January, 2026, I filed a true and correct copy of the foregoing document, **MOTION TO DISMISS**, with the Clerk of the Court through the Court's CM/ECF system which sent electronic notification to the following:

Raymond Max Snyder
Email: maxsnyder@yahoo.com

　　　　　　　　　　　　　　　　　　　　 */s/ Sara Sakurada*
　　　　　　　　　　　　　　　　　　　　Employee of Parsons Behle & Latimer