1  Adam P. McMillen, Esq.
   Nevada Bar No. 010678
2  WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
3  6689 Las Vegas Blvd. South, Suite 200
   Las Vegas, Nevada 89119
4  (702) 727-1400; FAX (702) 727-1401
   Adam.McMillen@wilsonelser.com
5  Attorneys for Matthew Howell and
   Fillmore Spencer
6
                    **UNITED STATES DISTRICT COURT**
7
                        **DISTRICT OF NEVADA**
8
9  RAYMOND MAX SNYDER,                          Case No. 3:25-cv-00751

10          Plaintiff,

           vs.
11
   THE STATE OF NEVADA, for allowing the defendant   **MATTHEW R. HOWELL AND**
12 judges, courts, and private party defendants to violate   **FILLMORE SPENCER LLC'S**
   Plaintiff's Civil Rights, JUDGE KRISTON N. HILL,   **MOTION TO DISMISS AMENDED**
13 Individually and in Her Official Capacity as Justice of   **COMPLAINT**
   The Fourth Judicial District Court, of Elko County,
14 Nevada, JUDGE TAMMY RIGGS, Individually and in
   Her Official Capacity as Justice of The Second Judicial
15 District Court, of Elko County, Nevada, FOURTH
   JUDICIAL DISTRICT COURT, Clerks Office, Elko
16 County, Nevada, FOURTH JUDICIAL DISTRICT
   COURT, Elko County, Nevada, FOURTH JUDICIAL
17 DISTRICT COURT, Attorney, Megan Smith, Elko
   County Nevada, SECOND JUDICIAL DISTRICT
18 COURT, Washoe County, Nevada, THE NEVADA
   SUPREME COURT, Washoe County, Nevada, THE
19 NEVADA STATE BAR, Clark County, Nevada, THE
   UTAH STATE BAR, Salt Lake County, Utah, and
20 collectively Shawn B. Meador, Jose Tafoya, Seth
   Adams, Woodburn & Wedge, Lauara Ann Lisk, et al, the
21 WW Defendants, and collectively MATTEW HOWELL
   R. HOWELL, FILLMORE SPENCER, The Fillmore
22 Spencer Defendants, and collectively, DEBRA M.
   AMENS, AMENS LAW LTD., The Amens Defendants,
23 THE NEVADA JUDICIAL COMMISSION, THE
   NEVADA STATE BAR, THE UTAH STATE BAR, and
24 SHERIFF NATHAN CURTIS, Sevier County Sheriff's
   Office, Richfield, Utah, and JOHN AND JANE DOES 1
25 THROUGH 10,

26          Defendants.

27
        Defendants Matthew R. Howell and Fillmore Spencer LLC (together, the "Howell
28
   Defendants") move to dismiss Plaintiff Raymond Max Snyder's Complaint and Amended Complaint

278909773v.1

1    under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). For the reasons set forth

2    below, the Court should dismiss all claims against the Howell Defendants with prejudice.

3    **I.    INTRODUCTION**

4    This lawsuit is yet another vexatious collateral attack on state-court divorce and post-divorce

5    proceedings, and related domestication/enforcement proceedings, about which Plaintiff remains

6    dissatisfied. Plaintiff's Complaint and Amended Complaint reprises the same allegations and the

7    same requested relief this Court has already held it lacks jurisdiction to grant under the *Rooker-*

8    *Feldman* doctrine in *Snyder v. Hill*, No. 3:24-cv-00267-MMD-CSD, 2025 U.S. Dist. LEXIS 7548, at

9    *4 (D. Nev. Jan. 15, 2025) ("the *Rooker-Feldman* doctrine deprives the Court of subject matter

10   jurisdiction over Plaintiff's claims"), and which courts consistently bar when litigants seek to

11   overturn state-court judgments in federal district court.

12   Beyond jurisdiction, Plaintiff fails to state any claim against the Howell Defendants.

13   Plaintiff's § 1983 theory fails because Mr. Howell and his law firm are private actors; Plaintiff

14   pleads no plausible facts of conspiracy or joint action with a state actor; and the allegations are

15   frivolous, conclusory and speculative. Further, Plaintiff's allegations target litigation filings and

16   advocacy in court, reinforcing that these claims are improper vehicles to relitigate state-court

17   outcomes; alternatively, the claims fail under claim/issue preclusion and abstention, and Nevada

18   lacks personal jurisdiction over Utah-based attorneys for alleged Utah domestication activities.

19   **II.    BACKGROUND**

20   As summarized by the Utah Federal District Court, Snyder has a long history of abusive

21   litigation:

22   Snyder has a lengthy history of abusive litigation. Specifically, Snyder has been the
subject of sanctions, and he has been found to be a vexatious litigant by at least two

23   different Utah state courts.4 Plaintiff's abusive litigation history includes: (1) his
divorce proceedings in Nevada;5 (2) civil litigation against an insurance company

24   that insured property that is the subject of his divorce proceedings in Utah;6 (3) civil
litigation against his ex-wife in North Carolina;7 (4) cases related to the

25   domestication of foreign judgments from Nevada and North Carolina litigations;8 (5)
civil litigation against his ex-wife's divorce attorneys;9 (6) civil litigation against his

26   own divorce attorneys;10 (7) a pending criminal case in Utah;11 and (8) these three
federal actions.

27

28   \\\

278909773v.1

1   *Snyder v. Bagley*, No. 4:23-cv-00007-DN-PK, 2024 U.S. Dist. LEXIS 8901, at \*4 (D. Utah

2   Jan. 17, 2024) (citations omitted). Similar to the instant case, the prior "cases present a continuation

3   of litigation between Snyder and now ex-wife, Laura Ann Lisk. Snyder brought the [prior]

4   proceedings in federal court because he was dissatisfied with the divorce proceedings and related

5   civil and criminal proceedings in Nevada, Utah, and North Carolina state court. Snyder is suing the

6   judges, attorneys, and others involved in his numerous state court lawsuits." *Snyder v. Bagley*, No.

7   4:23-cv-00007-DN-PK, 2024 U.S. Dist. LEXIS 8901, at \*3-4 (D. Utah Jan. 17, 2024).

8   Here, as Snyder has done in all previous cases, Plaintiff's operative Amended Complaint

9   identifies Mr. Howell and his law firm as "the Fillmore Spencer Defendants," alleges they filed false

10  declarations and improper pleadings, and claims they aided and abetted attorneys and judges in

11  issuing fraudulent orders in a Nevada family-law matter and in subsequent state-court proceedings,

12  including vexatious litigant designations in Utah  and Nevada. *See* Amended Complaint, ECF No.

13  22, *passim.* Plaintiff seeks to set aside orders from multiple courts, obtain treble and punitive

14  damages, fees and costs, and a new trial. *Id.*

15  Plaintiff expressly grounds his allegations against the Howell Defendants in the Utah

16  domestication proceedings where Mr. Howell, as private counsel to Plaintiff's ex-wife, registered the

17  Nevada divorce decree and opposed Plaintiff's serial Rule 60 and related motions. *See* Amended

18  Complaint, ECF No. 22, *passim.* The Utah state court admonished Plaintiff for redundant and

19  frivolous filings, found Rule 83 vexatious-litigant restrictions appropriate, and rejected Plaintiff's re-

20  litigation of Nevada issues in Utah. Plaintiff then filed federal suits attempting to overturn state-court

21  rulings, including suing Judge Faust and Mr. Howell. *Snyder v. Bagley*, No. 4:23-cv-00007-DN-PK,

22  2024 U.S. Dist. LEXIS 8901 (D. Utah Jan. 17, 2024). Those federal suits were dismissed under

23  *Younger* and *Rooker-Feldman*, and the Tenth Circuit affirmed. *See Snyder v. Bagley*, No. 4:23-cv-

24  00007-DN-PK, 2024 U.S. Dist. LEXIS 8901, at \*3-4 (D. Utah Jan. 17, 2024); *Snyder v. Goble*, Nos.

25  24-4009, 24-4010, 24-4011, 24-4013, 2025 U.S. App. LEXIS 3336, at \*7 (10th Cir. Feb. 13, 2025).

26  In this District, this Court dismissed Plaintiff's prior Nevada federal action as an

27  impermissible de facto appeal under *Rooker-Feldman*, holding that granting the requested relief

28  would require voiding state-court orders and second-guessing state-court rulings in Plaintiff's

278909773v.1

1    underlying divorce and related cases. *See Snyder v. Hill*, No. 3:24-cv-00267-MMD-CSD, 2025 U.S.

2    Dist. LEXIS 7548 (D. Nev. Jan. 15, 2025).

3          The current Amended Complaint repeats the same vexatious narrative and frivolously seeks

4    the same relief-vacatur or undermining of state-court decisions and sweeping damages premised on

5    phantom wrongs in the course of those proceedings.

6    **III.    LEGAL STANDARDS**

7          A Rule 12(b)(1) motion challenges subject-matter jurisdiction, which Plaintiff bears the

8    burden to establish; where jurisdictional defects are incurable, dismissal with prejudice is proper.

9    Under Rule 12(b)(6), Plaintiff must plead sufficient non-conclusory facts to state a plausible claim;

10   pro se status does not excuse failure to allege essential elements. A Rule 12(b)(2) motion challenges

11   personal jurisdiction, which Plaintiff must establish as to each defendant.

12   **IV.    ARGUMENT**

13
            **A.    ROOKER-FELDMAN BARS THIS COURT FROM EXERCISING
            JURISDICTION OVER PLAINTIFF'S DE FACTO APPEAL OF
14          FEDERAL AND STATE-COURT DECISIONS.**

15         A federal district court lacks jurisdiction over cases brought by state-court losers complaining

16   of injuries caused by state-court judgments rendered before the district court proceedings

17   commenced and seeking district-court review and rejection of those judgments. *See Rooker v. Fid.*

18   *Tr. Co.,* 263 U.S. 413, 414-17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman,* 460 U.S. 462, 482

19   (1983).[1] This Court has already applied *Rooker-Feldman* to Plaintiff's materially indistinguishable

20   Nevada federal action, concluding that his requested relief would "require this Court to analyze the

21   state courts' alleged legal errors and void the orders entered in those cases, which is squarely barred

22   by *Rooker-Feldman*." *Snyder v. Hill*, No. 3:24-cv-00267-MMD-CSD, 2025 U.S. Dist. LEXIS 7548,

23   at *4 (D. Nev. Jan. 15, 2025).

24         The same result follows here. Plaintiff's Amended Complaint alleges the Howell Defendants'

25   filings and advocacy caused Nevada and Utah courts to enter fraudulent orders, and he asks this

26   Court to vacate and disregard those state-court rulings, unwind their consequences, and award

27

28   [1] State court litigants may only achieve federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See D.C. Ct. of Appeals, et al. v. Feldman,* 460 U.S. 462, 482 (1983).

278909773v.1

1   damages predicated on their alleged invalidity. That is a classic de facto appeal barred by *Rooker-*

2   *Feldman*, as this Court has already determined in Plaintiff's prior case.

3          The Tenth Circuit's affirmance of dismissals in Plaintiff's parallel Utah federal suits

4   underscores the point: claims either interfere with ongoing state proceedings (*Younger*) or seek to

5   revisit final state judgments (*Rooker-Feldman*). *Snyder v. Goble*, Nos. 24-4009, 24-4010, 24-4011,

6   24-4013, 2025 U.S. App. LEXIS 3336, at *7 (10th Cir. Feb. 13, 2025) ("*Younger* and *Rooker-*

7   *Feldman* both bar federal interference with state court decision-making."). The court rejected the

8   notion that disagreement with state-court outcomes renders those forums inadequate and upheld

9   filing restrictions based on Plaintiff's abusive litigation history. *Snyder v. Goble,* Nos. 24-4009, 24-

10  4010, 24-4011, 24-4013, 2025 U.S. App. LEXIS 3336, at *8 (10th Cir. Feb. 13, 2025) ("Snyder has

11  not shown that the state proceedings did not provide an adequate opportunity to litigate federal

12  constitutional issues - his disagreement with the state courts' rulings does not mean those courts are

13  an inadequate forum.").

14         Because the gravamen of Plaintiff's claims is injury from state-court rulings and orders, and

15  because the relief sought would require this Court to review and reject those rulings, this Court lacks

16  jurisdiction and must dismiss.

17                          **B.      *YOUNGER* ABSTENTION INDEPENDENTLY REQUIRES
                                    DISMISSAL TO THE EXTENT RELATED STATE PROCEEDINGS
18                                  REMAIN ONGOING.**

19         Where state proceedings are ongoing, implicate important state interests (domestic relations

20  and criminal enforcement), and afford an adequate opportunity to raise constitutional issues,

21  *Younger* abstention is mandatory absent extraordinary circumstances. *See Snyder v. Goble*, Nos. 24-

22  4009, 24-4010, 24-4011, 24-4013, 2025 U.S. App. LEXIS 3336, at *7-8 (10th Cir. Feb. 13, 2025)

23  (citations omitted). The Tenth Circuit has held those requirements satisfied in Plaintiff's

24  consolidated appeals and rejected his asserted exceptions. *Id.*

25         Plaintiff's Amended Complaint confirms ongoing state proceedings (including remand issues

26  from Nevada appellate orders and disputes over enforcement), and his allegations directly intrude on

27  those state systems. *Younger* abstention therefore bars federal interference.

28  \\\

278909773v.1

1

2

### C.    CLAIM PRECLUSION AND ISSUE PRECLUSION BAR PLAINTIFF'S REPETITIVE CLAIMS AND RE-LITIGATION OF ISSUES RESOLVED OR THAT COULD HAVE BEEN RESOLVED IN STATE PROCEEDINGS.

3

4

5

6

7

8

9

10

Plaintiff has repeatedly litigated, or could have litigated, his allegations of fraud, collusion, and misconduct by counsel in the prior proceedings. Courts have rejected those arguments, admonished Plaintiff's litigation conduct and imposed vexatious-litigant restrictions. Claim and issue preclusion prevent yet another bite at the apple against new or existing defendants arising from the same operative nucleus of fact. *Lisowski v. Davis (In re Davis)*, 312 B.R. 681, 690 (Bankr. D. Nev. 2004) ("The doctrine of res judicata prohibits a litigant from getting a second bite at the judicial apple. 'The doctrine bars the re-litigation of issues actually litigated in a prior suit, as well as issues that could have been litigated in that prior action.'").

11

12

13

Plaintiff's allegations have already been addressed, ad nauseum, in prior proceedings in state and federal courts, and all those prior suits were premised on the same transactions and claims and are now foreclosed.

14

15

### D.    PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 AGAINST THE HOWELL DEFENDANTS, WHO ARE PRIVATE ACTORS; NO PLAUSIBLE CONSPIRACY IS PLED.

16

17

18

19

20

21

22

23

Plaintiff's 42 U.S.C. § 1983 is not sufficiently pled and must be dismissed, with prejudice. Generally, private parties are not acting under color of state law. *See Price v. Hawaii,* 939 F.2d 702, 707-08 (9th Cir. 1991); *see also Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that a lawyer in private practice does not act under color of state law). However, "a private party who conspires with a state official, even a judge entitled to immunity, is acting under color of state law." *Frank v. Bush*, 2010 U.S. Dist. LEXIS 32976, *21, 2010 WL 1408405 (citing *Dennis v. Sparks*, 449 U.S. 24, 27-8, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980)).

24

25

26

27

28

"[T]o recover under a § 1983 conspiracy theory, a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990). "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials . . . in a conspiracy with private defendants, mere conclusory allegations with no supporting factual

278909773v.1

1   averments are insufficient; the pleadings must specifically present facts tending to show agreement

2   and concerted action." *Frank*, 2010 U.S. Dist. LEXIS 32976, *21, 2010 WL 1408405 (citing *Scott v.*

3   *Hern*, 216 F.3d 897, 907 (10th Cir. 2000)).

4        Plaintiff's § 1983 theory against Mr. Howell rests on conclusory assertions that Mr. Howell

5   worked with attorneys and judges or colluded through filings to secure orders Plaintiff dislikes; that

6   is insufficient as a matter of law. A § 1983 conspiracy requires specific facts showing an agreement

7   and concerted action with a state actor to deprive constitutional rights; naked assertions, labels, and

8   conclusions do not suffice.

9        The Amended Complaint alleges, at most, that Mr. Howell represented a private client in

10  Utah domestication proceedings, submitted filings, and obtained court relief-including a vexatious-

11  litigant order-based on Plaintiff's litigation conduct. Those judicial actions, affirmed or otherwise

12  left undisturbed, cannot be bootstrapped into state-action liability for private counsel.

13  **E.    PERSONAL JURISDICTION IS LACKING OVER UTAH-BASED**
          **COUNSEL FOR ALLEGED UTAH DOMESTICATION AND**
14        **ADVOCACY ACTIVITIES.**

15       The Amended Complaint's jurisdictional averments identify Mr. Howell and Fillmore

16  Spencer as Utah-based, and the core conduct attributed to them concerns representation in Utah

17  state-court domestication/enforcement proceedings. *See* ECF No. 22, Amended Complaint, 5:26-6:3

18  and *passim*. Plaintiff pleads no purposeful availment by the Howell Defendants targeting Nevada

19  beyond advocacy reflected in state-court filings, outside Nevada. On these allegations, specific

20  jurisdiction in Nevada is lacking.

21  **F.    PLAINTIFF'S SWEEPING, CONCLUSORY PLEADING FAILS**
          **UNDER RULE 8 AND TWOMBLY/IQBAL.**
22

23       Even if jurisdiction existed, Plaintiff's Amended Complaint consists of phantom conclusions

24  about "collusion" and "fraud," but are devoid of well-pled facts connecting the Howell Defendants

25  to any actionable misconduct. As cited above, the courts have consistently admonished Plaintiff

26  regarding his vexatious, conclusory, redundant filings and his misuse of litigation to rehash already

27  decided issues. The pleading standard-even liberally construed for a pro se litigant-requires more

28  than labels and grievances; it requires facts stating a plausible claim, which are absent here.

278909773v.1

1

### V.    CONCLUSION

2    For these reasons, the Howell Defendants respectfully request that the Court dismiss all

3  claims against them with prejudice under Rules 12(b)(1), 12(b)(6) and 12(b)(2). Given the incurable

4  jurisdictional bars and the serial and vexatious nature of Plaintiff's attempts to relitigate state matters

5  in federal court, dismissal with prejudice is appropriate.

6    DATED this 20th day of January, 2026.

7
WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER LLP

8

9    By:    /s/ Adam P. McMillen
Adam P. McMillen, Esq.
Nevada Bar No. 010678

10    6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119

11    Attorneys for Matthew Howell and
Fillmore Spencer

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

278909773v.1

1

## CERTIFICATE OF SERVICE

2      Pursuant to FRCP 5, I certify that I am an employee of WILSON, ELSER, MOSKOWITZ,

3   EDELMAN & DICKER LLP and that on this 20th day of January, 2026, I served a true and correct

4   copy of the foregoing **MATTHEW R. HOWELL AND FILLMORE SPENCER LLC'S**

5   **MOTION TO DISMISS AMENDED COMPLAINT** as follows:

6      ☐      by placing same to be deposited for mailing in the United States Mail, in a sealed
              envelope upon which first class postage was prepaid in Las Vegas, Nevada;
7

8      ☒      via electronic means by operation of the Court's electronic filing system, upon each
              party in this case who is registered as an electronic case filing user with the Clerk;

9      ☐      via hand-delivery to the addressees listed below;

10     ☐      via facsimile;

11     ☐      by transmitting via email the document listed above to the email address set forth
              below on this date before 5:00 p.m.
12

13  Raymond Max Snyder, pro per
    PO Box 69
14  Aurora, Utah 84620
    maxsnyder@yahoo.com
    Plaintiff, Pro Se
15

16  Rew R. Goodenow
    Charles Jennings-Bledsoe
17  Parsons Behle & Latimer
    50 W. Liberty St., Ste. 750
18  Reno, NV 89501
    Telephone: 775-323-1601
19  RGoodenow@parsonsbehle.com
    CJennings-Bledsoe@parsonsbehle.com
    *Attorneys for State Bar of Nevada*
20

21  Christian L. Moore, Esq. (SBN 3777)
    LAXALT LAW GROUP, LTD.
22  9790 Gateway Drive, Suite 200
    Reno, Nevada 89521
23  (775) 322-1170
    cmoore@laxaltlaw.com
    *Attorneys for Defendants Debra M. Amens*
24  *and Amens Law, Ltd.*

25

26                               BY:_____*/s/ Tiffany Dube*_____
                                       An Employee of
27                                     WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

28

278909773v.1