WOODBURN AND WEDGE
Seth J. Adams (Nev. Bar No. 11034)
Jose Tafoya (Nev Bar No. 16011)
6100 Neil Road, Ste. 500
Reno, NV 89511
E-Mail: sadams@woodburnandwedge.com
jtafoya@woodburnandwedge.com
Telephone: (775) 688-3000
Facsimile: (775) 688-3088

Attorneys for Defendants Woodburn & Wedge,
Meador, Adams, Tafoya

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RAYMOND MAX SNYDER,

Plaintiff,

v.

THE STATE OF NEVADA, for allowing the defendant judges, courts, and private party defendants to violate Plaintiff's Civil Rights, JUDGE KRISTON N. HILL, Individually and in Her Official Capacity as Justice of The Fourth Judicial District Court, of Elko County, Nevada, JUDGE TAMMY RIGGS, Individually and in Her Official Capacity as Justice of The Second Judicial District Court, of Elko County, Nevada, FOURTH JUDICIAL DISTRICT COURT, Clerks Office, Elko County, Nevada, FOURTH JUDICIAL DISTRICT COURT, Elko County, Nevada, FOURTH JUDICIAL DISTRICT COURT, Attorney, Megan Smith, Elko County Nevada, SECOND JUDICIAL DISTRICT COURT, Washoe County, Nevada, THE NEVADA SUPREME COURT, Washoe County, Nevada, THE NEVADA STATE BAR, Clark County, Nevada, THE UTAH STATE BAR, Salt Lake County, Utah, and collectively Shawn B. Meador, Jose Tafoya, Seth Adams, Woodburn & Wedge, Lauara Ann Lisk, et al, the WW

Case No. 3:25-cv-00751-MMD-CLB

**MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND RESTRICTED FILER**

Defendants, and collectively MATTHEW HOWELL R. HOWELL, FILLMORE SPENCER, The Fillmore Spencer Defendants, and collectively, DEBRA M. AMENS, AMENS LAW LTD., The Amens Defendants, THE NEVADA JUDICIAL COMMISSION, THE NEVADA JUDICIAL COMMISSION, THE NEVADA STATE BAR, THE UTAH STATE BAR; SHERIFF NATHAN CURTIS, Sevier County Sheriff's Office, Richfield, Utah, and JOHN AND JANE DOES 1 THROUGH 10,

Defendants.

Defendants Shawn B. Meador, Seth Adams. Jose Tafoya, and Woodburn and Wedge (collectively "WW Defendants"), by and through their attorneys Woodburn and Wedge hereby submit this Motion to Declare Plaintiff a Vexatious Litigant and Restricted Filer. This Motion is based on the following Memorandum of Points and Authorities, the Declaration of Seth J. Adams, Esq. filed contemporaneously herewith, all pleadings and papers on file herein, and such further oral argument and testimony as the Court may permit or require.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The majority of the facts that compel a finding that Plaintiff Max Snyder is a vexatious litigant are discussed in WW Defendant's Motion to Dismiss and the exhibits attached thereto, filed in this case as ECF No. 45. In the interest of judicial efficiency and to not overburden the court with a nearly identical recitation of facts as already presented in WW Defendants' Motion to Dismiss, WW Defendants hereby incorporate the Statement of Facts in WW Defendants' Motion to Dismiss (ECF No. 45) as if stated fully herein. WW Defendants will supplement those facts as necessary herein.

This action is merely a continuation of Plaintiff's failed litigation in multiple other state and federal courts all related to his divorce, but is unlikely to be the last of such frivolous actions if the Courts allow Plaintiff to continue to abuse the judicial system unabated for his personal vendettas.

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

## II. BACKGROUND

As discussed thoroughly in WW Defendants' Motion to Dismiss, Plaintiff's conduct as it relates to this action began December 12, 2017, when he filed for divorce from his now ex-wife, and current defendant to this action, Lauara Lisk (the "Divorce Action"). Since that day, Plaintiff has filed or been in at least ten different lawsuits in state and federal courts across Nevada, Utah, and North Carolina, all related to his divorce, or issues stemming from his abuse of process in such cases. Many of those complaints and amended complaints are attached hereto as Exhibits 1-12. This does not include the appeals Plaintiff has also filed at the state and federal level that are also tethered to issues stemming from his divorce, and which are also voluminous. Plaintiff's conduct in these jurisdictions was grounds for him to be labeled a vexatious litigant and restricted filer by two Nevada state courts, Utah state courts, Utah federal court, and receiving warning that he would be imprisoned if he did not correct his vexatious conduct by a North Carolina state court. Orders discussing Plaintiff's vexatious conduct or declaring him a vexatious litigant are attached hereto as Exhibits 13-18, 24.

As noted in these orders, Plaintiff has repeatedly sought to change the outcome of the Nevada Divorce Action despite being keenly aware after the multitude of dismissals and vexatious litigant orders that his claims are meritless. After being restricted from raising a new action in the other forums that have restricted his filings, Plaintiff filed suit in this Court, *Snyder v. Hill, et al., No. 3:24-cv-00267-MMD-CSD.* That case has since been dismissed, with the Court stating in part: "[t]he specific relief sought by Snyder further supports the conclusion that Plaintiff is essentially appealing the state court rulings …to provide Plaintiff with the relief he seeks would require this Court to analyze the state courts' alleged legal errors and void the orders entered in those cases, which is squarely barred by *Rooker-Feldman*." *Snyder v. Hill, et al., No. 3:24-cv-00267-MMD-CSD*, ECF No. 124 at p. 3. Even though Snyder has a pending appeal of

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

that dismissal before the Ninth Circuit Court of Appeals[1], Snyder filed the present action seeking substantively identical relief related to all the state court orders entered against him.

Snyder's pattern of frivolous lawsuits has been noted by other courts.

On January 10, 2023, the Sixth Judicial District Court in Sevier County, Utah, Case No. 206600609, issued its Order and Ruling on Plaintiff's Motion for Vexatious Litigants Order and Denying Defendant's Motions. Attached hereto as Ex. 16. In that action, the plaintiff was Lauara Lisk, whom sought to domesticate the Nevada divorce judgment in Utah, and the defendant was Max Snyder. *See* Exhibits 21 and 22. After Max Snyder engaged in a pattern of frivolous conduct in the case, the Utah court initially denied declaring Max Snyder a vexatious litigant while the court allowed him to correct his conduct, in an order also addressing other aspects of the case. Snyder appealed the Utah Court's decision, and on appeal the Utah appellate court specifically noted that Max Snyder was trying to "reach back to challenge the Nevada rulings and orders" which he was not allowed to do. Ex. 16 at p. 3. The Utah District Court noted that Plaintiff's filings sought "an order of the Court dismissing the foreign judgment registrations with prejudice for 'Rule 60(b)(3)' fraud and an order that Petitioner and her attorneys make Defendant whole." *Id.* In declaring Max Snyder a vexatious litigant, the Utah Court specifically found that "[Max Snyder] has attempted to re-litigate the same issue on multiple separate occasions. Moreover, [Snyder] has on multiple occasions filed unmeritorious motions and has engaged in tactics that are frivolous…[Snyder's] current arguments in his Motions which are essentially the same as the one he made earlier are precluded by res judicata and full faith and credit." *Id.* at p. 4. As a restriction the Court ordered that Max Snyder was to retain legal counsel before proceeding and was not permitted to file any new pleadings without a licensed attorney.

On April 12, 2023, the Fourth Judicial District Court in Utah County, Utah, Case No. 220300136, issued its Order Declaring Raymond Max Snyder a Vexatious Litigant. Attached hereto as Ex. 17. In that action, Max Snyder filed suit against his own attorneys who had assisted

---

[1] As discussed above, this Court dismissed Case No. *3:24-cv-00267-MMD-CSD* on January 15, 2025, which Plaintiff appealed to the Ninth Circuit Court of Appeals. As of the writing of this motion, this appeal is currently pending as Case No. 25-435. Prior to dismissal, WW Defendants had filed a Motion to Declare Plaintiff a Vexatious Litigant before this Court (ECF No. 64) which was denied as moot by virtue of the Court's dismissal (See ECF No. 124).

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

him with various issues stemming from Plaintiff's divorce. *See* 220300136 Complaint, attached hereto as Exhibit 23. In the vexatious litigant order, the court cited to the Utah Sixth Judicial District Court's January 10th order finding that Snyder was attempting to relitigate the same issues on multiple occasions, and ultimately also held that Max Snyder was a vexatious litigant who must be restricted. Ex. 17 at p. 2. The Court specifically found there was no reasonable probability that Max Snyder would prevail on his claim and ordered that Snyder retain a licensed attorney before proceeding in the action or filing any future claim for relief in that court. Id. at p. 3.

On January 17, 2024, the United States District Court, District of Utah entered three identical Memorandum Decisions and Orders Adopting Report Recommendations for Case Nos: 4:23-cv-00007-DN-PK (Snyder v. Bagley, et. al.), 4:23-cv-00008-DN-PK (Snyder v. Sixth Judicial District of Utah, et al.), and 4:23-cv-00056-DN (Snyder v. Alex Goble, et al.). Memorandum Decision attached hereto as Exhibit 13. Therein, the Court specifically found:

> These three cases present a continuation of litigation between Snyder and now ex-wife, Lauara Ann Lisk. Snyder brought these proceedings in federal court because he was dissatisfied with the divorce proceedings and related civil and criminal proceedings in Nevada, Utah, and North Carolina state court. Snyder is suing the judges, attorneys, and others involved in his numerous state court lawsuits.
>
> …
>
> Snyder has presented a moving target by filing multiple cases and flooding the docket with filings…Based on Snyder's conduct in these cases and in other courts, he is a vexatious litigant and reasonable procedures are necessary to restrict future abuses.

Ex. 13 at pp. 2, 5. A cursory review of the complaints in those action reveals why the Utah Federal District Court found Snyder to be a vexatious litigant for his tireless attempts to overturn the results of his state Divorce Action. In the complaint for Case No. 4:23-cv-00007-DN-PK (Snyder v. Bagley, et. al.), Snyder purported to file an 18 U.S.C. §1983 claim and alleged wrongdoing related to another one of his lawsuits that involved part of the marital property and sought to overturn all previous orders issued by the judge he was suing. *See* Ex 3 generally. In the complaint for Case No. 4:23-cv-00008-DN-PK (Snyder v. Sixth Judicial District of Utah, et al.) Snyder again purported to file an 18 U.S.C. §1983 claim and alleged wrongdoing with the Nevada state court divorce judgment being domesticated in Utah, and requested that such divorce

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

action judgment be dismissed. *See* Ex 5 generally. Finally, in Case No. 4:23-cv-00056-DN (Snyder v. Alex Goble, et al.), in which Snyder also sued WW Defendants, Snyder purported again that he was pursuing an 18 U.S.C. §1983 claim, and alleged wrongdoing with various aspects of the divorce litigation and actions Plaintiff filed related to the divorce. *See* Ex. 1 generally. Notably, Plaintiff expressly sought that "the Divorce Decree be dismissed with prejudice for Mr. Meador (sic) Rule 11 violations. *Id.* at p. 36.

The Report and Recommendation that recommended the three cases in the Utah Federal District Court be dismissed was entered on October 5, 2023. A little over a month later, and before the Utah Federal District Court entered the final Memorandum Decision (Ex. 13 referenced above), Plaintiff had already filed a new action in the Fourth Judicial District Court, Elko County, Nevada, against the WW Defendants. Plaintiff's allegations there again included baseless accusations of fraud related to his divorce. In addition to dismissing the action with prejudice, the State Court also added Plaintiff to Nevada's vexatious litigant list. In the court's order, the court specifically found:

> In Nevada, Petitioner has filed the current case, attempting to re-litigate his 2017 divorce.
> …
> Plaintiff also filed on Petition for Writ of Mandamus…which was dismissed by the Nevada Supreme Court as Petitioner already had an adequate and speedy remedy at law, specifically, the right to appeal, which he had already initiated via filing three separate cases before the Nevada Court of Appeals.
> …
> All of these cases stem from Petitioner's unhappiness with his 2017 divorce decree…On page 14 of his Opposition, he indicates that "If the Divorce Decree signed by Judge Estes goes away so do all the subsequent arguments made by all parties." Petitioner therefore clearly understands that he is re-litigating not merely matters across state and federal courts, but the exact same issues in the exact same case, making the exact same arguments each time.

Ex. 15 at pp. 3:21-26, 4:10-18. That Judge became a defendant to *Snyder v. Hill, et al., No. 3:24-cv-00267-MMD-CSD* and is again a defendant to this action simply because Plaintiff was dissatisfied with the Judge's orders.

On May 29, 2025, the Second Judicial District Court in Washoe County, Nevada, also declared Snyder a vexatious litigant. In its order, the Court found in part:

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

> Snyder has filed the current case, attempting, yet again, to re-litigate his 2017 divorce. Snyder's filings in this action have been voluminous, and frivolously aimed at challenging aspects of his divorce action which are not proper before this court and which have already been resolved in his various prior lawsuits and appeals. Snyder's filings have forced defendants to waste significant resources in addressing them.
>
> …
>
> These repetitive cases, crossing between states and between the state and federal court systems, are all clearly repetitive, abusive, frivolous, retaliatory, lack legal support and designed to harass their respective defendants.
>
> …
>
> Petitioner therefore clearly understands that he is re-litigating not merely related matters across state and federal courts, but the exact same issues from the exact same divorce case, making the exact same arguments each time.

Order attached hereto as Exhibit 24. Not surprisingly, that Judge and court are now also named defendants in this action. Snyder's Nevada vexatious litigant designations are publicly available at https://nvcourts.gov/aoc/administration/judicial_council/vexatious_litigant_list. Snyder is one of the few select litigants whose name is on the list more than once pursuant to separate orders.

Even in cases where Plaintiff has not been expressly found to be a vexatious litigant, the frivolous nature of his conduct and claims is apparent. In the United States District Court, District of Nevada, Case No. 3:17-cv-00537-MMD-CBC, (Snyder v. Adam Lisk, et al.), while represented by counsel, Plaintiff sued various defendants. After granting certain dispositive motions, the Nevada Federal District Court entered an Order to Show Cause on October 05, 2018, ordering Plaintiff Max Snyder to show cause why the remaining defendant should not be dismissed for lack of personal jurisdiction over him. *See* October 05, 2018 Order to Show Cause, entered in Case No. 3:17-cv-00537-MMD-CBC as ECF No. 39. Despite the Court's order, Plaintiff failed to respond, let alone show cause. In the order dismissing the case as to the remaining defendant (ECF No. 43), the Court noted it had inherent authority to issue sanctions that include dismissal of an action, weighing several factors in doing so. Ultimately, the court dismissed Plaintiff's action finding that Plaintiff's failure to comply with the court's order and show cause warranted dismissal. Case No. 3:17-cv-00537-MMD-CBC, ECF No. 43 at pp. 1:24-26, 2:19-26.

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

In North Carolina state court actions plaintiff was also involved in, a North Carolina court sanctioned Plaintiff and warned him of possible imprisonment if he continued to disobey the court's orders. *See* Ex. 18 at p. 4. The court found Plaintiff's conduct to be in continuing violation of the Court's orders, and the state's rules of civil procedure. *Id.* In ordering Snyder to pay the opposing party's fees and a fine to the court, the court also warned Snyder of the possibility of criminal contempt and imprisonment for his continuing violations of the court's orders. *Id.*

Plaintiff's disregard for the rules governing the courts and pleadings continues in this action, and will continue in subsequent actions unless courts continue to take affirmative steps to deter his relentless pursuit to re-litigate his divorce at the expense of innocent parties. In this action, Plaintiff has already amended his complaint twice (ECF Nos. 14, 22), filed a Motion for Summary Judgment before the majority of parties have even appeared (ECF No. 23), and is openly simply challenging state court rulings. *See e.g.* ECF No. 51 (responding to WW Defendants' Motion to Dismiss by primarily arguing perceived errors in the state Divorce Action and ensuing vexatious litigant designations, rather than the legal arguments actually raised in the Motion to Dismiss).

Plaintiff's conduct and the frivolous nature of his pleadings that warranted vexatious litigant orders in other courts still persist, and Plaintiff should be deemed a vexatious litigant in this Court as well.

## III. LEGAL STANDARD AND ARGUMENT

Federal district courts have inherent authority to declare parties vexatious litigants and impose prefiling orders against those vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing to 28 U.S.C. § 1651(a)). While the Ninth Circuit recognizes that prefiling orders are an extreme remedy that should only be issued after "a cautious review of the pertinent circumstances," such orders are nevertheless warranted in certain cases as "flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* (citing in part to *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990)).

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

The Ninth Circuit has adopted a four-part test to determine whether it is appropriate to impose pre-filing restrictions on a party deemed vexatious.

First, the litigant must be given notice and an opportunity to be heard. *Id.* (citing to *De Long*, 912 F.2d at 1147). A district court may satisfy this first element by written submission rather than an "oral or evidentiary hearing." *Windsor v. Boushie*, 677 F. App'x 311, 312 (9th Cir. 2017). Second, the district court must compile an adequate record for review. *Molski*, 500 F.3d at 1057. Third, the district court must "make substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id.* Fourth, any vexatious litigant order must be "narrowly tailored" for the facts of the case. *Id.* As the court noted in *Molski*, the first two factors establish the procedural course of action the court must take with vexatious litigant motions, and the third and fourth factors are the substantive considerations to determine whether a party's conduct is vexatious and the proper remedy to curb such conduct. *See id.* at 1057-1058.

The Ninth Circuit Court has also looked to the Second Circuit for additional factors a court can consider when analyzing the third and fourth substantive factors in the Ninth Circuit's four-part test. Specifically, the five factors adopted by the Second Circuit and which can be considered by ninth circuit courts are: 1) the litigant's litigation history and whether actions were harassing or duplicative; 2) litigant's motive in filing suit and whether the litigant had a good-faith expectation of prevailing; 3) whether litigant is represented by counsel; 4) whether litigant's conduct cause needless expense and burden to other parties and the court; and 5) whether any other adequate sanctions available to protect the innocent parties. *Molski*, 500 F.3d at 1058. These elements can guide courts as to the third and fourth factors in the Ninth Circuit's test.

Every Ninth Circuit element, as supplemented by the Second Circuit test, compels a finding that Plaintiff is a vexatious litigant whose conduct should be restricted to protect the innocent parties he continues to harass.

**A. Plaintiff will have an opportunity to be heard and there is sufficient evidence in the record for this Court to create an adequate record for review.**

As discussed above, the first element is satisfied by virtue of this motion and any ensuing briefing, as Plaintiff's "opportunity to be heard" can be accomplished through written

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

submissions and does not need to be exclusively done via hearing or oral argument. *See Windsor v. Boushie*, 677 F. App'x 311, 311-312 (9th Cir. 2017). Secondly, there is sufficient evidence already in the record for this Court to adequately create a record for review. Both in WW Defendants' Motion to Dismiss and in the present Motion, WW Defendants have provided this Court a significant amount of documents that are otherwise already part of the public record both at the federal and state level, all of which the Court can take judicial notice of. The conduct that warrants a finding that Plaintiff is a vexatious litigant is well documented in the public record of the various cases discussed herein.

The Second Judicial District Court in Washoe County, Nevada, specifically listed the cases it considered when finding Plaintiff was a vexatious litigant. Ex. 24. The Nevada court listed:

| **Case Number(s)** | **Court** |
|---|---|
| 3:17-cv-00537-MMD-CBC<br>2:23-cv-00139-GMN-VCF,<br>3:23-cv-00048-ART-CSD | United States District Court for the District of Nevada |
| 83620, 83651, 87292, 87465, 87568, 87692, 88129, 88729 | Nevada Supreme Court |
| 81887-COA, 82756-COA, 83029-COA, 84730-COA, 88129-COA | Nevada Court of Appeals |
| CV-22-01929 | Second Judicial District Court, Washoe County, Nevada |
| DR-MD-17-757<br>DC-CV-23-151 | Fourth Judicial District Court, Elko County, Nevada |
| 18-CVS-3306 | State of North Carolina, County of New Hanover |
| 4:23-cv-00002-DN-PK<br>4:23-cv-00007-DN-PK<br>4:23-cv-00008-DN-PK<br>4:23-cv-00056-DN-PK | United States District Court for the District of Utah |
| 22-23443 | United States Bankruptcy Court for the District of Utah |
| 220300136 | Fourth Judicial District Court, Utah County, Utah |
| 2006000078, 206600609 | Sixth Judicial District Court, Sevier County, Utah |

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

These same cases contain the majority of the record demonstrating Plaintiff's vexatious conduct. Many of the relevant filings in these actions have been provided in WW Defendants' Motion to Dismiss and in the present Motion.

The record in these cases as supplemented by the record in the present action provides sufficient supporting evidence to declare Plaintiff a vexatious litigant and create an adequate record in support of that finding.

**B. Plaintiff's litigation is frivolous and harassing.**

i. Plaintiff has extensive history of harassing litigation.

Nearly all of the cases referenced above that Plaintiff has initiated are related in one way or another to his Divorce Action in Nevada state court, and his ongoing dissatisfaction with the results in that court. It has become a perpetual loop where Plaintiff will sue certain parties including WW Defendants, lose the case, and simply re-file nearly identical claims in a new court, sometimes adding in the previous court he filed suit in as defendants simply because the court did not rule in his favor. As the record reflects, WW Defendants have had to defend multiple lawsuits across states, and state and federal courts over the last four years due to Snyder's dissatisfaction with his divorce. These lawsuits have all been dismissed, including the one dismissed in this Court which is still on appeal.

In *Adams v. Boulware*, 2024 WL 1907718 (D. Nev. Apr. 30, 2024), this Court considered a similar case that stemmed from a plaintiff's dissatisfaction from his divorce proceedings wherein the Court ultimately concluded that the plaintiff was vexatious and should be restricted. Specifically, the court found:

> There is much similarity between many of [plaintiff's] complaints. The majority of [plaintiff's] claims center around the divorce or child custody proceedings in New Jersey. However, over time, [plaintiff] has expanded against whom he brings claims, from judges to court clerks, financial institutions, and the court's electronic case management system (Pacer). Recently, he has begun to bring duplicative suits, alleging identical claims, which is a hallmark of a vexatious litigant. Compare 2:23-cv-00275-CDS-MDC (claiming "fraud upon the court" against court clerks for alleging not filing certain documents) with 2:24-cv-00216-CDS-MDC (alleging court clerks failed to file certain documents);
> …
> The duplicative nature of [plaintiff's] suits, together with his failure to comply with court orders after initiating them, demonstrates that they are brought frivolously and/or are meant to harass.

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

> …
> Turning to the instant matter, [plaintiff] has made *ad hominem* allegations against district and magistrate judges who dismissed his previous claims or cautioned [plaintiff] regarding his repetitive filings. [Plaintiff's] complaint does not make any rational argument in law or fact entitling him to relief . . . The endless litigation initiated by [plaintiff] repeatedly suing immune entities, or against individuals with no possibility of prevailing on any of the claims he asserts, together with his repetitive failure to comply with court orders warranting countless responses from the court, is a waste of judicial resources.
> …
> [Plaintiff] has brought numerous cases, in both federal and state courts, all of which were adversely decided.
> …
>
> [Plaintiff's] litigation history is extensive—and frivolous—occurring in federal, state, and appellate courts.

*Adams v. Boulware*, 2024 WL 1907718, at *9-11 (D. Nev. Apr. 30, 2024). This analysis could be applied nearly verbatim to the instant action. The majority of Plaintiff's claims center around his divorce action in Nevada. Over time, as more and more courts have considered his claims and refused to grant him the relief from the divorce that he seeks, Plaintiff has expanded against whom he brings his claims, suing attorneys, judges, and court personnel directly. For example, in the present complaint he is suing nearly every Nevada state court and judge that has dealt with his complaints, multiple attorneys and law firms, state bars, law enforcement officials, and more. There is no basis for Plaintiff's claims. In previous iterations of his complaint such as the one filed in *Snyder v. Hill, et al., No. 3:24-cv-00267-MMD-CSD*, Snyder also sued court staff in a manner similar to the vexatious litigant in *Adams*.

As was the case in *Adams*, Plaintiff is also making, and in previous cases has made, *ad hominem* allegations against judges that have decided cases against him and dismissed his frivolous claims. Plaintiff continues to file lawsuits despite multiple courts finding his claims lack any merit and finding him to be a vexatious litigant. Plaintiff's abusive history of litigation centered around his repeated claims that his divorce was wrongfully decided warrants a vexatious litigant designation in this forum.

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

ii. Plaintiff does not have a good faith basis for his complaint.

As other courts have already noted in their own orders declaring Plaintiff a vexatious litigant, Plaintiff's sole objective in filing these repetitive actions is to re-litigate issues from his Divorce Action. In the Fourth Judicial Court's Nevada Order Granting Motion to Place Plaintiff on Vexatious Litigant List, the State Court specifically emphasized plaintiff's argument in his opposition that "if the Divorce Decree signed by Judge Estes goes away so do all the subsequent arguments by all parties." Ex. 15 at p. 4:15-16. The Court noted that such statement made it clear to the Court that Plaintiff understood he was re-litigating the exact same issues and making the exact same arguments in his repetitive actions. *Id.* Clearly, Plaintiff is not prosecuting these actions because he has some cognizable claim against the parties he is suing. The sole purpose of his lawsuits against WW Defendants and all other defendants is to overturn the result of his Divorce Action. By his own admission in pleadings before other courts, if his divorce decree "goes away," so would his claims against other parties. What's more, Plaintiff has already appealed his divorce decree to the Nevada Court of Appeals, and the court remanded on certain issues which went to hearing and are currently under submission. Having already appealed the outcome of his divorce through the proper state appeal channels, and having repeatedly filed and lost independent actions against innocent parties in other jurisdictions including this one attempting to overturn his divorce, Plaintiff cannot reasonably expect to prevail in this suit or any other suit like it. Plaintiff is knowingly bringing frivolous claims in bad faith, as he knows there is no reasonable probability that he'll succeed. This factor weighs in favor of declaring Plaintiff a vexatious litigant.

iii. Plaintiff's status as a pro se litigant does not absolve him of his vexatious conduct.

Plaintiff is a pro se litigant and has been through most of the actions discussed herein. However, this is not a factor that weighs against a vexatious litigant finding. First, Plaintiff's status as a pro se litigant is a product of his own vexatious conduct, as attorneys that have appeared at various points to represent him have promptly sought withdrawal, seemingly unwilling to take part in Plaintiff's meritless crusade or unwilling to end up as the newest defendants to Plaintiff's actions, as he has previously sued his own attorneys. In fact, one of the

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

defendants in this action is Plaintiff's former counsel. *See* Amended Complaint, ECF No. 22, at pp. 90-93.

In one of Plaintiff's state pleadings, he disclosed his own communications with his counsel wherein his former counsel informed Plaintiff of the attorney's ethical obligations, and his refusal to file something on behalf of Plaintiff, despite Plaintiff's demands that the attorney file the document. *See* Exhibit 7 to ECF No. 45, at p. 10. Therein, Plaintiff stated to his then-counsel:

> Plaintiff: Call it a motion for sanctions for Fraud in the Court for Shaun's continued crime fraud. Do whatever is necessary but it goes to the court . . . Aaron I hope I've made myself clear. The pleading goes to the court.
>
> Plaintiff's Former Counsel: Rule 11 requires that the attorney of record sign the documents that you filed. I told you I will not be filing anything and I am not signing off on anything you filed. For whatever reason you will not let me out of this case even though you are accusing me of purposely causing harm to you in your case and being in cahoots with Shawn and I will therefore have to wait until November 10 to be removed.

*Id.* Plaintiff is also not a typical pro se litigant. The sheer volume of cases and pleadings he files, coupled with the mounting number of court orders dismissing his actions and admonishing his conduct have undoubtedly put Plaintiff on notice that his conduct is not compliant with basic rules and procedures. In a similar situation in *Adams*, the court expressly held that a "court is not to sit idly by in the face of a litigant who exhibits a pattern of abusive or frivolous litigation," even if that litigant is pro se. *See Adams,* 2024 WL 1907718, at *12. This factor weighs in favor of declaring Plaintiff a vexatious litigant.

iv. <u>Plaintiff's Conduct has caused needless expense and burden to the courts and opposing parties.</u>

Plaintiff has dragged WW Defendants into frivolous actions across multiple courts in multiple states. WW Defendants have invested significant time, money, and resources to adequately respond to all of Plaintiff's frivolous pleadings within each case, and take affirmative steps through WW Defendants' own motions to show the courts the reality behind Plaintiff's continuous litigation. Likewise, because of the long history of divorce issues Plaintiff is attempting to undo, coupled with the extensive history of failed litigation that defendants have

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

to show the court through various dispositive and vexatious litigant motions, Plaintiff's actions create a significant burden on the court and its staff. In turn, the judges and staff are often rewarded by being a named defendant in Plaintiff's next lawsuit when the previous one inevitably fails like the rest of his actions.

This Court is "duty bound to read through each filing that comes before it," and it creates a significant burden when litigants like Plaintiff file repetitive and frivolous filings with no good faith basis and with no regard to rules governing pleadings, causing "an extraordinary, unnecessary burden on the court and its staff." *See Adams,* 2024 WL 1907718, at *14. Plaintiff has filed three separate complaints in this action, each hundreds of pages, and some including or referencing exhibits and documents in other actions.

Undoubtedly, if this Court does not find Plaintiff to be a vexatious litigant or otherwise elects to not issue a pre-filing order restricting him, Plaintiff will eventually file a new case in this Court recycling the same baseless claims that his Divorce Action should be overturned, and the court will be forced to read through and consider the same issues and pleadings that are already in the record in this case. Snyder has already demonstrated he will do as much by filing this action immediately after this Court dismissed his *Snyder v. Hill, et al., No. 3:24-cv-00267-MMD-CSD* action. This factor weighs in favor of declaring Plaintiff a vexatious litigant.

v. <u>There are no other adequate sanctions available to protect WW Defendants.</u>

Plaintiff's previous actions against WW Defendants in Nevada state courts and Utah and Nevada federal courts have ended in dismissals and multiple orders declaring Plaintiff a vexatious litigant and restricting his ability to file any new actions against WW Defendants. *See* Exhibits 13, 15, 24. Rather than accept the outcome of his Divorce Action, and the outcome of the dismissals against WW Defendants, Plaintiff has now filed another action against WW Defendants in this Court. It is clear that Plaintiff's conduct will not cease on his own volition. He will continue to harass WW Defendants and in turn abuse the judicial system until each court he files an action in begins limiting his conduct through vexatious litigant orders, with such orders being entered prior to any orders granting dismissal, whether voluntary or involuntary This factor weighs in favor of declaring Plaintiff a vexatious litigant.

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

**C. The Order against Plaintiff can be narrowly tailored.**

A vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). As other courts have already done, it is possible for an order declaring Plaintiff a vexatious litigant to be narrowly tailored to address actions Plaintiff brings to challenge his Divorce Action or to sue the parties involved in his Divorce Action for anything related to his Divorce Action.

In Case No. DC-CV-23-151, the Fourth Judicial District Court, Elko County, Nevada, the Court tailored the order to require that Max Snyder obtain legal counsel before "commencing or maintaining any civil action against any of the Defendants, their attorneys, the Fourth Judicial District Court, any judge in the Fourth Judicial District Court, or Senior Judge Estes." The Court further instructed the court clerks to not accept any new filings by Plaintiff against the same Defendants to that action, their attorneys, and the court and the judges.

In Case Nos. 4:23-cv-00007-DN-PK (Snyder v. Bagley, et. al.), 4:23-cv-00008-DN-PK (Snyder v. Sixth Judicial District of Utah, et al.), and 4:23-cv-00056-DN (Snyder v. Alex Goble, et al.), the United States District Court, District of Utah, specifically tailored the orders to address the duplicative nature of Max Snyder's actions. The Court ordered that any new complaint by Snyder would be reviewed by a Magistrate Judge to determine whether it is meritorious and should be filed, or whether it was without merit, duplicative, or frivolous. Upon such a determination, the Chief District Judge would review the complaint, and only upon the Chief District Judge's consent would the complaint be filed. Ex. 13 at p. 6.

In Case No. 206600609, Sixth Judicial District, Sevier County, Utah, the Court tailored the order by requiring that Max Snyder obtain legal counsel before proceeding in that action, and the Clerks of the Court were to accept no filings from Snyder himself, but only from a licensed Utah attorney representing him. *See* Ex. 16 at p. 5.

In Case No. 220300136, Fourth Judicial District Court, Utah County, Utah, the Court tailored the order by also requiring Max Snyder to obtain licensed counsel before proceeding in that case, and before bringing any future claim in that Court. The order also directed the Court Clerk to reject Snyder's filings if they were not signed by a licensed Utah attorney.

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

Most recently in the Second Judicial District Court for the County of Washoe, the Nevada state court tailored the order by prohibiting Snyder from filing any document "without first requesting the Chief Judge of the Second Judicial District Court find that the proposed filing is not frivolous and is not being filed for an improper purpose." Ex. 24.

In this action, this Court could tailor an order to address Plaintiff's abuses in line with the previous orders declaring Plaintiff a vexatious litigant. WW Defendants respectfully request that any order against Max Snyder:

1. Require Max Snyder to retain legal counsel before filing any new documents in this action or any future action against Woodburn and Wedge or any attorneys or employees employed by Woodburn and Wedge; and
2. Require that any new complaint Max Snyder, through licensed legal counsel, seeks to file against Woodburn and Wedge, or any attorneys or employees employed by Woodburn and Wedge, should only be permitted and filed upon review and consent of the Chief District Judge.

Such an order would be narrowly tailored to curb Plaintiff's flagrant abuses of the judicial system.

## IV. CONCLUSION

Plaintiff's conduct in this action and his litigation history preceding this action warrant no other outcome than to declare Plaintiff a vexatious litigant, and thereby restrict his filing abilities.

WW Defendants thereby respectfully request that this Court:

1. Require Max Snyder to retain legal counsel before filing any new documents in this action or any future action against Woodburn and Wedge or any attorneys or employees employed by Woodburn and Wedge; and

///

///

///

///

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

2. Require that any new complaint Max Snyder, through licensed legal counsel, seeks to file against Woodburn and Wedge, or any attorneys or employees employed by Woodburn and Wedge, should only be permitted and filed upon review and consent of the Chief District Judge.

DATED this 29th day of January, 2026

WOODBURN AND WEDGE

By: /s/ Seth J. Adams

Seth J. Adams, Esq.
Nevada Bar 11034
Jose A. Tafoya, Esq.
Nevada Bar No. 16011
Woodburn and Wedge
*Attorneys for Defendants Adams, Tafoya, and Woodburn and Wedge*

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify under penalty of perjury that I am an employee of the Law Office of Woodburn and Wedge, am over the age of eighteen years, and not a party to the within action. My business address is 6100 Neil Road, Suite 500, Reno, Nevada 89511. On this date, I served a true and correct copy of the foregoing document(s) described as **Motion to Declare Plaintiff a Vexatious Litigant and Restricted Filer** as follows:

**[X]** **By Electronic Service – CM/ECF**: I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**Via CM/ECF:**
Raymond Max Snyder, *pro per*
PO Box 69
Aurora, Utah 84620
maxsnyder@yahoo.com

[ ] By Mail: I enclosed the document(s) in a sealed envelope with postage fully prepaid addressed to the persons at the address listed below and placed the envelope for collection and mailing, following our ordinary business practices.

**[X]** **By electronic mail (e-mail) to the following e-mail addresses:**

Lauara Lisk, *pro per*
PO Box 4190
West Wendover, NV 89883
lauara.hughes.lisk@gmail.com

[ ] Federal Express or other overnight delivery

DATED this 29th day of January, 2026

/ s / *Kathy Miyoshi*
An employee of Woodburn and Wedge

## Table of Exhibits

| Exhibit No. | Title | No. of Pages |
|---|---|---|
| 1 | Utah District Court, Snyder v. Goble, et al., Complaint Filed July 20, 2023 | 42 |
| 2 | Utah District Court, Snyder v. Goble, et al., Amended Complaint Filed July 27, 2023 | 61 |
| 3 | Utah District Court, Snyder v. Bagley, et al., Complaint and Jury Demand Filed January 24, 2023 | 15 |
| 4 | Utah District Court, Snyder v. Bagley, et al., Amended Complaint and Jury Demand Filed January 31, 2023 | 17 |
| 5 | Utah District Court, Snyder v. Sixth Judicial District Court, et al., Complaint and Jury Demand Filed January 24, 2023 | 12 |
| 6 | Utah District Court, Snyder v. Sixth Judicial District Court, et al., Amended Complaint and Jury Demand Filed January 31, 2023 | 13 |
| 7 | Utah District Court, Snyder v. Fourth Judicial District Court, et al., Complaint and Jury Demand Filed January 5, 2024 | 24 |
| 8 | Nevada District Court, Snyder v. Robert Estes, et al., Complaint and Jury Demand Filed January 25, 2023 | 14 |
| 9 | Nevada District Court, Snyder v. Robert Estes, et al., Amended Complaint and Jury Demand Filed January 25, 2023 | 16 |
| 10 | Second Judicial District Court, Nevada, Complaint Filed November 30, 2022 | 91 |
| 11 | Second Judicial District Court, Nevada, Amended Complaint Filed February 12, 2023 | 92 |
| 12 | Family Division, Fourth Judicial District Court, Nevada, Summons and Complaint, Shawn B. Meador | 16 |
| 13 | Utah District Court, Snyder v. Bagley/Sixth Judicial District Court/Goble/Fourth Judicial District Court, Memorandum Decision and Order Filed January 1, 2024 | 7 |
| 14 | Utah District Court, Snyder v. Bagley/Sixth Judicial District Court/Goble/Fourth Judicial District Court, Order Filed February 13, 2024 | 3 |
| 15 | Fourth Judicial District Court, Nevada, Order Granting Motion to Place Plaintiff on Vexatious Litigant list Filed May 24, 2024 | 7 |
| 16 | Sixth Judicial District Court, Utah, Snyder v. Snyder, Order and Ruling Filed January 10, 2023 | 7 |
| 17 | Sixth Judicial District Court, Utah, Snyder v. Snyder, Order Declaring Raymond Max Snyder a Vexatious Litigant Filed April 12, 2023 | 8 |
| 18 | North Carolina Superior Court, Snyder v. Lisk, et al., Order Filed March 30, 2021 | 6 |
| 19 | Nevada Court of Appeals, Snyder v. Fourth Judicial District Court, et al., Emergency Petition Filed May 28, 2024 | 23 |
| 20 | Nevada Court of Appeals, Snyder v. Fourth Judicial District Court, et al., Order Denying Emergency Petition Filed June 28, 2024 | 3 |

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

| | | |
|---|---|---|
| 21 | Sixth District Court, Utah, Snyder v. Snyder, Request to Register a Foreign Judgment Filed December 2, 2020 | 3 |
| 22 | Fourth District Court, Utah, Snyder v. Snyder, Request for Hearing Filed December 8, 2010 | 127 |
| 23 | Fourth District Court, Utah, Snyder v. Snyder, Complaint Filed August 16, 2022 | 12 |
| 24 | Second Judicial District Court, Order Granting Motion to Place Plaintiff on Vexatious Litigant List Filed May 29, 2025 | 7 |

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000