# EXHIBIT 4
# Utah District Court, Snyder v. Bagley, et al.
# Amended Complaint and Jury Demand
# Filed January 31, 2023

RECEIVED US Dist Court -UT
JAN 31 '23 PM04:25

Raymond Max Snyder
PO Box 69
Aurora, Utah 84620
Phone: 801-641-6844
maxsnyder@yahoo.com

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RAYMOND MAX SNYDER<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE MARVIN BAGLEY<br><br>Individually and in His Official Capacity as Justice of The Sixth Judicial District Court, of Sevier County,<br><br>American Family Insurance; Lauara Ann Lisk; the Sevier County Sheriff.<br><br>and John and Jane Does 1-10.<br><br>Defendant(s) | Case No.: 4:23-cv-00007<br><br>AMENDED COMPLAINT<br>AND<br>JURY DEMAND<br><br>JUDGE: NUFFER, DAVID |

Plaintiff Raymond Max Snyder, pursuant to Rule 8(a), Fed.R.Civ.P., complains and alleges for a cause of action against Defendant(s) as follows:

## PRELIMINARY STATEMENT

This is a civil rights action in which the Plaintiff, Raymond Max Snyder, seeks relief for the Defendant(s) violation of his rights guaranteed by the United States Constitution, specifically the Fifth and Fourteenth Amendments, which rights are further secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and § 1988, and by the laws

and the Constitution of the State of Utah. Plaintiff seeks damages, both compensatory and punitive; affirmative and equitable relief; an award of attorney's fees, costs, and interest; and other and further relief as this Court deems just and equitable. This is further action at law to redress a deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the Plaintiff by the Fifth and Fourteenth Amendments of the Constitution of the United States and arises under the law and statutes of the State of Utah.

## I. The Parties to This Complaint

### A. The Plaintiff

| | |
|---|---|
| Raymond Max Snyder, | |
| Address | PO Box 69<br>Aurora, Utah 84620 |
| County | Sevier |
| Telephone Number | (801) 641-6844 |
| Email Address | maxsnyder@yahoo.com |

### B. The Defendant(s)

| | |
|---|---|
| Judge: Marvin Bagley | |
| Address | 845 East 300 North<br>Richfield Utah 84701 |
| County | Sevier |
| Telephone Number | (435) 896-2700 |
| Email Address | 6thsevierdocs@utcourts.gov |

| | |
|---|---|
| American Family Insurance<br>Steward B. Harman attorney<br>for American Family Insurance | |
| Address | 136 East South Temple, Suite 1700<br>Salt Lake City, Utah 84111<br>(801) 363-7611<br>sharman@pckutah.com |

Lauara Ann Lisk
Address — 427 Mesa Street, West Wendover NV 89883, (801) 891-7260, Lauara@yahoo.com

Sevier County Sheriff
Address — 835 East 300 North, Suite 200, Richfield, Utah 84701, (435) 896-2600

And John and Jane Does 1-10

## II. Basis of Jurisdiction

A. This suit is against a State official (a 1983 Claim) and American family Insurance and Lauara Ann Lisk for aiding and abetting and assessories to the state official. This action arises under the United States Constitution and federal law, particularly under the provisions of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. §§ 1983 and 1988.

B. This action seeks redress for violations of the civil rights laws of the United States, and jurisdiction is therefore invoked pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

C. The claims made in this Complaint occurred and arose in the State of Utah, and in the District of Utah. Venue is therefore proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1331.

D. Plaintiff is seeking damages under federal law pursuant to the claims for relief specified below, in amounts to be proved at trial.

E. This Court has authority to award costs and attorney fees pursuant to 42 U.S.C. § 1988.

F. This Court also has jurisdiction over any pendant State claims Plaintiff may wish to bring, or has brought, pursuant to 28 U.S.C. § 1367.

## III Statement of the Claim

1. On November 2, 2020, Plaintiff, Raymond Max Snyder (Max), filed a Complaint against, American Family Insurance (American Family), in the Sixth Judicial District Court in and for Sevier County, Richfield, Utah, for breach of contract, breach of implied covenant of good faith, loss of use, fraud… with a Jury Demand paid for, Case No. 200600078.

2. On August 3, 2021, a hearing was held concerning discovery and American Family furnishing Max with unusable discovery.

3. American Family attorney, Carson Fuller (Mr. Fuller), claimed that Max was computer illiterate as the reason he was unable to use and print American Family's discover produced on a flash drive.

4. Judge Marvin Bagley (Judge Bagley). ordered the parties to work it out and stated if the document is viewable on the computer he (Max) should be able to print it out and ordered Mr. Fuller to prepare an Order quashing Max's subpoenas requesting usable discovery.

5. Mr. Carson had lied to the court. The flash drive was prepared on a special Adobe program that was unavailable to Max. American Family refused repeated

requests from Max to furnish usable discovery causing Max to try to subpoena it.

6. On December 20, 2021, a hearing was held on Max's March 2, 2021 Motion for Summary Judgment… or in the Alternative to Supplement Discovery for American Family's continuing refusal to produce usable discovery

7. Discovery was discussed and the fact that American Family assisted Max's then wife, Lauara Ann Snyder (Lauara), in hiding the motorhome from Max in a storage unit, in Henderson, Nevada, for approximately 2 years, and the damages to and items stolen from the vehicle during that time. The Judge Bagley requested American Family prepare the Order denying Max's motion.

8. The order prepared by Mr. Carson ordered Max's 5th cause of action, loss of use, to be denied. The order drafted by American Family falsely stated the court ordered it dismissed with prejudice.

9. American Family's order for Max's Eight Cause of action, Fraud, dismissed with prejudice, again stating falsely, that Judge Bagley dismissed Fraud with prejudice.

10. American Family's order falsely stated the court dismissed with prejudice Max's Cause of Action for punitive damages.

11. Judge Bagley did not dismiss any of Max's causes of action with prejudice.

12. Judge Bagley ordered that American Family was to have an additional 60 days to conduct discovery, to take Max's deposition, and to establish the

value of the motorhome.

13. Judge Bagley declined to allow Max further discovery.

14. American Family declined to take Max's or any other person(s) deposition or to determine the value of the motorhome…the reasons Judge Bagley allowed the extra 60 days of discovery for American Family.

15. Instead of taking depositions and establishing the value of the motorhome, American Family fabricated depositions, with false testimony, for five witnesses it planned to use at trial, including Max's ex-wife, Lauara.

16. A hearing was held on February 1, 2022. Max prepared his argument and furnished it to American Family and the Court. Judge Bagley declined to allow Max to use his prepared argument.

17. Max had opposed the previous order dismissing his causes of action with prejudice when Judge Bagley had stated without prejudice.

18. Judge Bagley denied Max's motions to disallow the order dismissing his causes of action with prejudice and let it stand with the dismissals with prejudice.

19. Judge Bagley became agitated and hurriedly left the hearing with instructions for American Family to prepare a second Order. Judge Bagley did not state with prejudice.

20. Max and American Family were not sure the hearing had ended and had to ask the clerk to find the judge to ask.

21. The hearing had ended unexpectedly with incomplete instructions.

22. American Family again prepared an Order dismissing all of Max's causes of action with prejudice. Max filed a Rule 60(b) objection.

23. On March 17, 2022, American Family filed its Second Motion for Summary Judgment referencing the declarations of its witnesses, that American Family had drafted following the December 20, 2021 Hearing.

24. On March 28, 2022, Max filed an Amended Response to Defendant American Family Insurance's Second Motion for Summary Judgment "With Declaration" and Plaintiff's Counterclaim (Cross-Motion) for Summary Judgment. The pleading included, as a separate document and exhibit, Max's Declaration, responding to Defendant American Family's declarations for its witnesses.

25. The pleading(s) supported that Max's ex-wife, Lauara, had extensively vandalized and burglarized the motorhome and that she and American Family had covered it up to avoid American Family's obligation to repair the motorhome.

26. The pleading(s) confirmed that Lauara had committed perjury in her deposition for American Family and that American Family had never paid a dime on the homeowners' portion of the claim as they and Lauara claimed.

27. The pleading(s) confirmed that American Family had contractually agreed to have the motorhome repaired by the manufacturer then breached its contract and declined to finish repairing the motorhome or pay for the items stolen from the RV.

28. The pleading(s) confirmed that American Family fabricated the false testimony of its agent, Igor Sarik, who changed his testimony and claimed he did not

know Findlay (the Findlay group), to whom Mr. Sarik had sent Max, stating that Findlay was qualified and had worked on those motorhomes before.

29. Mr. Sarik insisted that the motorhome had to go to a shop in Las Vegas if he found a qualified repair facility in Las Vegas.

30. Mr. Sarik assured Max Findlay was qualified.

31. Findlay was not. Mr. Sarik later agreed Findlay was not qualified.

32. A hearing was held on December 20, 2022.

33. Max began and stated his case walking through his Amended Response to Defendant American Family Insurance's Second Motion for Summary Judgment referenced above.

34. American Family then responded and could not refute a single point Max had made; could not refute that American Family had breached its contract with Max; could not refute they sent Max to Findlay then lied claiming they had not; could not refute that Findlay was unqualified; did not refute that American Family had not paid a dime on the homeowner's policy; could not refute they had assisted Lauara in hiding the motorhome from Max; could not refute that Lauara had burglarized the motorhome and that the Henderson police had confirmed that, and could not refute that they breached their contract with Max. The hearing video documents American Family's inability to contest Max's statements and evidence.

35. In assisting Lauara in hiding the vandalized and burglarized motorhome from Max, American Family assisted Lauara in breaching her fiduciary duty to Max.

36. The only substantiative objection American Family made was that Max accused American Family and its agents of lying when Mr. Palmer requested the Plaintiff refrain from making accusations against the defendant's counsel.

37. American Family could not and did not refute Max's claim that American Family breached its contract with Max to have the RV repaired by the manufacturer.

38. Max provided American Family a flash drive confirming that Lauara vandalized and burglarized the motorhome.

39. Earlier, Max had filed charges with the Sevier County Sheriff's Office alleging that Lauara had attempted to kill him by poisoning him several times.

40. The Sherriff's officer who took the complaint, altered Max's allegations stating that Max had eaten the same food prepared by Lauara again and again. The period of time this covered had been 3-4 months and Max had gotten ill each time, hospitalized at times and consequentially was required to have emergency surgery to remove his gall bladder following one of the incidents. Hair follicle tests revealed poison.

41. Max provided the Sherriff's office and the Sevier County attorney testimony from Lauara at a TRO hearing confirming that the incidents took place over several months, had taken place in Canada, Montana, Utah, and on a cruise, thus exposing the falsification of the Sevier County Sheriff's officer's report.

42. Max's exposing the officer's falsification of his complaint led to the Sherriff filing second-degree auto theft charges against Max. This was following the Sheriff telling Max, knowing that he was being recorded, that Max could retrieve the

vehicle from the neighbor's property where Lauara with the assistance of Sheriff's officers had moved the vehicle with Max's possession.

43. The County attorney had Lauara set to testify against Max in that case. The trial was scheduled to be before Judge Bagley.

44. At a hearing on the charges against Max, Judge Bagley signed an extension when it became apparent that the vehicle theft may have been false.

45. Lauara's credibility as a witness for American Family testifying against Max would have destroyed her testimony on the auto theft charges before Judge Bagley had Max been allowed his constitutional rights to proceed to trial for the motorhome.

46. The poisoning allegations covered up by the Sheriff's Office woud have destroyed Lauara's testimony.

47. At the end of the December 20, 2022, hearing on the motorhome Judge Bagley ask each party to draft an Order and stated he would sign one of them.

48. Max drafted an order referencing the documents he argued at the December 20, 2022 hearing and documents provided in his Amended Response to American Family's Second Motion for Summary Judgment. Max also provided a Word version of the order he drafted should the Judge want to make edits.

49. American Family's order, prepared for the court, declined to reference argument from the December 20, 2022 hearing.

50. On January 19, 2023, Judge Bagley signed American Family(s) bogus Order, and again dismissed all of Max's claims with prejudice.

51. The district court declined to furnish Max a copy of that order just as it declined to furnish Max a copy of the order from Judge Bagley in a previous foreign judgment hearing before Judge Bagley.

52. By signing American Family's order, Judge Bagley obligated Max to pay Lauara, American Family's witness and the states witness against Max, $70,000. Basically Lauara was rewarded $70,000 for the perjury in her deposition.

53. In addition to other violations of Max's civil rights, Judge Bagley acted unconstitutionally, and in an egregious discriminative manner against Max, a 75 year old disabled and retired construction worker. Judge Bagley is slated in the near future to reside over the case in which Max is being accused of second degree auto theft rising out of an incident where Max was told by the Sheriff that he could retrieve the vehicle with his possessions from the neighbor's property. If found guilty, Max could be sentenced to prison. This incident is just one of Max's claims of denial of equal protection under the Fourteenth Amendment,

54. During the December 10, 2022, hearing Max referenced a Utah Supreme Court decision citing a U.S. Supreme Court decision… "Finally, in general, a pro se document is to be liberally construed…[However] inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed … if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *McNair v. State* 20110766-CA8 UT App 127 *Estelle v. Gamble* 429 U.S.

55. Max cited this again in his Order along with other cases. A review of the audio of the December 10, 2022 hearing confirms Max prevailed at that hearing.

56. Max would have prevailed if he had been allowed the jury trial he paid for. *See* Exhibit 1, (this Exhibit was provided with the original Complaint) the Order prepared by Max following Judge Bagley's instructions at the December 20, 2022 hearing.

57. Judge Bagley had no intention of allowing Max a jury trial and acted unconstitutionally in an egregious discriminative manner against Max giving rise to Max's claim of denial of equal protection and due process under the Fifth and Fourteenth Amendments.

58. American Family Insurance and Lauara assisted the judge in violating Max's constitutional rights by fabricating testimony.

59. When it believed that Max might file a civil rights suit against it and Judge Bagley American Family Insurance filed a Reply in Support of Rule 83 Motion for Plaintiff to Be Found a Vexatious Litigant and ban Max from being able to file complaints in the future or protect himself against American Family, Lauara, the Sevier County Sheriff or the court. *See* Exhibit 2.

60. On June 20, 2021, and August 13, 2021, Max filed a complaint with the Sevier County Sheriff's office confirming that Lauara had been secretly repaid $650,000 in loans that she and Max had made Lauara's son, Adam Lisk and that Lauara had hidden the loan repayment from Max and kept the funds, case no. 2012-242.

61. On July 9, 2021, Max, a Sevier County, Utah resident, filed a complaint with the Sevier County Sheriff's Office confirming that Lauara had stolen a business awarded to both. Case No. 3107-122. The Sheriff's Office closed the case stating that the theft occurred in Nevada.

62. Max confirmed that at the divorce trial, in August 2020 Lauara claimed the loans were still outstanding and insisted they be awarded to Max. The divorce court awarded the loans to Max as his separate property. The unpaid loans today would have been worth approximately $2,000,000.

63. Max's complaint to the Sheriff confirmed that when Max challenged the loans had been repaid, Lauara and her attorney insisted the loans were outstanding and threatened to come after Max for half their value.

64. The Sheriff's office confirmed the loans had been repaid to Lauara but insisted that Max knew they had and the matter was civil. They refused to become involved.

65. On the morning of November 15, 2021, Max was leaving for Salt lake City and observed a trespasser on his property. The trespasser refused to leave. Max called the Sevier County Sheriff's Office who came out and trespassed the individual from the property.

66. When max arrived home that evening the trespasser was on his property removing Max's field fence.

67. On November 16, 2021, Max filed a complaint with the Sevier County Sheriff's Office. The Sheriff's office ruled the incident was a civil matter and refused to act.

68. The cover-up refusal to protect Max from these incidents, by American Family Insurance and the Court was intended to protect Lauara's credibility and to allow the Sevier County Sheriff's cover-up of Max's alleged attempted murder, and the other referenced incidents, by Lauara so that Lauara could testify against Max in the trumped-up auto theft charges.

## IV. Injuries

69. As a result of Judge Bagley's, the Sevier County Sheriff's, Lauara, American Family Insurance, and their attorneys' actions, Max has been hospitalized and treated for anxiety attacks. In addition, Max has suffered from depression and he and his family are concerned for his safety in Sevier County. Max's reputation has been further damaged and will weigh heavily against him in future matters, including anything heard in the district court and Judge Bagley.

## V. Relief

WHEREFORE, Plaintiff demands judgment against Defendant(s) as follows:

1. That all orders concerning Max, in all cases heard by or scheduled to be heard by Judge Bagley be dismissed with prejudice;
2. That all judgments entered against Max including interest are the responsibility of Defendant(s) to pay;

3. For general compensatory damages in an amount to be determined at trial but not less than $5,450,000;

4. Defendant(s) will provide Max with all the items he reported stolen from the motorhome which, American Family and Lauara claimed to have reimbursed Max for but had not, and which were also denied Max when Judge Estes signed American Family's order;

5. Defendant(s) are responsible for and are to pay all costs for having the motorhome transported to and from the RV's manufacturer and repaired to Max's satisfaction;

6. For special damages as shown at trial;

7. For punitive damages against named individuals as may be allowed by law;

8. For pre-judgment interest on the damages assessed by the verdict of the jury, as allowed by law;

9. For Plaintiff's costs and reasonable attorney fees incurred herein, pursuant to 42 U.S.C. 1988; and

10. For such other and further relief as the Court deems just and proper.

**VI. Certificate of Closing** Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase costs of litigation; (2) is

supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.** I am retired and attempt to travel to see family. I respectfully request to be allowed to provide and be provided pleadings and other documents by email. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED this 30rd day of January 2023.

*/s/ Raymond Max Snyder*

Raymond Max Snyder