# EXHIBIT 6
# Utah District Court, Snyder v. Sixth Judicial District Court, et al., Amended Complaint and Jury Demand Filed January 31, 2023

Raymond Max Snyder
PO Box 69
Aurora, Utah 84620
Phone: 801-641-6844
maxsnyder@yahoo.com

RECEIVED US Dist Court-UT
JAN 31 '23 PM04:28

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RAYMOND MAX SNYDER<br>Plaintiff,<br><br>vs.<br><br>SIXTH JUDICIAL DISTRICT COURT IN AND FOR SEVIER COUNTY UTAH AND<br>JUDGE: ROBERT P. FAUST<br><br>Individually and in His Official Capacity as Justice of The Sixth Judicial District Court of Sevier County.<br><br>MATTHEW HOWELL ESQ. AND<br><br>JOHN AND JANE DOES 1-10.<br><br>Defendant(s) | Case No.: 4:23-cv-00008<br><br>AMENDED COMPLAINT AND JURY DEMAND<br><br>Judge: Nuffer, David |

Plaintiff Raymond Max Snyder, pursuant to Rule 8(a), Fed.R.Civ.P., complains and alleges for a cause of action against Defendant(s) as follows:

PRELIMINARY STATEMENT

This is a civil rights action in which the Plaintiff, Raymond Max Snyder, seeks relief for the Defendant's violation of his rights guaranteed by the United States Constitution, specifically the Fifth and Fourteenth Amendments, which rights are further

secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and § 1988, and by the laws and the Constitution of the State of Utah. Plaintiff seeks damages, both compensatory and punitive; affirmative and equitable relief; an award of attorney's fees, costs, and interest; and other and further relief as this Court deems just and equitable. This is further action at law to redress a deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the Plaintiff by the Fifth and Fourteenth Amendments of the Constitution of the United States and arises under the law and statutes of the State of Nevada.

## I. The Parties to This Complaint

### A. The Plaintiff

| | |
|---|---|
| Raymond Max Snyder, | |
| Address | PO Box 69<br>Aurora, Utah 84620 |
| County | Sevier |
| Telephone Number | (801) 641-6844 |
| Email Address | maxsnyder@yahoo.com |

### B. The Defendants

| | |
|---|---|
| Judge: Robert Faust | |
| Address | 3rd Judicial District Court<br>450 South State Street<br>Salt Lake City, Utah 84111 |
| County | Sevier |
| Telephone Number | (801) 238-7197 |
| Email Address | 3rdfaustteam@utcourts.gov |

| | |
|---|---|
| The Sixth Judicial District Court, Sevier County Utah | |
| Address | 845 East 300 North<br>Richfield Utah, 84701 |
| County | Sevier |

Case 3:23-cv-00705-DMD-DCS Document 1 Filed 01/29/25 Page 3 of 10

| | |
|---|---|
| Telephone | (435) 896-2700 |
| Email Address | 6thdocs@utcourts.gov |
| Matthew Howell Esq. | |
| Address | Fillmore Spencer LLC<br>3301 N. University Ave.<br>Provo, Ut 84604 |
| County | Utah |
| Telephone | (801) 462-8208 |
| Email | mhowell@fslaw.com |

## II. Basis of Jurisdiction

A. This suit is against a State official (a 1983 Claim). This action arises under the United States Constitution and federal law, particularly under the provisions of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. §§ 1983 and 1988.

B. This action seeks redress for violations of the civil rights laws of the United States, and jurisdiction is therefore invoked pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

C. The claims made in this Complaint occurred and arose in the State of Utah, and in the District of Utah. Venue is therefore proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1331.

D. Plaintiff is seeking damages under federal law pursuant to the claims for relief specified below, in amounts to be proved at trial.

E. This Court has the authority to award costs and attorney fees pursuant to 42 U.S.C. § 1988.

F. This Court also has jurisdiction over any pendant State claims Plaintiff may wish to bring or has brought, pursuant to 28 U.S.C. § 1367.

G. This Court also has jurisdiction over pendant State claims Plaintiff may wish to bring, or has brought, pursuant to FRCP Rule 60(b)(1), (b)(2), and (b)(3).

**III Statement of the Claim**

1. Plaintiff, Raymond Max Snyder (Max) and Lauara Ann Snyder (Lauara) were married on October 13, 2001. It was Max's third marriage and Lauara's second. No minor children were involved.

2. Max had been debt free for several years and owned his home outright. Lauara was under-water in debt.

3. Max put his name on Lauara's loans and the couple paid off her businesses and home.

4. Max and Lauara were divorced in Elko, Nevada at a trial from August 18-21, 2020, presided over by Judge Robert E. Estes (Judge Estes).

5. Following the trial, Lauara was debt free and awarded all the businesses and her home, paid for by her and Max and worth millions.

6. Max was left with judgments against him for more than he was worth causing Max to file for bankruptcy and requiring Max to represent himself.

7. Max appealed the divorce decree.

8. A foreign judgment from Nevada was entered against Max with the Sixth Judicial District Court in Sevier County, Utah on December 1, 2020, Case No.

206600609.

9. To prevent Max from opposing the foreign judgment Lauara's attorney instructed Max that to oppose the foreign judgment Max had to file a request for hearing at the Fourth Judicial District Court at 137 N Freedom Blvd., Provo UT 84601.

10. This was during the Covid-19 lock-down and the court was not taking phone calls. Max drove to the court to be informed that they had no idea what he was inquiring about.

11. Judge Faust allowed Lauara's fraud.

12. Lauara's attorney fraudulently stated that Lauara had been awarded all of Max's water rights, including those awarded to Max that he had lawfully transferred. Lauara threatened to sue the individual she believed the water was transferred to, threatening that if he did not turn the shares over to her she would sue him.

13. Judge Faust allowed the fraud by Lauara.

14. On January 20, 2023, Max discovered that his URCP 60(b)(3) and (6) Max filed with the Sixth Judicial Court for this case was instead filed with another case, Case No. 200600078 and (6). It was newly discovered evidence pursuant to FRCP Rule 60(b)(2), and a mistake pursuant to 60(b)(1), was never considered and should be. *See* Exhibit 1.

15. This mistake, by the court, and even a judge, allows for the foreign judgment to be overturned under FRCP 60(b)(1). *See* the U.S. Supreme Court in *Kemp v. United States*, 21-5726, (6/13/2022): In an 8-1 decision, the Court held that the term

"mistake" in Federal Rule of Civil Procedure 60(b)(1) and includes a judge's errors of law.

16. Unlike attorneys, Max, who is pro se does not have access to the case file online showing where the pleading was filed.

17. The mistake was evident to Lauara's attorney who declined to acknowledge it and allowed the court to rule against Max. For that reason alone, the judgment should be overturned with prejudice pursuant to Rule 60(b)(3).

18. That pleading confirmed that Lauara and her attorney had committed fraud on the court in their effort to enter a foreign judgment.

19. Max confirmed in that pleading, Lauara's fraud and that the Utah Supreme Court in *Data Management Systems, Inc. v. EDP CORP.* 709 P/29 377 (1985), quoting *Phares v. Nutter*, 125 Ariz. 291, (1980) found that a Rule 60(b) motion is available to challenge a foreign judgment for fraud.

20. *Data Management Systems, Inc…* also allowed a foreign judgment to be defeated for lack of jurisdiction and lack of due process. Max confirmed several instances of each.

21. A hearing was held on November 29, 2021. Judge Faust stated he had read all of Max's pleadings more than once.

22. At the hearing, Judge Faust declined to allow Max to present his argument on the fraud.

23. Speaking directly to Max Judge Faust stated:

> "Now, as you know, because the way you have briefed your document, foreign judgments—okay? – can only be attacked on two bases, Right? Lack of jurisdiction and fraud."

24. Judge Faust missed "lack of due process."

25. Max had cited several instances of lack of due process, fraud, and lack of jurisdiction in his pleadings.

26. Judge Faust ruled against Max and entered a foreign judgment for Lauara on December 19, 2021, in the amount of $430,713.96

27. On October 20, 2020, the Nevada Court of Appeals overturned the divorce decree remanding it back to the district court.

28. On November 18, 2022 Lauara filed a Notice of Appellate Decision… stating (without any authority) that the reversal by the Nevada Court of Appeals is now no less than $129,407.00.

29. The original foreign judgment against Max should have been withdrawn. It was not.

30. On December 2, 2022, Max filed Defendant's Response to Plaintiff's Notice of Appellate Decision in Underlying Case, and Defendant's URCP Rule 60(b)(3) Motion for Dismiss all Plaintiff's Claims with Prejudice Under Rule 41(b), and Motion for Default Judgment Making Defendant Whole. *See* Exhibit 2

31. The pleading again confirmed the fraud, lack of jurisdiction, and lack of due process that would prevent the entry of the foreign judgment.

32. All parties, including Judge Faust, knew Max could not afford an attorney.

33. The Utah Supreme Court citing a U.S. Sup. Ct. ruling, states:

> "Finally, in general, a pro se document is to be liberally construed... [However] inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed...if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *McNair v. State* 2011766-CA8 2014 UT App 127 *Estelle v. Gamble,* 429 U.S.

34. To prevent Max from overturning the foreign judgment, Lauara's Attorney, Matthew Howell, drafted, and Judge Faust signed an Order and Ruling on Plaintiff's Motion for Vexatious Litigants Order and Ruling Denying Defendant's Motions, and designating Max a vexatious litigant.

35. The motion was made in bad faith knowing the foreign judgment was improperly entered in Utah. Pursuant to the decision in *McNair v. State,* Max's pleading must be allowed.

36. Mr. Howell who had committed fraud on the court knew that Max had exposed his and the divorce court's fraud, the lack of due process allowed Max, and the lack of jurisdiction by the divorce court.

37. To avoid Max exposing his and Judge Faust, flagrant disregard for Max's civil rights, Mr. Howell drafted the order signed by Judge Faust designating Max a vexatious litigant and preventing Max from filing future papers with the sixth district court.

38. Mr. Howell and Judge Faust violated Max's Fifth and Fourteenth Amendment rights.

39. To protect his reputation and to keep his order from being overturned Judge Faust signed the order declaring Max a Vexatious Litigant, disallowing Max's pleadings and ordering the court to reject all Max's pleadings. *See* Exhibit 3.

## IV. Injuries

40. As a result of the Defendants' actions, Max has suffered anxiety attacks, requiring hospitalization. In addition, Max has suffered from depression.

## V. Relief

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For the foreign judgment against Max to be dismissed with prejudice and for general compensatory damages in an amount to be determined at trial;

2. That any foreign judgment entered against Max including interest is the responsibility of defendants to pay.

3. For special damages as are shown at trial restoring Max to his pre-divorce financial status;

4. For punitive damages against named individuals as may be allowed by law;

5. For pre-judgment interest on the damages assessed by the verdict of the jury, as allowed by law;

6. For Plaintiff's costs and reasonable attorney fees incurred herein to

date, pursuant to 42 U.S.C. 1988; and

7. For such other and further relief as the Court deems just and proper.

**VI. Certificate of Closing** Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase costs of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.** I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

DATED this 31st day of January 2023

*/s/ Raymond Max Snyder*

Raymond Max Snyder

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Raymond Max Snyder

**(b)** County of Residence of First Listed Plaintiff U.S.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se

## DEFENDANTS

Judge Robert P. Faust et al

County of Residence of First Listed Defendant U. S.
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Civil Rights under 42 U.S.C. 1983 and 1988.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

FSC MIX Board FSC® C116916

PAPER POUCH how2recycle.info

UNITED STATES POSTAL SERVICE | PRIORITY® MAIL

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$9.65
Origin: 84701
01/30/23
4973440701-09

PRIORITY MAIL®

0 Lb 4.90 Oz
RDC 05

EXPECTED DELIVERY DAY: 01/31/23

C002

SHIP TO:
351 S WEST TEMPLE
STE 1100
SALT LAKE CITY UT 84101-1948

USPS TRACKING® #

9505 5158 1206 3030 8302 37

- Expected deliver
- Most domestic s ... apply).*
- USPS Tracking® ... ations.
- Limited internat
- When used inte ... e

*Insurance does not ... coverage.
Domestic Mail Manu
** See International M

FLAT R
ONE RATE ■

TRACK

PS0

... Package Pickup,
... QR code.
...COM/PICKUP

FROM:
Max Snyder
PO Box 69
Aurora, UT 84620

TO:
United States District Court
District of Utah
Clerks Office Room 1.100
351 South West Temple St.
Salt Lake City, UT 84101