# EXHIBIT 12
# Family Division, Fourth Judicial District Court, Nevada, Summons and Complaint Issued November 16, 2023

IN THE FAMILY DIVISION

OF THE FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF ELKO

Raymond Max Snyder,
Plaintiff

vs.

Shawn B. Meador, et al
Defendants

Case. No. DC-CV-23-151

Dept. No. 1

## SUMMONS

**TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND IN WRITING WITHIN 20 CALENDAR DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.**

A civil complaint or petition has been filed by the plaintiff(s) against you for the relief as set forth in that document (see complaint or petition). When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure, Rule 4(b).
The object of this action is: NRCP Rule 60 Independent Action for Relief from Judgment.

1. If you intend to defend this lawsuit, you must do the following within 20 calendar days after service of this summons, exclusive of the day of service:
   a. File with the Clerk of the Court, whose address is shown below, a formal written **answer** to the complaint or petition, along with the appropriate filing fees, in accordance with the rules of the Court, and;
   b. Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address is shown below.
2. Unless you respond, a default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the complaint or petition.

Dated this day of, Nov 16, 2023.
Issued on behalf of Plaintiff(s):

Name: Raymond Max Snyder
Address: PO Box 69,
Aurora, UT 84620
Phone: 801-641-6844

Rebecca Plunkett
CLERK OF THE COURT

By: [signature]
Deputy Clerk
Fourth Judicial District Court
550 Court Street, 3rd Floor
Elko, NV 89801

# DECLARATION OF PERSONAL SERVICE

(To be filled out and signed by the person who served the Defendant or Respondent)

I, ______________________________________________, declare:
(Name of person who completed service)

1. I [ ]AM –OR– [ ] AM NOT a party to this action.

2. I [ ] AM –OR– [ ] AM NOT over 18 years of age.

3. I [ ] personally served, a person who

[ ] WAS –OR– [ ] WAS NOT of suitable age and discretion by handing him/her a copy of the following: [ ]Summons; [ ] Complaint; [ ] Civil Cover Sheet;

[ ] Family Court Information Sheet; Declaration of Resident Witness;

[ ] Notice of Case Management Conference; General Financial Disclosure Form;

[ ] Motion to ____________________________________________________;
(name of Motion)

[ ] Other:_Summons to Woodburn & Wedge,

at the following address: Woodburn & Wedge, 6100 Neil Rd, #500, Reno, NV 89511

on the ____day of ______________________, 20__ .

4. The person I served DOES –OR– DOES NOT live at that address.

This document does not contain the Social Security Number of any person.

I declare, under penalty of perjury under the law of the State of Nevada, that the foregoing is true and correct.*

Signature:_________________________________
(Signature of person who completed service)

Date:____________________Printed Name:__________________________________

*The penalty for willfully making a false statement under penalty of perjury is a minimum of 1 year, and a maximum of 4 years in prison, in addition to a fine of not more than $5,000.00. N.R.S. § 199.145. Reno, Nevada 89501

# DISTRICT COURT CIVIL COVER SHEET

Elko County, Nevada

Case No. DC-CV-23-151
(Assigned by Clerk's Office)

2023 NOV 16 AM 10: 47
4TH JUDICIAL DISTRICT COURT
CLERK ___ DEPUTY

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Raymond Max Snyder | Shawn B Meador |
| PO Box 69 | Woodburn & Wedge, |
| Aurora, UT 84620 | PO Box 2311 |
| | Reno, NV 89505 |
| E-mail address: | E-mail address: postmaster@woodburnandwedge.com |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Pro Se | |
| Law Firm/Bar # | Law Firm/Bar # |
| E-mail address: | E-mail address: |

## II. Nature of Controversy *(Please Select the Primary Complaint or the One Most Applicable Case Type Below)*

### Civil Case Filing Types

**Real Property**

Landlord/Tenant
- [ ] Unlawful Detainer
- [ ] Other Landlord/Tenant

Title to Property
- [ ] Judicial Foreclosure
- [ ] Foreclosure Mediation Assistance
- [ ] Other Title to Property (e.g., Quiet Title)

Other Real Property
- [ ] Condemnation/Eminent Domain
- [ ] Other Real Property

**Torts**

Negligence
- [ ] Auto
- [ ] Premises Liability
- [ ] Other Negligence

Malpractice
- [ ] Medical/Dental
- [ ] Legal
- [ ] Accounting
- [ ] Other Malpractice

Other Torts
- [ ] Product Liability
- [x] Intentional Misconduct
- [ ] Employment Tort
- [ ] Insurance Tort
- [ ] Other Tort

**Probate**

Probate *(select case type and estate value)*
- [ ] Summary Administration
- [ ] General Administration
- [ ] Special Administration
- [ ] Set Aside ( ) Surviving Spouse
- [ ] Trust/Conservatorship
- [ ] Other Probate

Estate Value
- [ ] $300,000 or Greater
- [ ] $200,000-$299,999
- [ ] $100,001-$199,999
- [ ] $25,001-$100,000
- [ ] $20,001-$25,000
- [ ] $2,501-20,000
- [ ] $2,500 or less

**Construction Defect & Contract**

Construction Defect
- [ ] Chapter 40
- [ ] Other Construction Defect

Contract Case
- [ ] Uniform Commercial Code
- [ ] Building and Construction
- [ ] Insurance Carrier
- [ ] Commercial Instrument
- [ ] Collection of Accounts
- [ ] Employment Contract
- [ ] Other Contract

**Judicial Review/Appeal**

Judicial Review
- [ ] Petition to Seal Records
- [ ] Mental Competency (in Lower Court Proceedings)

Nevada State Agency Appeal
- [ ] Department of Motor Vehicle
- [ ] Worker's Compensation
- [ ] Other Nevada State Agency

Appeal Other
- [ ] Appeal from Justice/Municipal Court
- [ ] Other Judicial Review/Appeal

**Civil Writ**

Civil Writ
- [ ] Writ of Habeas Corpus
- [ ] Writ of Mandamus
- [ ] Writ of Quo Warrant
- [ ] Writ of Prohibition
- [ ] Other Civil Writ

**Other Civil Filing**

Other Civil Filing
- [ ] Compromise of Minor's Claim
- [ ] Foreign Judgment
- [ ] Other Civil Matters

***Business Court filings should be filed using the Business Court civil coversheet.***

November 16, 2023
Date

Raymond Max Snyder
Signature of initiating party or representative

*See other side for family/juvenile-related case filings.*

Defendants

Shay Wells
Woodburn & Wedge
PO Box 2311
Reno, NV 89505
postmaster@woodburnandwedge.com

Woodburn & Wedge
PO Box 2311
Reno, NV 89505
postmaster@woodburnandwedge.com

Lauara Ann Lisk
PO Box 2530
West Wendover, NV 89883

Case No. DC-CV-23-151

DEPT. 1

2023 NOV 16 AM 10: 47

4TH JUDICIAL DISTRICT COURT

CLERK ____ DEPUTY ____

Pursuant to NRS 239b.030, the undersigned affirms that this document does not contain social security numbers.

FOURTH JUDICIAL DISTRICT COURT
IN AND FOR ELKO COUNTY NEVADA

| | |
|---|---|
| RAYMOND MAX SNYDER,<br><br>Plaintiff<br><br>vs.<br><br>LAUARA ANN SNYDER, SHAWN B. MEADOR, SHAY WELLS AND WOODBURN & WEDGE.<br><br>Defendants | Judge: |

**PLAINTIFF'S COMPLAINT, INDEPENDENT ACTION, AGAINST DEFENDANTS UNDER RULE 60 TO SET ASIDE JUDGMENT IN CASE NO. DR-MD-17-757AND TO AWARD THE PLAINTIFF TREBLE HIS DAMAGES ADDRESSED IN PREVIOUS PLEADINGS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF FACTS**

On May 30, 2023, Plaintiff, Raymond Max Snyder (Max), filed with the Court, HEARING BRIEF FOR OCTOBER 11, 2023 HEARING, AND SUPPORTING ARGUMENT FOR RULE 60(b)(1) THROUGH 60(b)(6), RULE 60(d)(3), NRS 199.210, NSCR 2.11, AND THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT..., FOR VACATING THE DIVORCE DECREE (Plaintiff's Brief). This pleading confirmed that 1) the Divorce Decree was obtained by fraud on the court; 2) that Defendant, Lauara Ann Snyder (Lauara), had secretly allowed her

son, Adam Lisk (Adam), to place the couple's $650,000 loans to Adam into his North Carolina LLC bankruptcies listing Lauara as the sole creditor; 3) that the Divorce Decree was drafted from Defendant, Lauara's, fraudulent pre-Trial Statement; 4) that the Orders drafted by Lauara's attorney, Shawn B. Meador (Mr. Meador), and signed by Judge, Robert E. Estes (Judge Estes) violated Rule 11, Rule 60 and NRS 199.210. 5) that the Court ordered Professional Services was community property to be sold and the proceeds split, but that Lauara changed the name of the company, retained the assets and customers' and continued in business; 6) that contrary to Max's testimony, Lauara falsely testified that Max's disability was worker's compensation and Max had comingled his disability checks with community property and the Court erroneously awarded Lauara awarded half of Max's separate account; 7) that Max's attorneys were improperly dismissed for a conflict of interest in representing Max and Lauara going after the loans to Lauara's son, Adam Lisk (Adam); 8) that Lauara's attorney drafted Order's signed by Judge Estes that violated Rules 11, Rule 60 and NRS 199.210; 9) that Lauara was improperly awarded all her attorney fees; 10) that Lauara was improperly allowed to pay her attorney from her community property IRAs then was allowed to retain all those funds and awarded a portion of Max's IRAs, in violation of the financial restraining order drafted by Mr. Meador; 11) that Lauara's amended tax returns confirmed that the Nevada properties, MESA Business Complex and the Nevada home were community property and improperly awarded to Lauara; 12) that the companies QuickBooks confirmed Mesa Business Complex was community property; 13) that Max's expert witness was improperly not allowed to testify on his behalf; 14) that the money Max paid his attorneys including Mr. Heideman was not community property; 15) that Mr. Heideman did not represent Max during the divorce in violation of any

Court order: 16) that Lauara and her attorney violated the Temporary Financial Restraining Order they drafted by Lauara and entered with the Court; etc....

On the 21st day of June 2023, Lauara and Mr. Meador filed with the Court their pleading titled, OPPOSITION TO NEVADA JUSTICE. CT. R. CIV. RULE 11 MOTION FOR SANCTIONS AGAINST ATTORNEY SHAWN B. MEADOR AND HIS FIRM WOODBURN AND WEDGE AND COUNTERMOTION TO FIND MR. SNYDER HAS REPEATEDLY VIOLATED RULE 11 OF THE NEVADA RULES OF CIVIL PROCEDURE. The pleading contained the false affidavit of Lauara's son, Adam, drafted by Mr. Meador. The pleading and Adam's affidavit were felony violations of NRS 199.210, besides violations of Rules 11 and 60.

On October 16, 2023, Max filed with the Court NRCP RULE 60 AND NRCP RULE 59(b)(2) MOTION FOR NEW TRIAL which confirmed that the Divorce Decree was based on fraud on the court and that Lauara had secretly been repaid the loans to her son, Adam, but that Lauara had falsely testified at her March 26, 2019, Deposition that the loans to Adam were still outstanding and promised that Adam was going to repay the loans. Lauara then testified at trial that the loans to Adam were still outstanding and insisted they be awarded to Max. At Lauara's request, the Court awarded Max the worthless loans that had been repaid to Lauara. Max has shown that the loans today are worth in excess of $2,055,000. Lauara and her attorney committed again fraud on the court.

Max confirmed in this pleading that Lauara's pleading filed on the 20th day of June 2023, titled, OPPOSITION TO NEVADA JUSTICE. CT. R. CIV. RULE 11 MOTION FOR SANCTIONS AGAINST ATTORNEY SHAWN B. MEADOR AND HIS FIRM WOODBURN AND WEDGE AND COUNTERMOTION TO FIND MR. SNYDER HAS REPEATEDLY VIOLATED RULE 11 OF THE NEVADA RULES OF CIVIL PROCEDURE, was filed

knowing the pleading violated Rule 11, Rule 60, NRS, 199.210, and was filed knowing it was fraud on the court. With the pleading Lauara and Mr. Meador included the affidavit of Lauara's son, Adam drafted by Mr. Meador falsely claiming the loans to Adam from the couple had not been repaid and that Adam had included Max in his 2021 personal bankruptcy for those loans.

On October 30, 2023, Max filed with the Court, NRCP RULE 60(b)(2) AND NRCP AND RULE 59(B)(2) MOTION FOR NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE AND MOTION FOR A NEW TRIAL BASED UPON JUDGE ROBERT ESTES' VIOLATION OF THE NEVADA CODE OF JUDICIAL CONDUCT 2.11(A)(1) THROUGH (A)(6).

In that pleading, Max confirmed that Lauara, while she was secretly working with Mr. Meador, had poisoned Max several times and that Mr. Meador was aware of this and had divulged at Max's deposition that Max had been poisoned with Viagra. Max confirmed that he had just discovered that the poisonings had caused significant heart damage. Max confirmed in this pleading that Lauara had admitted to Sergeant Mark Crane of the Sevier County Sheriff's Office that she had been repaid the couple's loans to Adam in 2015. This fact alone confirmed her, OPPOSITION TO NEVADA JUSTICE. CT. R. CIV. RULE 11 MOTION FOR SANCTIONS AGAINST ATTORNEY SHAWN B MEADOT AND HIS FIRM WOODBURN AND WEDGE AND COUNTERMOTION TO FIND MR. SNYDER HAS REPEATEDLY VIOLATED RULE 11 OF THE NEVADA RULES OF CIVIL PROCEDURE was filed with the Court knowing it violated, Rule 11, Rule 60, NRS 199.210, and was ***filed by Defendants knowing it a fraud on the court.***

Max confirmed in his October 30, 2023, NRCP RULE 60(b)(2) AND NRCP AND RULE 59(B)(2) MOTION FOR NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE… that Lauara had changed titles to community property vehicles during the time she was secretly

scripting her divorce with Mr. Meador from Max. Max confirmed that Lauara had filed false documents at a temporary restraining order (TRO) hearing in Wendover, Nevada accusing Max of being violent and that she had to flee town to escape from Max, when, in fact, security camera footage shows Lauara and friends casually chatting, working and going out to lunch. Max also confirmed that Lauara's 2020 financial statement, Exhibit 26, was used at trial to divide community property although it contained false statements and was not an agreed-upon Trial Exhibit. Then, following the trial, it was switched with Lauara's original Trial Exhibit A which confirmed that the Wendover businesses were community property. Further, Max confirmed in his pleading that the resulting foreign judgment obtained by Lauara's fraud on the court was improperly entered in Utah.

On November 7, 2023, Max filed with the Court, AMENDED NRCP RULE 60 AND NRCP RULE 59(B)(2) MOTION FOR NEW TRIAL. This pleading was a supplement to Max's October 30, 2023, NRCP RULE 60(b)(2) AND NRCP AND RULE 59(B)(2) MOTION FOR NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE AND MOTION FOR A NEW TRIAL BASED UPON JUDGE ROBERT ESTES' VIOLATION OF THE NEVADA CODE OF JUDICIAL CONDUCT 2.11(A)(1) THROUGH (A)(6). In this pleading Max confirmed that 1) Lauara had secretly allowed Adam to place the couple's loans to Adam in his LLC bankruptcies listing her as the sole creditor; 2) that at her deposition in March 2019, Lauara had testified that the loans to Adam had not been repaid and promised that Adam was going to repay the loans to the couple; 3) that at trial Lauara testified that the loans had not been repaid and insisted that the Court award Max the loans; 4) that Lauara insisted the loans be awarded to Max at the value Max set for the loans; 5) that the loans today are worth in excess of $2,055,000; and 6) that on February 19, 2014, Lauara had secretly sold the couple's loans to Acquisition Holdings LLC

owned by a neighbor of her son, Adam. Lauara's and Mr. Meador's actions amounted to violations of Rule 11, NRS 100.210, and were Rule 60 ***fraud on the Court.***

Max confirmed that Lauara's son, Ryan Lisk (Ryan), and his company Advanced Clearing and Grinding were listed as creditors in Adam's LLC bankruptcies. Max confirmed that Adam was also listed as a creditor in his LLC bankruptcies. Max confirmed that Lauara, Adam, and Ryan had sold their creditor assets in Adam's LLC bankruptcy to Acquisition Holdings and that they all knew that Lauara's assets were Max and Lauara's loans to Adam. Lauara and her sons knew the loans no longer existed. Max confirmed that Lauara, Mr. Meador, Adam, Ryan, and Woodburn & Wedge all knew this yet allowed Max to sue Adam in Federal Court in Nevada and sue Lauara, Adam, Ryan, and Ryan's wife in North Carolina for the loans Lauara had secretly sold in 2014. Then in North Carolina, they sued Max for suing them. This cost Max hundreds of thousands of dollars. These fraudulent actions resulted in Lauara being improperly awarded an unequal community property award and her attorney fees in the divorce. *See* Divorce Decree page 3 No. 7. As a result, Defendants are responsible for reimbursing Max for all his attorney fees and costs to date and going forward, up to and until this matter is fully resolved.

## II. FRAUD ON THE COURT'S GRIEVOUS NATURE MANDATES "THERE IS NO TIME LIMITATION" TO SET ASIDE SUCH A JUDGMENT AND AWARD PLAINTIFF DAMAGES.

The Rule of Law is old, established centuries ago: Fraud upon the court has been recognized as a basis for *setting aside a final judgment*, sometimes *even years after it is entered.* " *NC-DSH. Inc. v. Garner*, 218 P3d 853, 857 (Nev. 2009) (emphasis added). Simply put, "there is no time limitation." *Id.* at 862 quoting *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990).

This citation, unambiguously highlights that fraud on the court differs from NRCP 60(b)(3).

> „„ A motion under this subdivision (b) does not affect the finality of the judgment or suspend its operation. ***This rule does not limit the power of the court*** to entertain an independent action or relieve a party from judgment, or proceeding, or ***to set aside a judgment for fraud upon the court.***

To set aside a judgment for fraud upon the court, "there is no time limitation." *NC-DSH, Inc.*, 218 P.3d at 862.

The clock does not need to magically reset. The clock may run for years without foreclosing the ability of Max to file or this Court to hear this ***independent action*** or a Motion to grant relief.

Max has alleged sufficient material facts supported by documentation that show fraud upon the court. Defendants fail to deny or challenge Max's allegations: (a) they failed to provide the couple's 2008 bank statements during discovery; (b) the Divorce Decree was obtained by fraud on the court; (c) Lauara had secretly allowed her son, Adam to place the couple's $650,000 loans to Adam into his North Carolina LLC bankruptcies listing Lauara as the sole creditor; (d) the Divorce Decree was drafted from Lauara's, fraudulent pre-Trial Statement; (e) the Orders drafted by Lauara's attorney, Mr. Meador, and signed by Judge Estes violated Rule 11, Rule 60 and NRS 199.210; (f) despite the Court order that Professional Services was community property to be sold and the proceeds split, Lauara changed the name of the company, retained the assets and customers' and continued in business; (g) that contrary to Max's testimony, Lauara falsely testified that Max's disability was worker's compensation and that Max had comingled his disability checks with community property and therefore the court erroneously awarded Lauara half of Max's separate account; (h) Max's attorneys were improperly dismissed for non-existant conflicts of interest in representing Max and Lauara going after the loans to Lauara's son Adam; (i) Lauara's attorney drafted Order's signed by Judge

Estes that violated Rules 11, 60 and NRS 199.210; (j) Lauara was improperly awarded all her attorney fees; (k) Lauara was improperly allowed to pay her attorney from her community property IRAs then was allowed to retain all those funds and was awarded a portion of Max's IRA; (l) Lauara's amended tax returns confirmed that the Nevada properties, MESA Business Complex and the Nevada home were community property and improperly awarded to Lauara; (m) Lauara's Trial Exhibit, the Nevada companies QuickBooks confirmed Mesa Business Complex was community property; (n) Max's expert witness was improperly not allowed to testify on his behalf; (o) the money Max paid his attorneys including Mr. Heideman was not community property; (p) Mr. Heideman did not represent Max during the divorce in violation of any Court order: (q) Lauara and her attorney violated the Temporary Financial Restraining Order they drafted and entered with the Court; and (r) Lauara, Mr. Meador and Adam fabricated the fact that Lauara had not been repaid the loans to her son. The Defendants' silence and failure to substantively engage in opposition to these allegations speaks volumes.

## III. ARGUMENT

The law in Nevada is clear: relief from judgment for fraud upon the court has no filing time limitation.

Adam Lisk and his LLCs, Ryan Lisk and his LLC, Lauara, and Lauara's attorneys for Woodburn & Woodburn and Woodburn & Wedge all had inside knowledge. They filed and allowed a false pleading, OPPOSITION TO NEVADA JUSTICE. CT. R. CIV. RULE 11 MOTION FOR SANCTIONS AGAINST ATTORNEY SHAWN B MEADOR AND HIS FIRM WOODBURN AND WEDGE AND COUNTERMOTION TO FIND MR. SNYDER HAS REPEATEDLY VIOLATED RULE 11 OF THE NEVADA RULES OF CIVIL PROCEDURE, stating the loans Max and Lauara had made to Adam had not been repaid, when they knew

Lauara sold the couple's loans to Acquisition Holdings LLC in 2014. They knowingly and falsely stated Max was shown as a creditor in Adam's current bankruptcy for those loans. These actions meet every requirement for these individuals and their companies to be held responsible. This action is strong enough to be brought under the RICO statute.

The above-referenced pleadings confirm that the Divorce Decree was obtained by fraud upon the court, by violations of Rule 11, Rule 60, NRS 199.210 and by the defined legal authorities strong enough to qualify these individuals' and companies' actions as those of organized crime under the RICO statutes. As such, the Divorce Decree must be set aside pursuant to Nevada Rules of Civil Procedure, 60. Max who has suffered heart damage from Lauara's poisoning, as well as mental and financial ruin, is entitled to treble punitive damages for his losses from the egregious actions of Defendants Lauara Ann Snyder, Shawn Meador, and Shay Wells, pursuant to NRS 42.005, and pursuant to NRS 42.007 for the culpability of Defendant, Woodburn and Wedge, the employer of Defendants' Shawn Meador's and Shay Wells', who are both senior partners of Woodburn & Wedge. See *Countrywide Home Loans Inc. v. Thitchener* 192 P.3d 243 (2008) The Nevada Supreme Court upheld the award of treble punitive damages awarded by the district court.

## III. PARTIAL COSTS

**Damages:**

| | | |
|---|---|---|
| 1. | Motorhome | $97,500 + out-of-pocket expenses |
| 2. | Repairs to the motorhome | $80,000 - $100,000 + Max's cost YTD |
| 3. | F550 pickup | $30,000 + required upgrades |
| 4. | Max's Utah home | $1,200,000, Defendants order to purchase |
| 5. | Professional Serves, PSC | $500,000 @ NPV |
| 6. | Wendover Ambulance | $2,000,000 @ NPV |
| 7. | Loans to Adam | $2,055,000 NPV 11/2023 (@ 10% interest) |
| 8. | Max's disability CA pension | $10,000 + continuing payments + interest |
| 9. | Lauara's legal fees | $425,000 awarded per Decree plus NC |

| | | | |
|---|---|---|---|
| 10. | | Max's disability account | $352,856 + interest |
| 11. | | Max's Nevada judgments | $715,488 |
| 12. | | Water shares awarded Lauara | $42,000 @ NPV |
| 13. | | Taxes on Max's IRA withdrawal | $60,000 + interest |
| 14. | | Loans to Mt. West to buy WAS | $315,517 + interest |
| 15. | | Half the NV community property | $150,000 @ NPV |
| 16. | | Quitclaimed NV property to Lauara | $62,500 @ NPV |
| 17. | | Half the value of the NV home | $80,000 @ NPV |
| 18, | | Personal items stolen from Max | $25,000 (from RV, F550, home) |
| 19. | | Max's attorney fees: Nevada | |
| | a. | Wasilewski | $59,850 |
| | | Sanction | $8,531 |
| | | Depositions for NC | $10,141 |
| | b. | Amens | $79,571 |
| | | owed | $27,500 |
| | c. | Bushur | $41,500 |
| | d. | Heideman | $150,000 |
| | e. | Mendez | $350 |
| | f. | Anderson Fam. Law | $300 |
| | g. | Mustoe Law | $295 |
| | h. | Mike Kolsch | $125 |
| | i. | Jonathan King Reno | $150 |
| | j. | Jared Peterson | TBD |
| | k. | Misc. expenses NC | $5,000 |
| | | Max's attorney fees: North Carolina | |
| | a. | Cooper | $28,770 |
| | | Owed | $37,275 |
| | | Sanctioned | $14,845 |
| | b. | Alex Heroy | $50,000 |
| | | NC Judgment | $85,000 |
| | c. | Arbitration | $600 |
| | d. | Howell attorney fees | $7,743 |
| | e. | Blue Bee bankruptcy | $10,000 |
| | f. | 1st trip to NC Hearing | $6,0000 |
| 20. | | Max's 31 shares of water | $186,000 + interest |
| 21. | | Sold personal property | $20,000 @ NPV |
| 22. | | Funds removed from Businesses Oct/Nov, 2017 | $913,956 + interest (by Lauara) |
| 23. | | False home improvements to Max's house | $260,000 |
| 24. | | Half Lauara's IRAs after disbursements | $154,000 + interest |
| 25. | | Lauara's award Max's IRA | $54,000 + interest |
| 26. | | Unfair split of vehicles | $100,000 est. |
| 27. | | Max's copy/filing fees | $48,788. as of Nov. 1, 2023 |
| 28. | | Lauara's loans to herself | $204,188 known |

| | | |
|---|---|---|
| 29. | Unknown funds removed from community property | TBD with subpoenaed 2001 – 2018 financials (by Lauara) |
| 30. | Max's health damages | Costs TBD |

## IV. CONCLUSION

The law in Nevada is clear: relief from judgment for fraud upon the court has no filing time limitation. The Defendants' disgusting behavior and arguments wilt under minimal analysis. *Defendants failed to deny or combat Max's pleadings substantively.* This Court is within its discretion to grant Max's motion without a hearing. The Divorce Decree must be set aside pursuant to Nevada Rules of Civil Procedure, Rule 60. For Defendants' loathsome, egregious actions Max should be awarded a judgment against Defendants for treble damages for his losses in accordance with NRS 42.005 and NRS.007.

DATED this 15th day of November 2023.

/s/ Raymond Max Snyder
Raymond M Snyder

## AFFIDAVIT OF RAYMOND MAX SNYDER

I, Raymond Max Snyder, swear upon oath and state the following:

1. I am the Claimant in the above action.
2. I prepared the foregoing.
3. I hereby certify that all statements in the above-referenced pleading, cited he, are true and correct. I have examined this affidavit and hereby affirm its contents to the best of my knowledge to be true and correct.

Dated this 15th day of November 2023.

/s/ Raymond Max Snyder
Raymond M Snyder