# EXHIBIT 13
# Utah District Court, Memorandum Decision and Order Filed January 1, 2024, Re Four Pending Cases

Case 4:25-cv-00751-DN-DSD Document 31-13 Filed 01/29/26 Page 1 of 6

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RAYMOND MAX SNYDER,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE MARVIN BAGLEY, ET AL.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:23-cv-00007-DN-PK<br><br>District Judge David Nuffer |
| Raymond Max Snyder,<br><br>Plaintiff,<br><br>v.<br><br>Sixth Judicial District of Utah, et al.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:23-cv-00008-DN-PK<br><br>District Judge David Nuffer |
| Raymond Max Snyder,<br><br>Plaintiff,<br><br>v.<br><br>Alex Goble, et al.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:23-cv-00056<br><br>District Judge David Nuffer |

The three identical Report and Recommendations[1] issued by United States Magistrate Judge Paul Kohler on October 5, 2023, recommended that Raymond Snyder's ("Snyder's") three

[1] *Raymond Max Snyder v. Judge Marvin Bagley*, *et al.*, 4:23-cv-00007-DN-PK, docket no. 78, filed October 5, 2023; *Raymond Max Snyder v. Sixth Judicial District of Utah*, *et al.*, 4:23-cv-00008-DN-PK, docket no. 42, filed October 5, 2023; *Raymond Max Snyder v. Alex Goble*, *et al.*, 4:23-cv-00056, docket no. 82, filed October 5, 2023.

actions be dismissed with prejudice and Snyder be placed on the restrictive filer list. Snyder, who is appearing *pro se*, filed three identical Objections[2] that argued the Report and Recommendations should be overruled, and he should not be placed on the restrictive filer list. De novo review has been completed of those portions of the report, proposed findings and recommendations to which the objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[3]

## A. BACKGROUND

These three cases present a continuation of litigation between Snyder and now ex-wife, Laura Ann Lisk. Snyder brought these proceedings in federal court because he was dissatisfied with the divorce proceedings and related civil and criminal proceedings in Nevada, Utah, and North Carolina state court. Snyder is suing the judges, attorneys, and others involved in his numerous state court lawsuits.

Snyder has a lengthy history of abusive litigation. Specifically, Snyder has been the subject of sanctions, and he has been found to be a vexatious litigant by at least two different Utah state courts.[4] Plaintiff's abusive litigation history includes: (1) his divorce proceedings in Nevada;[5] (2) civil litigation against an insurance company that insured property that is the subject of his divorce proceedings in Utah;[6] (3) civil litigation against his ex-wife in North Carolina;[7] (4) cases related to the domestication of foreign judgments from Nevada and North

---

[2] *Raymond Max Snyder v. Judge Marvin Bagley, et al.*, 4:23-cv-00007-DN-PK, docket no. 79, filed October 9, 2023; *Raymond Max Snyder v. Sixth Judicial District of Utah, et al.*, 4:23-cv-00008-DN-PK, docket no. 43, filed October 9, 2023; *Raymond Max Snyder v. Alex Goble, et al.*, 4:23-cv-00056, docket no. 83, filed October 9, 2023.

[3] 28 U.S.C. § 636(b).

[4] Case No. 200600078 (6th Dist. Ct., Sevier Cnty., Utah); Case No. 220300136 (4th Dist. Ct., Utah Cnty., Utah).

[5] Case No. DR-MD-17-757 (4th Jud. Dist. Ct., Elko Cnty., Nev.).

[6] Case No. 200600078 (6th Dist. Ct., Sevier Cnty., Utah).

[7] Case No. 18-CVS-3306 (New Hanover Cnty. Civil Superior Ct., N.C.).

Carolina litigations;[8] (5) civil litigation against his ex-wife's divorce attorneys;[9] (6) civil litigation against his own divorce attorneys;[10] (7) a pending criminal case in Utah;[11] and (8) these three federal actions.

Snyder's Objection to Judge Kohler's Report and Recommendation details the facts that his lawsuits rely on to support his claims. Specifically, Snyder alleges: (1) various state court judges violated his civil rights;[12] (2) the district court, a judge, and attorney colluded to allow an insurance company to breach their contract with Snyder;[13] (3) his ex-wife and her attorney knowingly filed false documents during the couple's divorce litigation;[14] (4) various police officers and a County Attorney covered up the fact that Plaintiff was poisoned with Viagra;[15] and (5) Plaintiff was "set up" for arrest by a police department for criminal charges.[16]

## B. DISCUSSION

### 1. The District Court is required to abstain from ruling on Plaintiff's cases under the abstention doctrine

The abstention doctrine articulated in *Younger v. Harris*, requires the district court to abstain from ruling on certain proceedings that are already being litigated in state court. In determining whether the Younger abstention doctrine is appropriate, courts consider whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters

---

[8] Case Nos. 206600609 & 226600101 (6th Dist. Ct., Sevier Cnty., Utah).

[9] Case No. CV-22-01929 (2d Jud. Dist. Ct., Washoe Cnty., Nev.).

[10] Case No. 220300136 (4th Dist. Ct., Utah Cnty., Utah).

[11] Case No. 201600283 (6th Dist. Ct., Sevier Cnty., Utah).

[12] Plaintiff's Objection, docket no. 79, at 5.

[13] *Id*. at 6.

[14] *Id*. at 8.

[15] *Id*. at 8-9.

[16] *Id*. at 9.

> which traditionally look to state law for their resolution or implicate separately articulated state policies.[17]

If these three conditions are met: "Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[18] Snyder's claims all arise from his divorce proceedings, civil proceedings that derive from his divorce, and criminal charges from the state of Utah. Additionally, there are multiple ongoing state court proceedings where Snyder's claims are being addressed.[19] These various state courts are adequate forums to litigate the claims raised in Snyder's three federal cases. Moreover, the state proceedings involve important state interests related to family and criminal law, and there are no extraordinary circumstances that would allow a federal court to decline to exercise the Younger abstention doctrine.[20] For these reasons, the District Court is required to apply the Younger abstention doctrine and dismiss these claims.

**2. To the extent that any of Plaintiff's cases are not ongoing, then the District Court is barred from exercising jurisdiction under the *Rooker-Feldman* doctrine**

It appears that all of Snyder's related cases are ongoing in some fashion.[21] However, to the extent that any of Snyder's cases are not ongoing, Snyder's claims would be barred by the *Rooker-Feldman* doctrine. This doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."[22] Therefore, to the extent that Snyder's

---

[17] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

[18] *Id.*

[19] Report and Recommendation, docket no. 78, at 3.

[20] *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (holding that district court properly applied *Younger* abstention to dismiss claims arising from orders entered in ongoing state-court divorce proceeding); *Winn v. Cook*, 945 F.3d 1253,1258 (10th Cir. 2019) (stating criminal proceedings are viewed as an area of state concern).

[21] Report and Recommendation, docket no. 78, at 4.

[22] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (internal quotation marks omitted).

lawsuits are not ongoing, the District Court is barred from exercising jurisdiction over these cases pursuant to the *Rooker-Feldman* doctrine.

### 3. Plaintiff is designated a restrictive filer

"A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents."[23] "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[24] "Injunctions restricting further filing are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3) the litigant received notice and an opportunity to oppose the court's order before it is instituted."[25]

Snyder has presented a moving target by filing multiple cases and flooding the docket with filings. Judge Kohler's Report and Recommendation and Snyder's Objection constitute notice and an opportunity to oppose the restrictive filer designation. Based on Snyder's conduct in these cases and in other courts, he is a vexatious litigant and reasonable procedures are necessary to restrict future abuses.

## C. ORDER

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED and these three cases are DISMISSED with prejudice. Snyder is to be placed on the restrictive filer list. The Clerk shall close these three cases. The following restrictions are placed on Snyder in any cases in which he is appearing pro se:

---

[23] *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).

[24] *Id*. at 353.

[25] *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (internal quotation marks and citations omitted).

1. Any new civil complaint Mr. Snyder submits to this court will, before filing, be collected by the Clerk of the Court and sent to a Magistrate Judge for review.
2. The Magistrate Judge will then review the complaint to determine whether it is meritorious and should be filed, or whether it is meritless, duplicative, or frivolous.
3. If the Magistrate Judge determines that the complaint is meritless, duplicative, or frivolous, the Magistrate Judge will forward the complaint to the Chief District Judge for further review.
4. Only with the Chief District Judge's consent will the complaint be filed.
5. Mr. Snyder's papers must be certified as provided in Fed. R. Civ. P. 11.

Signed January 17, 2024.

BY THE COURT

David Nuffer
United States District Judge