# EXHIBIT 15
# Fourth Judicial District Court, Nevada, Order Granting Motion to Place Plaintiff on Vexatious Litigant List Filed May 24, 2024

CASE NO.: DC-CV-23-151

DEPT. NO.: 1

FILED

2024 MAY 24 PM 1:46

4TH JUDICIAL DISTRICT COURT

CLERK___DEPUTY AMA

IN THE FOURTH JUDICIAL DISTRICT COURT

OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF ELKO

RAYMOND MAX SNYDER,

Plaintiff,

v.

LAUARA ANN SNYDER,
SHAWN MEADOR,
SHAY WELLS, and
WOODBURN & WEDGE,

Defendants.

**ORDER GRANTING MOTION TO PLACE PLAINTIFF ON VEXATIOUS LITIGANT LIST**

---

On January 26, 2024, Defendants Shawn B. Meador, Shay Wells, and Woodburn and Wedge, filed the instant Motion to Place Plaintiff on Vexatious Litigant List. Plaintiff objected to this motion on February 12, 2024. An Order Granting Defense Motion to Dismiss Case with Prejudice was filed by this Court on January 26, 2024. Plaintiff filed his Notice of Appeal on February 6, 2024. For the reasons stated below, Defendants' Motion is GRANTED.

I. Jurisdiction

Generally, the timely filing of a notice of appeal "'divests the district court of jurisdiction to act." Mack-Manley v. Manley, 122 Nev 849, 855 (2006). However, "the district court retains jurisdiction to enter orders on matters that are collateral to and independent from the appealed order, i.e., matters that in no way affect the appeal's merits." Id. The question of whether Plaintiff is a vexatious litigant is a collateral matter unrelated to the merits of his case; this Court therefore retains

jurisdiction to address this issue.

2. Vexatious Litigant Analysis

When determining whether a party should be restricted from filing as a vexatious litigant, the Court must follow a four factor analysis:

> First, the litigant must be provided reasonable notice of and an opportunity to oppose a restrictive order's issuance. [...]
> Second, the district court must create an adequate record for review, including a list of all the cases and documents, or an explanation of the reasons, that led it to conclude that a restrictive order was needed to curb repetitive or abusive activities. [... ] The judge issuing the restrictive order should rely only on observations obtained from cases to which he or she is assigned, and on actual rulings in other cases. Further, while a restrictive order may be warranted based solely on documents before the court in that particular case, the district court must identify those documents and explain how, by filing them, the litigant abused the court system.
> Third, the district court must make "'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" Thus, the restrictive order "cannot issue merely upon a showing of litigiousness." The litigant's filings must not only be repetitive or abusive, but also be without an arguable factual or legal basis, or filed with the intent to harass.
> Finally, the order must be narrowly drawn to address the specific problem encountered.

Jordan v. State ex rel. DMV & Pub. Safety, 121 Nev 44, 60-62 (2005). The Court addresses each factor in turn.

Plaintiff was served a copy of the Motion to Place on Vexatious Litigant List and responded to the same via his Objection. His substantive due process rights have therefore been satisfied.

The Court has reviewed the record before it, which consists of the following evidence:

| **Case Number(s)** | **Court** |
|---|---|
| 2:23-cv-00139-GMN-VCF, 3:23-cv-00048-ART-CSD | United States District Court for the District of Nevada |
| 83620, 83651, 87292, 87465, 87568, 87692 | Nevada Supreme Court |
| 81887-COA, 82756-COA, 83029-COA, 84730-COA | Nevada Court of Appeals |
| CV-22-01929 | Second Judicial District Court, Washoe County, Nevada |

| | |
|---|---|
| DR-MD-17-757 | Fourth Judicial District Court, Elko County, Nevada |
| 4:23-cv-00007-DN-PK, 4:23-cv-00008-DN-PK, 4:23-cv-00056-DN-PK, 4:24-cv-00002-DN-PK | United States District Court for the District of Utah |
| 22-23443 | United States Bankruptcy Court for the District of Utah |
| 220300136 | Fourth Judicial District Court, Utah County, Utah |
| 2006000078, 206600609 | Sixth Judicial District Court, Sevier County, Utah |

Plaintiff has been found to be a vexatious litigant in two Utah state court cases relating to his Nevada divorce from Lauara Lisk (Fourth Judicial District Court Docket No. 220300136 and Sixth Judicial District Court Docket No. 206600609) and three federal court cases for the District of Utah also stemming from that same divorce (Docket Nos. 4:23-cv-00007-DN-PK, 4:23-cv-00008-DN-PK, 4:23-cv-00056-DN-PK). It is worth noting that the three federal cases in Utah are against two judges in their judicial, not personal, capacities and the district court which presided over the Utah state-level cases related to Plaintiff's Nevada divorce. The Utah Sixth Judicial District Court found that Plaintiff had been trying to use Utah courts to entirely re-litigate the rulings in his Nevada divorce, specifically the same issues of fraud and jurisdiction that he raised yet again in the current case, and that his filings in Utah had been "redundant and unnecessary, to the point that the Court has previously admonished [Raymond Max Snyder] that his filings were frivolous and could result in [a finding that he is vexatious.]" Docket No. 206600609 at 3.

In Nevada, Petitioner has filed the current case, attempting to re-litigate his 2017 divorce. He obviously also has the 2017 divorce case, which he appealed, and which has now been remanded to the Fourth Judicial District Court to make additional findings. In addition to this appeal, Plaintiff also filed one Petition for Writ of Mandamus (Docket No. 83620), which was dismissed by the Nevada Supreme Court as Petitioner already had an adequate and speedy remedy at law, specifically, the right to an appeal, which he had already initiated via filing three separate cases before the Nevada

Court of Appeals (Docket Nos. 81887-COA, 82756-COA, and 83029-COA). In Nevada Court of Appeals Docket No. 84730-COA, Petitioner filed a Petition for Writ of Mandamus or Prohibition again trying to re-litigate issues being addressed in the tri-partite appeal from the divorce decree; this case was dismissed. Petitioner then attempted to appeal non-appealable orders from the divorce case in Nevada Supreme Court Docket Nos. 87292, 87465, 87568, 87692. All in all, Petitioner has filed six improper cases in the Nevada Supreme Court, one in front of the Fourth Judicial District Court, two in front of state-level district courts in Utah, and one in front of the federal court in Utah. These repetitive cases, crossing between states and between the state and federal court systems, are clearly both frivolous and designed to harass their respective defendants.

All of these cases stem from Petitioner's unhappiness with his 2017 divorce decree. Petitioner himself states as much in his Opposition to the motion to be declared vexatious: on pages 8-9 of his Opposition, he states that the two Utah state court cases in which he was found to be a vexatious litigant "originated from and resulted from the Divorce Decree drafted by Lauara's attorney (WW Defendant Shawn Meador) and signed by Judge Estes." On page 14 of his Opposition, he indicates that "If the Divorce Decree signed by Judge Estes goes away so do all the subsequent arguments made by all parties." Petitioner therefore clearly understands that he is re-litigating not merely related matters across state and federal courts, but the exact same issues in the exact same case, making the exact same arguments each time.

The Court therefore finds it appropriate to designate Plaintiff a vexatious litigant in Nevada and restrict his ability to file new civil cases as follows:

1. Plaintiff shall obtain legal counsel before commencing or maintaining any civil action against any of the Defendants, their attorneys, the Fourth Judicial District Court, any judge in the Fourth Judicial District Court, or Senior Judge Estes.
2. With the exception of a Notice of Appeal or Request for Transcripts, the Elko County Clerk's Office is ordered not to accept any filings or pleadings from Plaintiff in this or any case filed by Plaintiff against any of these same Defendants, their attorneys,

the Fourth Judicial District Court, any judge in the Fourth Judicial District Court, or Senior Judge Estes, unless those pleadings are filed by an attorney licensed in the State of Nevada representing Plaintiff.

3. A copy of this Order shall be provided to the Nevada Administrative Office of the Courts, pursuant to Nevada Supreme Court Rule 9.5.

IT IS SO ORDERED.

DATED this 24th day of May, 2024.

HON. KRISTON N. HILL
DISTRICT JUDGE – DEPARTMENT 1

# CERTIFICATE OF MAILING

Pursuant to NRCP 5(b), I certify that I am an employee of the Fourth Judicial District Court, Department 1, and that on this 24 day of May, 2024, I personally deposited for mailing in the US mail at Elko, Nevada, postage prepaid, a file-stamped copy of the foregoing order to the following:

Raymond Max Snyder
PO Box 69
Aurora, UT 84620

Shawn B. Meador
Woodburn & Wedge
PO Box 2311
Reno, NV 89505

AOC Director
Administrative Office of the Courts
201 South Carson Street, Suite 250
Carson City, NV 89701-4702