# EXHIBIT 16
# Sixth Judicial District Court, Utah, Snyder v. Snyder, Order and Ruling Filed January 10, 2023

**IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT**

**IN AND FOR SEVIER COUNTY, STATE OF UTAH**

| | |
|---|---|
| **LAURA ANN SNYDER,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**RAYMOND MAX SNYDER,**<br><br>**Defendant.** | **ORDER AND RULING ON PLAINTIFF'S MOTION FOR VEXATIOUS LITIGANTS ORDER AND RULING DENYING DEFENDANT'S MOTIONS**<br><br>**Case No. 206600609**<br><br>**Honorable Robert P. Faust** |

This matter is before the Court on Defendant's Plaintiff's Renewed Motion for Vexatious Litigants Order and on the Court's own Motion on the same as it reserved the right to do if Defendant continued to file pleadings on issues that have already been determined .

Plaintiff previously made a Motion for Vexatious Litigant, which the Court heard on November 29, 2021, after the briefing was completed. In the original motion and the current motion Plaintiff set forth a detailed procedural history of this case and Defendant took no exception thereto.

The Order of the Court from the November 29 2021, hearing was reduced to writing and entered by the Court on December 17, 2021, (the "Order"). The Order provided the following:

4a. Regarding Plaintiff/Petitioner's vexatious litigant motion, the Court ruled:

> i) "Plaintiff's motion to deem Defendant a vexatious litigant has a substantial basis to grant but is conditionally denied to give Respondent the opportunity to change his behavior in what he files with the court. Counsel may renew the motion, or by the Court on its own motion."

ii) "Defendant shall comply with the rules and proper court procedures in the course of the litigation;"

iii) "Defendant has been instructed that, if he disagrees with a ruling of issuing the Utah Judgment by the Court, his remedy is to appeal and not try to re-litigate this same issue multiple times."

4b. Regarding Defendant's claims of lack of jurisdiction and fraud, the Court ruled:

i) "The issues of jurisdiction and fraud were fully and fairly litigated in the course of the litigation underlying the foreign judgments registered in this case in this Court and the determinations of the rendering court on those issues are binding on the courts of the State of Utah;"

ii. "Defendant had not shown any fraud or that any harm was suffered."

4c. Regarding the request to enter the foreign judgment, the Court ruled:

i) The foreign judgments registered in this case in this Court are effective under the doctrines of res judicata and under the Full Faith and Credit Clause of the United States Constitution.

Shortly thereafter on January 4, 2022, Defendant appealed the ruling. See Docket No. 336. 6.

On April 4, 2022, an Order of Summary Affirmance was filed in the District Court by the Court of Appeals affirming the November 29, 2021 Ruling of the District Court. *See* Docket No. 354 at 1.

In that Order, the Court of Appeals held that Defendant "ha[d] failed to state a cognizable legal issue warranting further proceedings by th[at] court." The Appellate Court further held that "other than a vague statement of 'mistake of the judge in the [Sixth] District Court in Utah,' there is no specific legal issue identified regarding the registering of the foreign judgment proceedings." Id.

The Appellate Court noted that Defendant was trying to "reach back to challenge the Nevada rulings and orders" and held that he was not allowed to do this. Id. at 2.

The Court of Appeals specifically held that Utah's courts are bound in this case by the Full Faith and Credit Clause of the United States Constitution to enforce the determinations of the Nevada courts, including issues such as jurisdiction. Id. at 2 7.

On June 23, 2022, Defendant's Writ of Certiorari was denied by the Utah Supreme Court. *See* Docket No. 358.

On November 18, 2022, Plaintiff filed a Notice of Appellate Decision in Underlying Case ("Notice") regarding an October 20, 2022, Order from the Nevada Court of Appeals which affirmed in part and remanded in part a portion of the Nevada Judgments on which this Court's registration of the foreign judgments was based. *See* Docket No. 366. 9.

On December 2, 2022, Defendant filed his Response/Motion, which included both a response to Plaintiff's Notice and a Rule 60(b)(3) Motion to set aside and a "motion for default judgment making Defendant whole." *See* Docket No. 368. 10.

On December 19, 2022, Defendant filed the Dismissal Motion, which Defendant appears to intend as a replacement or supplement to the motion portion of the Response/Motion. *See* Docket No. 377.1 This Motion was twenty-eight (28) pages in length.

Both the Response/Motion and the Dismissal Motion seek an order of the Court dismissing the foreign judgment registrations with prejudice for "Rule 60(b)(3) fraud" and an order that Petitioner and her attorneys make Defendant whole.

The procedural history includes multiple submissions filed by Defendant which has been redundant and unnecessary, to the point that the Court has previously admonished Defendant that his filings were frivolous and could result in the sanction presently sought. Despite that admonishment, Defendants has filed Motions to address the merits of the case.

Defendant's practice of filing redundant and frivolous motions has had the effect of both delaying the progression of the case, as well as driving up costs to the detriment of Plaintiff.

It is owing to this delay and cost that Plaintiff renews the previous motion, which is grounded in Rule 83. Rule 83 permits the court to find a person (or persons) to be *vexatious* litigants if that person:

(B) After a claim for relief or an issue of fact or law in the claim has been finally determined, the person two or more additional times re-litigates or attempts to re-litigate the claim, the issue of fact or law, or the validity of the determination against the same party in whose favor the claim or issue was determined.

(C) In any action, the person three or more times does anyone or any combination of the following:

i) files unmeritorious pleadings or other papers,

ii) files pleadings or other papers that contain redundant, immaterial, impertinent or scandalous matter,

iii) conducts unnecessary discovery or discovery that is not proportional to what is at stake in the litigation, or

iv) engages in tactics that are frivolous or solely for the purpose of harassment or delay. URCP 83(a)(1)(B)-(C).

In the present case, both paragraphs apply in that Defendant has attempted to re-litigate the same issue on multiple separate occasions. Moreover, Defendant has on multiple occasions filed unmeritorious motions and has engaged in tactics that are frivolous. Further the Court has warned Defendant regarding the same in the First hearing on the Motion for Vexatious Litigant. Defendant does not accept or abide by the legal rulings and determinations made by the Courts of this State and continues file pleadings and litigate issues already determined.

Defendant's current arguments in his Motions which are essentially the same as the one he made earlier are precluded by *res judicata* and full faith and credit. In addition, Defendant's Motions are Procedurally Improper. Defendant has filed two (2) Motions in the same pleadings

as his response to Petitioner's Notice. One of those motions is ten (10) pages long. The other one, which seeks the same relief and which may be intended as a supplement or substitute for the first, is twenty-eight (28) pages long. Neither of the two (2) Motions comply with the requirements of Rule 7 of the Utah Rules of Civil Procedure concerning the filing of *motions.* For instance:

- Neither motion included the cautionary language required by Rule 7(c)(2), even both motions seek dispositive results
- Neither motion included the bilingual notice required by Rule 7(c)(3)
- The first motion was not titled as required by Rule 7(c)(5)
- Neither motion includes a concise statement of the relief sought and the grounds therefor as required by Rule 7(c)(6)(A)
- Neither motion includes a "concise statement of the relevant facts" as required by Rule 7(c)(6)(B)

The Court determines Defendant comes within the vexatious litigants rule, and now the Court considers what orders should be put in place going forward. Rule 83(b) provides multiple alternatives, including the requirement that Defendants obtain legal counsel before proceeding.

The Court orders and requires that Defendant obtain legal counsel before proceeding on this matter and the clerks of the Court are ordered not to accept any filings or pleadings from Defendant in this case, except through a licensed attorney representing him in this matter.

IT IS HEREBY ORDEREDAS FOLLOWS:

The Defendant's Motions are dismissed and the Court orders and requires that Defendant obtain legal counsel before proceeding on this matter. The Clerks of the Court are ordered not accept any filings or pleadings from Defendant in this case, but only those pleading from a licensed attorney in the State of Utah representing Defendant in this matter.

**DATED** this 10th day of January 2023

**BY THE COURT:**

ROBERT P. FAUST
DISTRICT COURT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed/emailed a true and correct copy of the foregoing Order and Ruling on Plaintiff's Motion for Vexatious Litigants Order and Ruling Denying Defendant's Motions, to the following, this 10th day of January 2023:

Raymond Max Snyder
P.O. Box 69
Aurora, Utah 84620
maxsnyder@yahoo.com

Matthew R. Howell (6571)
Adam P. Forsyth (16452)
FILLMORE SPENCER LLC
3301 N. University Avenue
Provo, UT 84604
Tel: (801) 426-8200
mhowell@fslaw.com
aforsyth@fslaw.com