# EXHIBIT 18
# North Carolina Superior Court, Snyder v. Lisk, et al., Order Filed March 30, 2021

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE #: 18-CVS-3306

FILED
2021 MAR 30 P 12: 21
NEW HANOVER CO., C.S.C.
BY ___

RAYMOND MAX SNYDER,
Plaintiff,

v.

ADAM LISK; RYAN JOSEPH LISK; DENISE LYS LISK a/k/a DENISE LYN LISK; and COASTAL CONSTRUCTION & CONSULTING, LLC, a North Carolina Limited Liability Company,
Defendant.

ORDER

THIS MATTER came before the undersigned Superior Court Judge in and for the County of New Hanover on the 23rd day of March, 2021 on motion of defendants Ryan Joseph Lisk, Denise Lys Lisk, and Coastal Construction & Consulting, LLC for sanctions against Plaintiff Raymond Max Snyder. The Plaintiff was represented in this hearing by J. Alexander Heroy of James, McElroy and Diehl, P.A. of the Mecklenburg County Bar. The movant defendants were represented by Christopher M. Theriault of the New Hanover County Bar. The Court having reviewed the motion, the pleadings and record, and having heard the arguments of counsel finds as follows:

1. That this action arises out of an alleged debt obligation owed by Adam Lisk to Raymond Max Snyder and his ex-wife, Lauara Lisk (formerly Lauara Snyder).

2. This action was instituted by Plaintiff against all named defendants even though no defendant other than Adam Lisk was an obligor on the debt. Hereinafter, the non-obligor defendants will be referred to as "the movants".

3. The complaint filed against the movants was dismissed pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure by order of the Honorable Jack Bragg entered June 28, 2019.

4. Judge Bragg on that same date issued an order for sanctions against the Plaintiff in that same hearing for violations of Rule 11 in filing the complaint against the movants.

5. Prior to the hearing on the motion to dismiss pursuant to Rule 12(b)(6), the movants had filed counterclaims against the Plaintiff seeking damages for malicious prosecution and abuse of process.

6. On July 21, 2020 a hearing was held before the Honorable Phyllis Gorham on motion of previous counsel for the Plaintiff to withdraw.

7. In the order permitting counsel to withdraw, the court ordered that "there shall be no further activities or proceedings in this case (including, without limitation, pleadings, motions or discovery) other than trial and pre-trial matters directly related to trial".

8. This case had originally been scheduled for jury trial April 13, 2020 but was not heard due to the pandemic and related delays in jury trials. The Court ordered "[t]he trial in this action should proceed as soon as possible once civil jury trials resume in New Hanover County Superior Court, subject to this Court's normal scheduling procedures including trials that may take precedence over the trial of this case".

9. The Plaintiff made an attempt to appeal the Court's order allowing his attorney to withdraw. The movants then filed a motion to dismiss the appeal and to set a trial date.

10. In the hearing on the motion to dismiss the appeal, the movants presented to the Court that the Plaintiff had violated the prior order by continuing to attempt to engage in discovery and had made other court filings in violation of the order.

11. The Honorable Phyllis Gorham entered an order dismissing the appeal and noted that if a Motion for Sanctions and/or Gatekeeper Order were filed by the movants, the Court would consider that motion with respect to Mr. Snyder's continued email communications, court filings and other documents being served. That order was entered November 17, 2020.

12. The next day, the Plaintiff filed:

    a. Motion for Summary Judgment
    b. Motion alleging fraud by the movants and counsel for the movants
    c. Objection to the order allowing counsel to withdraw
    d. Motion to dismiss the complaint in 19-CVS-904.[1]
    e. Motion to dismiss counterclaims
    f. Motion for sanctions against the movants
    g. Motion to dismiss the counterclaim of movants (which included eleven exhibits including bankruptcy filings of non-party corporate entities)

[1] New Hanover County File #: 19-CVS-904 is Lauara Snyder v. Raymond Max Snyder and is a companion case.

13. On January 8, 2021 the Plaintiff filed a request to submit the forgoing motions for decision.

14. On January 21, 2021 the Plaintiff filed his "Emergency Motion to Reschedule and Set Aside Trial".

15. On January 26, 2021 the Plaintiff filed:

    a. Motion to Compel prior counsel to provide legal documents
    b. Motion to hold movants counsel in contempt
    c. Motion to reschedule trial

16. The motions are replete with allegations of criminal wrongdoing against counsel for movants which have no basis.

17. Plaintiff forwarded what he termed as supplemental discovery responses in October and November 2020 which consisted of bankruptcy filings for a non-party legal entity.

18. The Plaintiff has engaged in a pattern of baseless allegations, harassment of his own counsel and other attorneys in this case, threats of criminal prosecution that have no basis in law, and has repeatedly filed motions and other pleadings in direct contravention of Judge Gorham's prior order.

19. All motions filed by Plaintiff since November 18, 2020 have been withdrawn by Plaintiff's new attorney who made a general appearance in the case on March 22, 2021.

20. The imposition of nearly $15,000.00 in attorney fees as part of Judge Bragg's Rule 11 order has not seemed to instill in the Plaintiff a clear understanding of the need to comply with the rules and order of this Court.

WHEREFORE based on the forgoing findings of fact, the Court makes and enters the following:

CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and the subject matter of this action.

2. The Plaintiff's actions in repeatedly filing baseless motions are in direct contravention of Judge Gorham's order entered July 23, 2020.

3. Entry of Judge Gorham's order of November 18, 2020, while not imposing sanctions, made it clear that continued violations of the Court order could be met with the imposition of sanctions.

4. Despite having previously been sanctioned pursuant to Rule 11, and having been ordered by the Court not to persist in filing additional motions, pleadings or discovery, the Plaintiff has continued to engage in his conduct.

5. The motions filed by Plaintiff are a violation of Rule 11 of the North Carolina Rules of Civil Procedure.

6. It is within the inherent authority of the court to sanction repeated violations of the court's orders and the rules of procedure.

7. The plaintiff acted in a manner which, under normal circumstances, would have deliberately or unreasonably delayed the matter. However, trials have only resumed in the past six weeks so while annoying to the parties, harassing to their attorneys, and in direct violation of the court's prior order, the Plaintiff's actions have not delayed the trial of this action.

8. The defendant has been prejudiced in expending an inordinate amount of time and financial resources reviewing and responding to discovery and motions which never should have been filed in the first place.

9. Sanctions short of dismissal would not suffice in that the Plaintiff has previously been sanctioned for violations of Rule 11, was specifically ordered by the court to refrain from contact, was cautioned by the court in a subsequent hearing to refrain from continuing that contact and yet has persisted in directly violating the orders of the Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. Plaintiff is hereby ordered and directed to pay attorney fees incurred by the movant defendants since entry of Judge Gorham's order on July 23, 2020. Counsel for the movant defendants shall submit an affidavit of fees incurred to include time spent in preparing the affidavit and forward the same to the court and to opposing counsel for review. Any objections by counsel for the Plaintiff to the affidavit shall be presented to the court in writing within ten (10) business days of service of the affidavit. An order setting an award of attorney fees will be entered by the court after review of the affidavit and review of objections, if any, filed by counsel for the defendant.

2. In addition, Plaintiff shall pay a fine of $2,000.00 to the Clerk of Superior Court for New Hanover County for direct violations of the order of this court. The fine shall be paid within thirty (30) days of the entry of this order.

3. Plaintiff is specifically cautioned that further violations of Judge Gorham's order could subject his entire action to dismissal and could further subject him to findings of criminal contempt which could result in his imprisonment for up to thirty (30) days for each violation of the order.

4. A certified copy of this order shall be placed in New Hanover County File #: 19-CVS-904 and shall constitute the resolution of the motion for sanctions filed in that case.

This the 30th day of March, 2021.

R. Kent Harrell
Superior Court Judge Presiding