# EXHIBIT 19
# Nevada Court of Appeals, Snyder v. Fourth Judicial District Court, et al., Emergency Petition Filed May 28, 2024

IN THE NEVADA COURT OF APPEALS STATE OF NEVADA

FOURTH JUDICIAL DISTRICT COURT, ELKO, NEVADA

FILED

MAY 28 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY [signature]
DEPUTY CLERK

| | |
|---|---|
| RAYMOND MAX SNYDER,<br><br>Appellant<br><br>vs.<br><br>THE FOURTH JUDICIAL DISTRICT COURT OF NEVADA, IN AND FOR ELKO COUNTY, LAUARA ANN SNYDER, SHAWN B. MEADOR, JUDGE ROBERT ESTES, ET AL.<br><br>Respondent | Case Nos. ~~88129 COA~~ 88729<br><br>District Court Case No. DC-CV-23-151<br><br>and Case No. DR-MD-17-757 |

**EMERGENCY PETITION for WRIT OF MANDAMUS FOR THE FOURTH JUDICIAL DISTRICT COURT'S VIOLATIONS OF NRCP RULE 11, RULE 60, NSCR RULE 2.11 AND FOR VIOLATING APPELLANT'S DUE PROCESS, AND/OR IN THE ALTERNATIVE PROHIBITION PURSUNT TO NRAP 21 and 27(E).**

**IMMEDIATE ACTION REQUIRED.**

Raymond Max Snyder
PO Box 69
Aurora, Utah 84620
801 641-6844

RECEIVED
MAY 23 2024
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
DEPUTY CLERK

Shawn B. Meador, Esq.
Woodburn and Wedge
6100 Neil Road, Suite 500
PO Box 2311
Reno Nevada 89505
775 668-3008

24-18516

**NRAP 26.1 DISCLOSURE**

The undersigned pro se counsel certifies that the following are persons and entities as described in NRAP 26.1(a) and must be disclosed. These representations are made in order that the Justices of this Court may evaluate possible disqualifications or recusal.

1. Mountain West Inc.
2. Wendover Ambulance Service.
3. Mesa Business Complex.
4. Collections Inc.
5. Professional Services and Consulting.
6. Mesa Business Services.
7. Raymond Max Snyder.
8. Lauara Ann Snyder, n/k/a Lauara Ann Lisk aka Lauara Ann Draper
9. Shawn B. Meador a Nevada Supreme Court Mediation Judge
10. Shay L. Wells
11. Bronagh M. Kelly
12. Woodburn and Wedge, Law Firm Reno, Nevada
13. The Honorable Judge Robert Estes a Senior Nevada Supreme Court Judge
14. Snell & Wilmer, Law Firm Las Vegas, Nevada

15. Anne R. Traum

16. Kelly H. Dove

---

Raymond Max Snyder Pro Se
PO Box 69
Aurora, Utah 84620
Phone: 801 641-6844

---

**NRAP 28.2 CERTIFICATE OF COMPLAINCE**

1. I hereby certify that this Writ of Mandamus complies with the requirements of rules27(e) and 32(a)(9).

2. I hereby certify that this brief complies with the appendix required by NARP Rule 21(a)(4) and formatting of Rule 30.

3. I hereby certify that this brief complies with the formatting requirements of NRAP 32(a)(4), and 32(c)(2) the typeface requirements of NRCP 32(a)(5) and the type style requirements of NRAP 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft 2013 in 14-point Times New Roman font.

4. I further certify that this petition complies with the page- or type volume of

NRAP 32(a)(7)(D) and NRAP 40B(d) because excluding the parts of the brief exempted by NRAP 32(a)(7)(C), it is either:

[X ] Proportionally spaced, has a typeface of 14 points or more, and contains 3,688 words; or

[ ] Does not exceed 10 pages.

5. Finally, I hereby certify that I have read this brief, and to the best of my knowledge, information, and belief; it is not frivolous or interposed for any improper purpose. I further certify that this brief complies with all applicable Nevada Rules of Appellate Procedure, in particular NRAP 28(e)(1), which requires every assertion in the brief regarding matters in the record to be supported by a reference to the page and volume number, if any, of the transcript, or appendix, where the matter relied on, is to be found.

Raymond Max Snyder Pro Se
PO Box 69
Aurora, Utah 84620
Phone: 801 641-6844

## VERIFICATION STATE OF NEVADA

Under penalty of perjury, the undersigned declares:

1. I make this declaration in support of Petitioners' Emergency Petition for Writ of Prohibition or in the Alternative Mandamus Pursuant to NRAP 21 and 27(e). I am over eighteen years of age, have personal knowledge of the facts set forth herein, and if called as a witness, I could testify competently with respect thereto.

2. I have read the following Emergency Petition and know the contents thereof. Said Emergency Petition is true of my own knowledge, except as to those matters stated on information and belief, and that as to such matters I believe them to be true.

3. I have submitted with this Emergency Petition an appendix containing the portions of the record which are essential to understanding the matters set forth in the Emergency Petition.

Respectfully submitted this 20th day of May 2024.

*<u>/s/ Raymond Max Snyder</u>*
Raymond Max Snyder Pro Se
PO Box 69
Aurora, Utah 84620
Phone: 801 641-6844

# TABLE OF CONTENTS

NRAP 26.1 Disclosures……………………………………………………………i
Certificate of Compliance…………………………………………………………ii
Declaration…………………………………………………………………………..iv
Table of Contents…………………………………………………………………....v
Table of Authorities…………………………………………………………………vi
Questions Presented…………………………………………………………………1
Reason the Petition Should be Granted…………………………..………………..2
Statement of Case……………………………………………………………………2
Argument..…………………………………………………………………..…………8
Jurisdiction of the Trial Court…………………………………………………….…8
Conclusion…………………………………………………………………………..…13
Certificate of Service………………………………………………….……………..15

# TABLE OF AUTHORITIES

**Nevada Cases:**

*Snyder v. Estes.* U.S. District Court of Nevada Case No. 3:23-cv-00048-ART-CSD……………………………………………………………………………………..9
*Vaile v. Dist. Ct*, 44 P.3d 506 (2002), No 36969 April 11, 2002…………………10

**Other Cases:**

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)……………….…………………9
*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)……………………………………...……..8
*Hill Top Developers v. Holiday Pines Service Coro.*,
478 So. 2d 368 (Fla 2nd 1985)……………………………………………………………9
*Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–632 (1962)……..……………..……13

**State Statutes:**


NRS 199.120..........................................................................1

NRS 199.210..........................................................................1, 5, 10

NRS 205.030..........................................................................1

NRS

205.090..........................................................................1

NRS 205.380..........................................................................1

NRS 42.0005..........................................................................1, 14

NRCP Rule 60..........................................................................4, 6, 7, 8, 9, 12, 13

NSCR RULE 2.11..........................................................................5, 9, 10

NRAP 21..........................................................................15

NRAP 27(e)..........................................................................15

NRAP 30..........................................................................3

NRAP 26.1..........................................................................i

NRAP 28.2..........................................................................ii

NRAP 32(a)(4)..........................................................................ii

NRAP 32(a)(5)..........................................................................ii

NRAP 32(a)(6)..........................................................................ii

NRAP 32(a)(7)(C)..........................................................................iii

NRAP 32(a)(7)(D)..........................................................................iii

NRAP 32(a)(9)..........................................................................ii

NRAP 32(C)(2)..........................................................................ii

NRAP 40B(d)..........................................................................iii


**Other Statutes:**


NCJC Rule 2.11..........................................................................8. 9

## QUESTIONS PRESENTED

1. Whether the trial court had jurisdiction.
2. Whether the judge had jurisdiction.
3. Whether this Court and/or Justices should and are willing to pursue charges against either Judges Robert Estes and Shawn Meador or both.
4. Whether the divorce Decree was a true and lawful result of a fair trial.
5. Whether the district court erred in allowing Judge Estes to continue following Appellant filling criminal charges against the judge, filing three writs of mandamus against the judge, filing motions to have the judge removed, and filing a Complaint against the judge in the U.S. District Court of Nevada where that court found Judge Estes acted improperly and colluded with defendants
6. Whether the Respondent and her attorney should be held responsible for violations of NRS 199.210, NRS 199.120, NRS 205.090, NRS 205.030, NRS 205.380, NRS 42.0005 and NRCP Rule 11, NRCP Rule 60… or will their violations of legal statutes to financially destroy the Appellant be overlooked.
7. Whether the district court violated Rule 11, Rule 60 and Appellant's due process and Constitutional Rights.

8. Whether the divorce can be recommenced in Nevada taking into account NRS 11.500 (1)(a) and (b).

## REASONS APPELLANT'S APPEAL SHOULD BE GRANTED

The issues presented by the Appellant to the Nevada Supreme Court involved substantial constitutional and due process violations, jurisdictional issues with the court and judge, and inappropriate and criminal behavior by the Respondent and her attorneys. As a result of these issues, the Decree should be vacated.

## STATEMENT OF THE CASE

**Facts:**

Appellant, Raymond Max Snyder (Max), relies upon his statements in each of his Appeal Briefs and Writs for Mandamus.

Max, and Respondent, Lauara Ann Snyder (Lauara), were married on 10/13/2001. Lauara contacted her attorney, Shawn B. Meador (Mr. Meador), in March 2017. Lauara left Max on 11/20/2017, taking all financial records and important records with her (V-V AP01025-01070). She continues refusing to disclose them. V-II AP00348-00347.

Max filed for divorce in Elko, Nevada on 12/12/2017.

On 08/13/2020 Lauara filed Plaintiff's Trial Statement.

The divorce trial took place from 08/17/2020 to 08/20/2020 in Elko, Nevada. The Decree was entered on 09/11/2020.

On 11/21/2020, an Order to Show Cause Hearing was held in Elko, Nevada. Max was not allowed to attend. Mr. Meador had an order in hand which was signed by the judge without Max's review.

On 3/31/2021, a second Order to Show Cause hearing was held in Elko, Nevada. Mr. Meador prepared the order without Max's review. The order was signed by the judge. Max was not allowed to review any order prepared by Mr. Meador.

On 8/7/2021, the Supreme Court consolidated the Appellant's Appeals Nos. 81887, 82756, and 83029.

On November 11/16/2021, The Supreme Court transferred the appeals to the Nevada Court of Appeals.

Lauara filed her Respondent's Answering Brief on April 25, 2022. V-AP01249-01292. Lauara violated NRAP Rule 30(a) by not allowing Max to be included in a joint appendix.

Max filed his Appellant's Response to Respondent's Answering Brief on May 10, 2022. V-AP01292-01325.

The Court of Appeals disallowed Max's Appendix accompanying his Response to Lauara's Answering Brief under NRAP 30(i).

Max filed his Appellant's Motion to have his Answering Brief Appendix Allowed where Respondent had declined to allow him to participate in a joint appendix. VI-AP01236-01238. Without his appendix, Max's reply was discriminatorily incomplete.

On April 28, 2022, Max filed with the Nevada Supreme Court, an Appellant's Petition for Review and the $150.00 filing fee. VI AP01239-01252.

On May 6, 2020, the Court of Appeals stated in its Order "The petition, which was filed with this court, is treated as a motion for reconsideration and denied." VI-AP01253-1255.

On May 13, 2022, Max filed his Appellant's Second Petition for Review with the Nevada Supreme Court along with the $150.00 filing fee. The Court of Appeals disallowed the appeal and returned the check the same day.

On 10/20/2022 the Nevada Court of Appeals entered Order Affirming in Part, Reversing in part and Remanding… the Divorce Decree back to the District Court, allowing Max to challenge the Decree under NRCP Rule 60.

On 04/07/2023 Max filed in Case No DR-DM-17-757 Hearing Brief for the October 11, 2023 Hearing… outlining the fraud by Lauara, her attorney, Shawn Meador and the collusion by Judge Robert Estes.

On 05/30/2023 in Case No. DR-MD-17-757 Max filed Hearing Brief For The October 11, 2023 Hearing, And Supporting Argument For Rule 60(B)(1)

Through 60(B)(6), Rule 60(D)(3), NRS 199.210, NSCR 2.11, And The Due Process Clause Of The 14th Amendment..., For Vacating The Divorce Decree.

On 07/06/2023, in case No DR-MD-17-757 the district court entered Order Holding In Abeyance All Motions Filed Post-November 2, 2022, And Staying Applicability Of 4JDCR10(6) Until Further Notice, to prevent Max from arguing the fraud by Defendants. The district court should have disqualified Judge Estes and/or Judge Estes should have recused himself pursuant to NSCR 2.11.

On 11/16/2023, in Case No D-CV-23-151, Max filed Plaintiff's Complaint, Independent Action, Against Defendants Under Rule 60 to Set Aside Judgment in Case DR-MD-17-757 And To Award Plaintiff Treble Damages addressed in Previous Pleadings.

On 12/27/2023 Max filed a second and nearly identical Motion for Summary Judgment Pursuant to Nev. R. Civ. 56 in Case No. DC-CV-23-151. The district court declined to enter the exhibits in violation of NRCP Rule 11. See the docket and the documents provided the Nevada Supreme Court.

On 12/28/2023 in Case No DC-CV-23-151, Max filed Notice Of And Production Of Affidavit Of Casey M Snyder Inadvertently Not Included With Plaintiff's Motion For Summary Judgment Pursuant To Nev. R. Civ. 56. The district court declined to file the exhibits with the pleading in violation of Rule 11 and Rule 60. See pleadings provided the Nevada Supreme Court, Max's MOTION

FOR SUMMARY JUDGMENT FOR RESPONDENTS FAILURE TO RESPOND, and APPELLANT'S NRCP RULE 60, ON JUST TERMS, AMENDMENT TO HIS RULE 56 MOTION FOR SUMMARY JUDGMENT FOR RESPONDENTS' FAILURE TO RESPOND.

On 01/02/2024 Max filed Motion for Summary Judgment pursuant to Nev. R. Civ. 56. The district court declined to file the exhibits with the pleading in violation of Rule 11 and Rule 60. See the pleadings provided the Supreme Court, Max's MOTION FOR SUMMARY JUDGMENT FOR RESPONDENTS FAILURE TO RESPOND, and APPELLANT'S NRCP RULE 60, ON JUST TERMS, AMENDMENT TO HIS RULE 56 MOTION FOR SUMMARY JUDGMENT FOR RESPONDENTS' FAILURE TO RESPOND.

On 01/26/2024 The district court improperly declined to enter both of Max's Requests for Review and to set for Decision his Motions for Summary Judgment… and entered ORDER GRANTING DEFENSE MOTION TO DISMISS CASE WITH PREJUDICE. See the docket, the dates the pleadings were dated, and Max's MOTION FOR SUMMARY JUDGMENT FOR RESPONDENTS FAILURE TO RESPOND, and APPELLANT'S NRCP RULE 60, ON JUST TERMS, AMENDMENT TO HIS RULE 56 MOTION FOR SUMMARY JUDGMENT FOR RESPONDENTS' FAILURE TO RESPOND.

On February 6, 2024, Max Appealed the district court's dismissal.

On February 20, 2024, the Appeal was entered by the Nevada Supreme Court.

On 03/19/2024 Max's Brief was entered by the Supreme Court. Respondents declined to Respond.

On 04/24/2024 following the original improper filings of the record, the district court's incomplete Record on Appeal Documents was filed with the Supreme Court.

On 04/30/2024 Max filed Appellllants Rule 56 Motion For Summary Judgment for Respondents Failure to Respond.

On 05/01/2024 Max filed with the Nevada Supreme Court, and the Fourth Judicial District Court, Elko, Nevada, Complaint Against Judges, Attorneys, and Sherriff's… confirming the violations by Judge Robert Estes, Shawn Meador, the Fourth Judicial District Court, Elko, Nevada, Woodburn and Wedge… The Complaint included from Case No. DC-CV-23-151, Max's Response and Rule 56 Motion for Summary Judgment and from Case No. DR-MD-17-757, Max's NRCP Rule 60(B)(2) And NRCP And Rule 59 (B)(2) Motion For A New Trial For Newly Discovered Evidence And Motion For A New Trial Based Upon Judge Robert Estes' Violation Of The Nevada Code Of Judicial Conduct 2.11(A)(1) Through (A)(6).

On 05/03/2024 Max filed with the Supreme Court Appellant's NRCP Rule 60, on Just Terms, Amendment to His Rule 56 Motion for Summary Judgment for Respondents' Failure to Respond.

On 05/13/2023 Max sent the Fourth Judicial District Court, Elko, Nevada, Rule 11 Notice Case No. DR-DM-17-757 and Case No DC-CV-23-151.

On 05/16/2024 Max filed with the Nevada Supreme Court, Notice of Collusion Motion to Refile Motions as Notice of Collusion.

On 05/17/2024 the Nevada Supreme Court transferred the case to the Nevada Court of Appeals, Case No. 88129-COA.

## ARGUMENT

### Jurisdiction of the Trial Court; Fraud on the Court; and the Fourth Judicial District Court's Violations of Rule 11, Rule 60 and Appellant's Due Process.

Appellant, Raymond Max Snyder, (Max), is a pro se litigant. He respectfully requests this pleading "[H]owever inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers..." and not be dismissed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Max's appeal is not barred. A jurisdictional appeal can be taken at any time, even on appeal.

"Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." *Hill Top Developers v. Holiday Pines Service Coro.*, 478 So. 2d 368 (Fla 2nd 1985) On appeal --- even for the first time at the Supreme Court

--- a party may attack jurisdiction after the entry of judgment in the district court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Max's Response and Rule 56 Motion for Summary Judgment in Case No. DC_CV-23-151 and Max's Case No. DR-MD-17-757, NRCP Rule 60(B)(2) And NRCP And Rule 59 (B)(2) Motion For A New Trial For Newly Discovered Evidence And Motion For A New Trial Based Upon Judge Robert Estes' Violation Of The Nevada Code Of Judicial Conduct 2.11(A)(1) Through (A)(6) confirmed that Lauara poisoned Max numerous times, destroying Max's health, and that Lauara's attorney(s), their firm, Woodburn and Wedge and others covered up the attempted murder. Max confirmed this in his Case No. DC-CV-23-151, appealed to the Nevada Supreme Court in his Motion for Summary Judgment Pursuant to Nev. R. Civ. 56 filed on 01/02/2024, on page 12 and in No. 30. This same pleading confirm in No. 7 that the U.S. District Court of Nevada Case No. 3:23-cv-00048-ART-CSD confirmed that Judge Estes colluded with Defendant's in ruling against Max. Judge Estes violated NSCR 2.11 and should have been removed by the district court and/or recused himself.

Max's Motion for Summary Judgment… confirms that all orders signed by Judge Estes are void, that Max is entitled to a new trial and an award for damages as set fourth in his Motion for Summary Judgment Pursuant to Nev. R. Civ. 56 filed on 01/02/2024 in Case DC-CV-23-151.

Max's 05/30/2023 Case No. DR-MD-17-757, Hearing Brief For The October 11, 2023 Hearing, And Supporting Argument For Rule 60(B)(1) Through 60(B)(6), Rule 60(D)(3), NRS 199.210, NSCR 2.11, And The Due Process Clause Of The 14th Amendment..., For Vacating The Divorce Decree, was provided and argued in Max's Case No. DC-CV-23-151 Motion for Summary Judgment Pursuant to Nev. R. Civ. 56 filed on 01/02/2024 beginning on page 6. It confirms that the Divorce Decree signed by Judge Estes was drafted from Lauara's fraudulent pre-Trial Statement drafted by Lauara's attorney Mr. Meador in Case No. DR-DM-17-757, titled, "Plaintiff's Trial Statement," and filed with the trial court 08/13/2020, seven days prior to trial. The Decree signed by Judge Estes was not drafted from the proceedings, but from the fraudulent pre-Trial Statement. The Motion for Summary Judgment continues… citing Judge Estes's ORDER HOLDING IN ABEYANCE ALL MOTIONS POST-NOVEMBER 2, 2022, AND STAYING APPLICABILITY OF 4JDCR 19(6) UNTIL FURTHER NOTICE, effectively disallowing Max's HEARING BRIEF FOR OCTOBER 11…, to cover up the unlawful actions of Lauara and her attorneys and the on-going violations by Defendants and Judge Estes. Max is entitled to judgment as set fourth in his Motion for Summary Judgment Pursuant to Nev. R. Civ. 56 filed on 01/02/2024 in Case DC-CV-23-151.

In this Writ, Max responds to the district court's refusal to review his pleadings including Max's Motion for Summary Judgment Pursuant to Nev. R. Civ. 56 filed on 01/02/2024. Max's Motion for Summary Judgment… was filed by the district court without entering the exhibits and without furnishing the exhibits to the Nevada Supreme Court. This violated Rule 11, Rule 60 and Max's due process guaranteed by the 5th and 14th Amendments.

Max's Motion for Summary Judgment… beginning on page 11, where it starts with, **Fraud upon the Court by Ms. Snyder and Mr. Meador**, through page 17, confirms that Defendant Lauara Ann Snyder (Lauara) and her attorney, Shawn B. Meador (Mr. Meador) drafted the false affidavits of Lauara's son, Adam Lisk (Adam), and Lauara's Resident Witness, Glenda Lacy (Lacy). This section and other sections of the Motion also confirm the violations by Judge Estes which preclude him from hearing the case and void all his orders to date.

Max confirmed with documentation that the Resident Witness Affidavit drafted for Lacy by Mr. Meador was done so knowing it was fraudulent, violated Rules 11 and 60 and that Lacy had not witnessed Lauara present in Nevada for the six weeks immediately prior to her signing her answer and counter claim. The Motion also confirms, with exhibits, that Lacy falsely testified at a TRO hearing in Wendover, Nevada about how violent Max was and how she had to help Lauara escape Wendover to avoid Max. Any document witnessed by Lacy cannot be

considered.

In his Motion for Summary Judgment Pursuant to Nev. R. Civ. 56 filed on 01/02/2024 in Case DC-CV-23-151, Max cited *Vaile v. Dist. Ct*, 44 P.3d 506 (2002), No 36969 April 11, 2002, the Nevada Supreme Court, confirming the Divorce Decree was void.

This section also confirms that Mr. Meador drafted a false affidavit for Lauara's son, Adam in violation of Rules 11 and 60.

Max's 05/16/2024 Notice of Collusion Motion to Refile Motions as Notice of Collusion, to the Nevada Supreme Court that incorporated his MOTION FOR SUMMARY JUDGMENT FOR RESPONDENTS FAILURE TO RESPOND, and APPELLANT'S NRCP RULE 60, ON JUST TERMS, AMENDMENT TO HIS RULE 56 MOTION FOR SUMMARY JUDGMENT FOR RESPONDENTS' FAILURE TO RESPOND, provided the Supreme Court, confirmed that the district court intentionally violated Rules 11, 60 and Max constitutional rights to rule against him.

A review of Max's complete, Motion(s) for Summary Judgment Pursuant to Nev. R. Civ. 56 filed on 01/02/2024 in Case DC-CV-23-151 confirms that Max is entitled to the damages he outlines in his Motion for Summary Judgment..., against Respondents. All of Max's pleadings and supporting case law references and statutes are included in Max's pleadings referenced above.

If it becomes necessary for Max to bring a complaint against these individuals and the Fourth Judicial District Court, Elko, Nevada and its associates in a Federal Court outside Nevada, Max will receive damages against the district court and its associates as well as the Respondents.

## **CONCLUSION**

Lauara was not a resident of Nevada at the "commencement" of the divorce nor at the date she signed her response and counterclaim.

Max's due process was violated by the district court. Lauara and her attorneys fabricated evidence, Orders and affidavits. They violated Rule 11 and Rule 60 which resulted in Max being significantly damaged.

Max respectively requests an order, in accordance with NRS 11.500(1) dismissing with prejudice the divorce decree and entering a default judgment against the Respondents who engaged in dishonest conduct, obstructed the discovery process, abused the judicial process, or otherwise sought to perpetrate a fraud on the court. *See, e.g., Link v. Wabash Railroad Co*. 370 U.S. 626, 630–632 (1962). Appellant requests the Court deny Lauara's right to bring a new action in Nevada, order Lauara to return all items and monies and properties received from Max resulting from divorce, including but not limited to reimbursing Max his attorney fees, half of Lauara's attorney fees paid by Max, to return all funds and

property acquired from her entries of foreign judgments and to pay all of Max's costs, in all courts, pursuing the loans to Lauara's son for both her and Max.

Based upon the foregoing reasons, Max is entitled to a Writ Of Mandamus finding that Judge Estes was prejudicial and thus lacked jurisdiction, the court lacked jurisdiction, that the orders were fabricated and that Max is entitled to an Order of Prohibition pursuant to NARP 21 and 27(e), and that Max is entitled to the awards outlined in his Motion for Summary Judgment... including treble punitive damages as provided by NRS 42.0005.

DATED this 20th day of May 2024.

*/s/ Raymond Max Snyder*
Raymond Max Snyder

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I served the foregoing document(s) described as follows: **EMERGENCY PETITION for WRIT OF MANDAMUS FOR THE FOURTH JUDICIAL DISTRICT COURT'S VIOLATIONS OF NRCP RULE 11, RULE 60, NSCR RULE 2.11 AND FOR VIOLATING APPELLANT'S DUE PROCESS, AND/OR IN THE ALTERNATIVE PROHIBITION PURSUNT TO NRAP 21 and 27(E),** by placing an Original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, postage prepaid, following ordinary business practices.

Addressed as follows:

Nevada Court of Appeals – Clerks Office
201 S Carson St Ste 250,
Carson City, NV 89701

Shawn B. Meador, Esq.
Woodburn and Wedge
6100 Neil Road, Suite 500
PO Box 2311
Reno Nevada 89505

Fourth Judicial District Court, Elko Nevada
Court Clerk,
571 Idaho Street
Elko, NV 89801

Judge Robert Estes
c/o Fourth Judicial District Court
Court Clerk
571 Idaho Street
Elko, NV 89801

The undersigned affirms that this document contains no social security numbers.

Dated this 20th day of May 2024.

*/s/ Raymond Max Snyder*
Raymond Max Snyder