# EXHIBIT 24
# Second Judicial District Court
# Order Granting Motion to Place Plaintiff on Vexatious Litigant List Filed May 29, 2025

F I L E D
Electronically
CV22-01929
2025-05-29 08:08:52 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 11034432

**IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

**IN AND FOR THE COUNTY OF WASHOE**

| | |
|---|---|
| RAYMOND MAX SNYDER,<br><br>Plaintiff,<br><br>vs.<br><br>SHAWN B. MEADOR, ESQUIRE, ATTORNEY FOR LAUARA ANN SNYDER; BRONAGH M., ESQUIRE, ATTORNEY FOR LAUARA ANN SNYDER; SHAY WELLS, ESQUIRE, ATTORNEY FOR LAUARA ANN SNYDER; WOODBURN & WEDGE, RENO, A NEVADA LAW FIRM; MATTHEW HOWELL, ESQUIRE AND FILLMORE SPENCER, ATTORNEYS FOR WOODBURN & WEDGE IN THIS MATTER; and ROE BUSINESS ENTITIES A THROUGH X, inclusive,<br><br>Defendants. | CASE NO.: CV22-01929<br><br>DEPT NO.: 3<br><br>**ORDER GRANTING MOTION TO PLACE PLAINTIFF ON VEXATIOUS LITIGANT LIST** |

On December 6, 2024, Defendants Matthew Howell and Fillmore Spencer, LLC ("Defendants"), by and through their attorneys Wilson Elser Moskowitz Edelman & Dicker, LLC, filed their Motion to Place Plaintiff Raymond Max Snyder on Nevada's Vexatious Litigant List and for Attorney's Fees Pursuant to NRS 18.010(2)(b) ("Motion"). On December 11, 2024, Snyder filed an opposition. On December 17, 2024, Defendants filed their reply. On December 20, 2024, Defendants Woodburn and Wedge, Shawn B. Meador, Esq., Shay L. Wells, Esq., and Bronagh M. Kelly, Esq., (the "WW Defendants") joined in and adopted the Motion to place Snyder on the vexatious litigant list but not the motion for attorney's fees. On May 13, 2025, the Court held a

hearing on the Motion. For the reasons stated below, Defendants' Motion is GRANTED.

**I. Jurisdiction**

The Nevada Supreme Court has recognized that district courts retain jurisdiction to address collateral matters even after a case has been voluntarily dismissed under NRCP 41(a)(1). A vexatious litigant determination is a collateral issue that relates to future court access rather than the merits of the underlying case. *See Emerson v. Eighth Judicial Dist. Court,* 127 Nev. 672, 674, 263 P.3d 224, 226 (2011) (district court retains jurisdiction to consider collateral matters, including sanctions for misconduct, after parties stipulated to dismiss a case with prejudice).

Numerous federal courts have reached the same conclusion, holding that courts maintain jurisdiction to impose vexatious litigant restrictions and other sanctions post-dismissal. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (court retains jurisdiction to impose sanctions after voluntary dismissal); *Berberich v. S. Highland Cmty. Ass'n*, 2019 Nev. Dist. LEXIS 130, *16-17 ("there is no question a district court may impose such sanctions ['sanctions for attorney and party misconduct'] after a plaintiff has filed a voluntary notice of dismissal.") (citing *Emerson v. Eighth Judicial Dist. Court*, 127 Nev. 672, 674, 263 P.3d 224, 226 (2011) which was quoting *Hartmarx Corp.*, 496 U.S. 384, 395 110 S.Ct. 2447, 110 L.Ed.2d 359); *see also Kantor v. Kantor,* 116 Nev. 886, 894-95, 8 P.3d 825, 830 (2000) (holding that, although a timely notice of appeal divests the district court of jurisdiction and vests jurisdiction in Supreme Court, the district court had jurisdiction to award attorney fees while an appeal of the underlying divorce decree was pending because the "collateral matter did not affect the merits of [the appellant's] appeal"); *Toumajian v. Frailey*, 135 F.3d 648, 657 (9th Cir. 1998) (holding that "despite a lack of subject matter jurisdiction, a district court may properly award sanctions because "an award of sanctions involves the determination of a collateral issue and not an adjudication of the merits of a 'case or controversy'"); *Schering Corp. v. Vitarine Pharmaceuticals, Inc.*, 889 F.2d 490, 496 (3d

Cir. 1989) (holding that "the district court had jurisdiction to entertain and decide the Rule 11 motion after defendants suffered a voluntary dismissal under Rule 41(a)(1)(i)"); *Thomas v. Capital Sec. Services, Inc.*, 812 F.2d 984, 987 (5th Cir. 1987) (holding that even though an appeal is pending, "the district court retains jurisdiction to entertain and resolve a motion requesting attorney's fees or sanctions").

The question of whether Snyder is a vexatious litigant is a collateral matter unrelated to the merits of his case. This Court, therefore, retains jurisdiction to address this issue.

**II. Vexatious Litigant Analysis**

Nevada law authorizes a district court to impose sanctions "sufficient to deter repetition" of a party's conduct in frivolously or vexatiously pursuing an action or defense, even when that party is proceeding in proper person. NRCP 11(c); *see also Jordan v. State Dep't of Motor Vehicles*, 121 Nev. 44, 56 (2005) (citing authorities that "bestow upon Nevada courts the power to permanently restrict a litigant's right to access the courts"), abrogated on other grounds by *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6 (2008).

When determining whether a party should be restricted from filing as a vexatious litigant, the

Court must follow a four factor analysis. The Nevada supreme court adopted the Ninth Circuit's four-factor test for determining whether to declare a litigant vexatious. *Jordan*, 121 Nev. at 50 (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)).

First, the litigant must be given reasonable notice and an opportunity to oppose any restrictive order. *Id.* at 60. Second, the court must create an adequate record for appellate review, including a list of all the cases and documents, or an explanation of the reasons, leading it to conclude that a restrictive order is appropriate. *Id.* at 60-61. Third, the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions, showing the litigant's filings are repetitive, abusive,

and without an arguable factual or legal basis, or filed with the intent to harass. *Id.* at 61. Finally, the order must be narrowly drawn to address the specific problem encountered. *Id.* at 61-62.

The court finds that the *Jordan* factors all support a determination that Snyder is vexatious. The Court addresses each factor in turn.

First, Plaintiff was served a copy of the Motion and responded to the same via his Objections. He also attended the hearing on the Motion and was given ample opportunity to argue his position. His substantive due process rights have therefore been satisfied.

Second, the Court has created an adequate record for appellate review. The Court has reviewed the record before it. The Court hereby adopts the procedural history of Sections I and II of the Motion, which history supports the conclusion that a restrictive order is appropriate. In addition, below is list of all the cases demonstrating a restrictive order is appropriate:

| **Case Numbers** | **Court/Venue** |
|---|---|
| 3:17-cv-00537-MMD-CBC<br>2:23-cv-00139-GMN-VCF<br>3:23-cv-00048-ART-CSD | United States District Court for the District of Nevada |
| 83620<br>83651<br>87292<br>87465<br>87568<br>87692<br>88129<br>88729 | Nevada Supreme Court |
| 81887-COA | Nevada Court of Appeals[1] |

[1] On October 10, 2022, the Nevada Court of Appeals entered its Order Affirming in Part, Reversing in Part and Remanding (Docket No. 81887-COA) and Dismissing Appeals (Docket No. 82756-COA and Docket No. 83029-COA) ("Order"). The Nevada Court of Appeals reversed the divorce decree insofar as it failed to (1) allocate the outstanding portion of the loans, which the parties made to businesses from their community funds, between the parties; (2) evaluate whether the community was entitled to reimbursement for any community funds expended on one of the business's legal expenses; and (3) determine whether the transfers of funds from the businesses to the parties' joint accounts were loans, and if so, how those debts should be allocated between the parties. The Nevada Court of Appeals also reversed the portions of the divorce decree addressing (1) the purported improvements to Max's home, (2) characterizing the funds in Max's bank account that he received through workers' compensation as community property, (3) directing the parties' to equally split their 401K and IRA accounts, and (4) awarding attorney fees to Lauara.[1] The Appeals Court then directed

| | |
|---|---|
| 82756-COA<br>83029-COA<br>84730-COA<br>88129-COA | |
| CV-22-01929 | Second Judicial District Court, Washoe County, Nevada |
| DR-MD-17-757<br>DC-CV-23-151 | Fourth Judicial District Court, Elko County, Nevada |
| 18-CVS-3306 | State of North Carolina, County of New Hanover |
| 4:23-cv-00002-DN-PK<br>4:23-cv-00007-DN-PK<br>4:23-cv-00008-DN-PK<br>4:23-cv-00056-DN-PK | United States District Court for the District of Utah |
| 22-23443 | United States Bankruptcy Court for the District of Utah |
| 220300136 | Fourth Judicial District Court, Utah County, Utah |
| 2006000078<br>206600609 | Sixth Judicial District Court, Sevier County, Utah |

Snyder has previously been found to be a vexatious litigant by the Fourth Judicial District Court for the State of Nevada and has thus been previously added to Nevada's Vexatious Litigant List maintained by the Administrative Office of the Courts. Snyder has also been found to be a vexatious litigant in two Utah state court cases relating to his Nevada divorce from Lauara Lisk (Fourth Judicial District Court Docket No. 220300136 and Sixth Judicial District Court Docket No. 206600609) and three federal court cases for the District of Utah also stemming from that same divorce (Docket Nos. 4:23-cv-00007-DN-PK, 4:23-cv-00008-DN-PK, 4:23-cv-00056-DN-PK). The three federal cases in Utah are against two judges in their judicial, not personal, capacities and the district court which presided over the Utah state-level cases related to Plaintiff's Nevada divorce. The Utah Sixth Judicial District Court and the Nevada Fourth Judicial District Court found that Snyder had been trying to use the Utah and Nevada courts to entirely re-litigate the rulings in his Nevada divorce, specifically the

---

the district court to address these issues in a manner consistent with the Order. The NV Appeals Court affirmed all other aspects of the divorce decree. This Court excludes these matters upon which Snyder prevailed before the Nevada Court of Appeals in its analysis in concluding that Snyder is vexatious.

same issues of fraud and jurisdiction that he raised yet again in the current case, and that his filings in Utah and Nevada had been "redundant and unnecessary, to the point that the Court has previously admonished [Raymond Max Snyder] that his filings were frivolous and could result in [a finding that he is vexatious.]" Docket Nos. 206600609 and DC-CV-23-151.

Here, Snyder has filed the current case, attempting, yet again, to re-litigate his 2017 divorce. Snyder's filings in this action have been voluminous, and frivolously aimed at challenging aspects of his divorce action which are not proper before this court and which have already been resolved in his various prior lawsuits and appeals. Snyder's filings have forced defendants to waste significant resources in addressing them. Snyder still has the 2017 divorce case, which he appealed, and which has now been remanded to the Fourth Judicial District Court to make additional findings. In addition to this appeal, Snyder also filed one Petition for Writ of Mandamus (Docket No. 83620), which was dismissed by the Nevada Supreme Court as Petitioner already had an adequate and speedy remedy at law, specifically, the right to an appeal, which he had already initiated via filing three separate cases before the Nevada Court of Appeals (Docket Nos. 81887-COA. 82756-COA, and 83029-COA). In Nevada Court of Appeals Docket No. 84730-COA, Snyder filed a Petition for Writ of Mandamus or Prohibition again trying to re-litigate issues being addressed in the tri-partite appeal from the divorce decree; this case was dismissed. Petitioner then attempted to appeal non-appealable orders from the divorce case in Nevada Supreme Court Docket Nos. 87292, 87465, 87568, 87692. All in all, Snyder has filed eight improper cases in the Nevada Supreme Court, two in front of the Fourth Judicial District Court, three in front of state-level district courts in Utah, and four in front of the federal court in Utah. These repetitive cases, crossing between states and between the state and federal court systems, are all clearly repetitive, abusive, frivolous, retaliatory, lack legal support and designed to harass their respective defendants.

All of these cases, including the instant case, stem from Petitioner's unhappiness with his 2017 divorce decree. Petitioner himself states throughout his opposition how he is trying to relitigate the issues related to his divorce decree in this matter. Petitioner therefore clearly understands that he is re-litigating not merely related matters across state and federal courts, but the exact same issues from the exact same divorce case, making the exact same arguments each time.

The Court therefore finds it appropriate to designate Plaintiff a vexatious litigant in Nevada and restrict his ability to file new civil cases as follows:

THIS COURT FINDS Plaintiff Raymond Max Snyder is a **vexatious litigant**.

THIS COURT **ORDERS** that Plaintiff Raymond Max Snyder is not permitted to file any document in the Second Judicial District Court without first requesting the Chief Judge of the Second Judicial District Court find that the proposed filing is not frivolous and is not being filed for an improper purpose.

FURTHER, THIS COURT **ORDERS** that Plaintiff Raymond Max Snyder's pending motions are denied as they are unsupported and are examples of his vexatiousness.

A copy of this Order shall be provided to the Nevada Administrative Office of the Courts, pursuant to Nevada Supreme Court Rule 9.5.

IT IS SO **ORDERED**.

DATED this 29th day of May, 2025.

HONORABLE TAMMY RIGGS
DISTRICT JUDGE



304430505v.1