UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RAYMOND MAX SNYDER, | Case No.: 3:25-cv-00751-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| THE STATE OF NEVADA, *et al.*, | |
| Defendants. | |

## I.   SUMMARY

*Pro se* Plaintiff Raymond Max Snyder brings this action under 42 U.S.C. § 1983 against the State of Nevada and numerous Defendants[1], asserting constitutional claims arising from judicial orders issued in prior cases and from the representation of Snyder's ex-wife in underlying divorce proceedings. (ECF No. 22 ("Amended Complaint").) Plaintiff has filed an unprecedented number of motions, prompting the Court to *sua sponte* stay the case pending the Court's rulings on pending dispositive motions. (*See* ECF No. 178 (noting that Plaintiff had filed 35 motions as of February 2026, including duplicative motions).) Before the Court are Defendants' four respective motions to dismiss the Amended Complaint (ECF Nos. 30, 41, 45, 48 (the "Motions"))[2] and two motions to

---

[1]Named Defendants include (1) judges, staff attorneys, and the state court where the relevant state cases were filed: Judge Kriston N. Hill, Judge Tammy M. Riggs, Staff Attorney Megan Smith, the Nevada Supreme Court, and the Fourth Judicial District Court; (2) the law firm and attorneys who represented Plaintiff's ex-spouse: Woodburn & Wedge, Shawn B. Meador, Jose Tafoya, and Seth Adams (collectively, "WW Defendants"); and Matthew R. Howell and Fillmore Spencer LLC (collectively, "Howell Defendants"); (3) the Nevada and Utah State Bars; (4) Sheriff Nathan Curtis from Utah's Sevier County Sheriff's Office; (5) the Nevada Judicial Commission; and (6) several other individuals and law firms: Lauara Ann Lisk, Debra M. Amens, and Amens Law, Ltd. (ECF No. 22 at 3-7.)

[2]Plaintiff responded (ECF Nos. 35, 51, 55, 58), and Defendants replied (ECF No. 44, 66, 77, 82). A pro se defendant, Lauara Ann Lisk, also filed a joinder to motions to dismiss. (ECF No. 180.)

"declare Plaintiff a vexatious litigant and restricted filer" (ECF Nos. 83, 119). As further explained below, because the Court dismisses this case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, all remaining pending motions are denied as moot.[3]

## II.    DISCUSSION

Defendants seek dismissal on multiple grounds. However, all Defendants raise jurisdictional concerns under the *Rooker-Feldman* doctrine as a common ground for dismissal. Because the Court agrees with Defendants that the Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine (ECF No. 30 at 4-7, ECF No. 41 at 4-5, ECF No. 45 at 17-18, ECF No. 48 at 5), the Court will dismiss this case.

The *Rooker-Feldman* doctrine directs that federal district courts may not exercise subject matter jurisdiction over a de facto appeal from a state court judgment.[4] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414-17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). The doctrine applies when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from the state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). As part of a refusal to hear a forbidden de facto appeal, a federal district court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (quoting *Noel*, 341 F.3d at 1158). To determine if an action operates as a de facto appeal, the court "pay[s] close attention to the relief sought by the federal-court

---

[3]Because the Court grants the Motions based on a lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, it does not reach or address the Defendants' remaining arguments as to other grounds for dismissal. The Court further declines to address the motions to declare Plaintiff a vexatious litigant on the merits.

[4]State court litigants may only achieve federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983).

plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 990 (9th Cir. 2003)).

This Court previously dismissed a similar action filed by Plaintiff in *Snyder v. Hill, et al.*, Case No. 3:24-cv-00267-MMD-CSD, on *Rooker-Feldman* grounds, finding that the "specific relief" requested demonstrated that Plaintiff was "appealing state court rulings." (*See* ECF No. 124 at 3.) Although the present Complaint adds several new parties, including the Nevada and Utah State Bars, the Court finds that it is otherwise based on the same premise—i.e., challenges appealing orders and rulings issued in state court proceedings. The relief sought confirms this. In the Amended Complaint, Plaintiff requests "[t]hat all orders against [Plaintiff], including in North Carolina, be dismissed with prejudice." (ECF No. 22 at 168.) Consistent with that request, Plaintiff has also filed separate motions asking this Court to set aside state court rulings related to his underlying divorce dispute and alleging that Nevada state court judges made erroneous decisions. But, where the form of relief would constitute a reversal or "undoing of the prior state-court judgment," *Rooker-Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi*, 334 F.3d at 900 (internal quotations and citations omitted). Thus, to provide Plaintiff with the relief he seeks would require this Court to analyze the state courts' alleged legal errors and void the orders entered in those cases, which is squarely barred by *Rooker-Feldman*. Moreover, to the extent Plaintiff seeks other related relief, the Court may not review any issues "inextricably intertwined" with issues addressed by the state court. *See Doe*, 415 F.3d at 1042-43.

Accordingly, the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over Plaintiff's claims, and the Court will grant Defendants' Motions. Because the Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine, the Court also *sua sponte* dismisses claims against the remaining Defendants. *See Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (finding a court may dismiss claims *sua sponte* for lack of subject matter jurisdiction without violating due process).

**III.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendants' Motions before the Court.

It is therefore ordered that Defendants' motions to dismiss (ECF Nos. 30, 41, 45, 48) and joinder to these motions (ECF No. 180) are granted.

It is further ordered that Defendants' motions to declare Plaintiff a vexatious litigant (ECF Nos. 83, 119) are denied.

It is further ordered that all remaining pending motions are denied as moot.

In light of Plaintiff's pattern of filings in this case, the Court will not permit further filings in this case. The Clerk of Court is directed to automatically strike all further filings to avoid the need for the Court to monitor the docket or for Defendants to have to respond.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 20th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4